# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| SAMI ALMAKHADHI, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 07-78 (JJF) |
| | ) | |
| DELAWARE PARK LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## DELAWARE PARK, L.L.C.'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS

Wendy K. Voss (#3142)
Kenneth L. Dorsney (#3726)
Jennifer C. Wasson (#4933)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000
wvoss@potteranderson.com
kdorsney@potteranderson.com
jwasson@potteranderson.com

*Attorneys for Defendant*

Dated:  March 21, 2007
782000 / 14672-132

# **TABLE OF CONTENTS**

NATURE AND STAGE OF PROCEEDING ..................................................................1

SUMMARY OF ARGUMENT ............................................................................................1

STATEMENT OF FACTS ..................................................................................................1

ARGUMENT ......................................................................................................................2

I.      THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF
        PERSONAL JURISDICTION......................................................................................2

        A.      Process Must Be Served Or Waived Before Personal Jurisdiction
                Attaches...................................................................................................................2

        B.      Mr. Almakhadhi's *Pro Se* Status Does Not Suspend The Federal
                Rules  ....................................................................................................................3

II.     THE COMPLAINT SHOULD BE DISMISSED FOR INSUFFIENCY OF
        OF SERVICE OF PROCESS ..................................................................................4

        A.      Mr. Almakhadhi Cannot Serve Delaware Park With Process By
                Certified Mail And, Even If He Could, Mr. Almakhadhi Did Not
                Include The Complaint ...............................................................................................4

CONCLUSION....................................................................................................................5

# TABLE OF AUTHORITIES

CASES

*Ayers v. Jacobs & Crumplar, P.A.*,
   C.A. No. 94-658-SLR, 1995 WL 704781 (D. Del. Nov. 20, 1995)..........................................3

*Ayres v. Jacobs & Crumplar, P.A.*,
   99 F.3d 565 (3d Cir. 1996).....................................................................................................3

*Faretta v. California*,
   422 U.S. 806 (1975).................................................................................................................3

*McNeil v. United States*,
   508 U.S. 106 (1993).................................................................................................................3

*Sene v. MBNA Am., Inc.*,
   C.A. No. 04-1331-JJF, 2005 U.S. Dist. LEXIS 20786 (D. Del. Sept. 20, 2005)......................3

*Sentry Ins. v. Apolinario*,
   C.A. No. 94-6328, 1995 U.S. Dist. LEXIS 2325 (E.D. Pa. Feb. 24, 1995)..............................4

*Shomide v. ILC Dover LP*,
   C.A. No. 03-1019-SLR, 2006 WL 2042969 (D. Del. Jul. 20, 2006)....................................3-4

*Shurr v. Municipal City of Newark, Delaware*,
   C.A. No. 03-523-SLR, 2004 WL 332508 (D. Del. Jan. 28, 2004) ..........................................2

OTHER AUTHORITIES

Fed. R. Civ. P. 4.............................................................................................................................1-4

Fed. R. Civ. P. 4(c)(1).......................................................................................................................4

Fed. R. Civ. P. 12(b)(5)......................................................................................................................4

## NATURE AND STAGE OF PROCEEDING

On February 12, 2007, Plaintiff Sami Almakhadhi filed a complaint (the "Complaint") against Defendant Delaware Park, L.L.C. ("Delaware Park"). (D.I. 1.) On February 26, 2007, a summons was issued for Delaware Park and Mr. Almakhadhi acknowledged receipt of Fed. R. Civ. P. 4. (D.I. entry dated Feb. 26, 2007; D.I. 4.) On March 2, 2007, Mr. Almakhadhi filed a return of service dated February 26, 2007. (D.I. 5.) The return of service states that Mr. Almakhadhi served process by mail and attaches a certified mail receipt. (*Id.*)

This is Delaware Park's Memorandum of Law in Support of Its Motion to Dismiss the Complaint.

## SUMMARY OF ARGUMENT

1.      The Complaint should be dismissed for lack of personal jurisdiction because Mr. Almakhadhi did not serve Delaware Park with process. Rule 4 of the Federal Rules of Civil Procedure and the constitutional limits of due process must be satisfied for this Court's exercise of personal jurisdiction over Delaware Park.

2.      The Complaint also should be dismissed for insufficiency of service of process because Mr. Almakhadhi cannot serve process on Delaware Park by certified mail and, even if he could, Mr. Almakhadhi did not include a copy of the complaint in his mailing.

## STATEMENT OF FACTS

The facts relevant to this motion relate only to the filing of the action and Mr. Almakhadhi's attempt to serve Delaware Park with process.

On February 26, 2007, Mr. Almakhadhi acknowledged receipt of Fed. R. Civ. P. 4. (D.I. 4.) On that same day, instead of following that Rule, Mr. Almakhadhi simply mailed a copy of the summons to Delaware Park by certified mail at the following address:

> Delaware Park
> 777 Delaware Park Blvd
> Wilmington, DE 19804

Mr. Almakhadhi then filed a return of service attaching a certified mail receipt and stating that he served process by mail. (D.I. 5.) Mr. Almakhadhi's February 26 mailing was not directed to a person and did not include a copy of the Complaint. Ex. A, Carlson Dec. at 1.

## ARGUMENT

### I.    THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

#### A.    Process Must Be Served Or Waived Before Personal Jurisdiction Attaches

Unless Delaware Park waives service of process, this Court has no personal jurisdiction over Delaware Park absent service of process pursuant to Rule 4. *See, e.g., Shurr v. Municipal City of Newark, Delaware*, C.A. No. 03-523-SLR, 2004 WL 332508, at *2 (D. Del. Jan. 28, 2004) ("Notwithstanding plaintiff's good motives, due process demands that where a plaintiff has failed to obtain personal jurisdiction over each of the defendants through proper service of process the case must be dismissed.") (attached hereto as Ex. B).

As Mr. Almakhadhi did not request waiver and has yet to serve process under Rule 4, as discussed below, this Court has no personal jurisdiction over Delaware Park.

Thus, this Court should dismiss the Complaint under Rule 12(b)(2) for lack of personal jurisdiction.

**B.      Mr. Almakhadhi's *Pro Se* Status Does Not Suspend The Federal Rules**

Mr. Almakhadhi's *pro se* status is not a license for him to disregard procedural rules or substantive law. *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Courts in the Third Circuit sanction the dismissal of *pro se* complaints where the *pro se* litigant does not follow federal and local rules of civil procedure. *See, e.g., Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565 (3d Cir. 1996) (affirming dismissal of *pro se* complaint on procedural grounds); *Sene v. MBNA Am., Inc.*, C.A. No. 04-1331-JJF, 2005 U.S. Dist. LEXIS 20786 (D. Del. Sept. 20, 2005) (same) (attached hereto as Ex. C).

Mr. Almakhadhi acknowledged receipt of Rule 4 (D.I. 4) and "is directly responsible for any mistakes in service of process." *Shomide v. ILC Dover LP*, C.A. No. 03-1019-SLR, 2006 WL 2042969, at *4 (D. Del. Jul. 20, 2006) (slip copy) (attached hereto as Ex. D). Even a *pro se* litigant's complete lack of knowledge of the rules, "does not constitute good cause" for a failure to follow Rule 4. *Ayers v. Jacobs & Crumplar, P.A.*, C.A. No. 94-658-SLR, 1995 WL 704781, at *4 (D. Del. Nov. 20, 1995) (citation omitted) (attached hereto as Ex. E).

Accordingly, dismissal is warranted despite Mr. Almakhadhi's *pro se* status.

## II.     THE COMPLAINT SHOULD BE DISMISSED FOR INSUFFICIENCY OF SERVICE OF PROCESS

### A.     Mr. Almakhadhi Cannot Serve Delaware Park With Process By Certified Mail And, Even If He Could, Mr. Almakhadhi Did Not Include The Complaint

Mr. Almakhadhi cannot serve Delaware Park with process under Rule 4 by simply mailing a copy of the summons by certified mail to Delaware Park. *See Shomide*, 2006 WL 2042969 at *3-*4 (cannot serve limited partnership by certified mail under Delaware law, mail is insufficient under Rule 4(h)) (slip copy). Mr. Almakhadhi must, *inter alia*, provide Delaware Park with a copy of the Complaint. Fed. R. Civ. P. 4(c)(1). Further, Mr. Almakhadhi's filing of a return of service attaching a copy of the certified mail receipt and stating that he served Delaware Park with process by mail (D.I. 5), does not constitute Delaware Park's waiver of Rule 4. *See Sentry Ins. v. Apolinario*, C.A. No. 94-6328, 1995 U.S. Dist. LEXIS 2325, at *2 (E.D. Pa. Feb. 24, 1995) (certified mail receipt insufficient proof of service despite notice of suit) (attached hereto as Ex. F).

Consequently, this Court should dismiss the Complaint under Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.

## CONCLUSION

For the reasons set forth above, Delaware Park respectfully requests that the Court

dismiss the Complaint for lack of personal jurisdiction and insufficiency of service of

process. Delaware Park further requests that the Court enter the attached Order

dismissing the Complaint.

POTTER ANDERSON & CORROON LLP

By: _____

Wendy K. Voss (#3142)
Kenneth L. Dorsney (#3726)
Jennifer C. Wasson (#4933)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
wvoss@potteranderson.com
kdorsney@potteranderson.com
jwasson@potteranderson.com

Dated: March 21, 2007                    *Attorneys for Defendant*
781996 / 14672-132

5

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAMI ALMAKHADHI,                    )
                                    )
        Plaintiff                   )
                                    )
        v.                          )        C.A. No. 07-78 (JJF)
                                    )
DELAWARE PARK LLC,                  )
                                    )
        Defendant.                  )

### DECLARATION OF WILLIAM I. FASY IN SUPPORT OF
### DELAWARE PARK LLCS MOTION TO DISMISS THE COMPLAINT

I, William I. Fasy, declare under penalty of perjury as follows:

1.      I am the Chief Operating Officer of Delaware Park LLC ("Delaware Park"). I am a
resident of the state of Pennsylvania and am over the age of 21 years. The matters set forth herein are
within my personal knowledge and if called and sworn as a witness I could competently testify regarding
them.

2.      My executive assistant, Linda Carlson, opens and distributes mail addressed to Delaware Park. If
mail addressed to Delaware Park appears to relate to a legal matter, Mrs. Carlson forwards that mail
directly to me.

3.      On or about February 28, 2007, Mrs. Calrson forwarded to me a certified mailing addressed from
Sami Almakhadhi, P.O. Box 7392, Newark, DE 19714. The mailing was addressed to Delaware Park,
777 Delaware Park Blvd, Wilmington, DE 19804. This mailing contained the document attached
hereto as Exhibit 1, which is a summons in the above referenced action. No other documents were
included in the mailing.

I declare that the foregoing is true and correct to the best of my knowledge.

Executed this 21st day of March, 2007 in Wilmington, DE.

William I. Fasy

1

# EXHIBIT B



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 332508 (D.Del.)
**(Cite as: 2004 WL 332508 (D.Del.))**

Page 1

**c**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Peter E. SHURR, III, Plaintiff,
v.
MUNICIPAL CITY OF NEWARK, DELAWARE,
Acting City Manager Carl Luft, Police
Officers Employed by the City of Newark, Including
Chief of Police, Gerald
Conway, Captain William Nefoski, Detective Mike
Zsep, Officers Jerry Dawson,
Truman Bolden, Joseph Kendrick, Frank Gillespie,
Terry Simpson, the City of
Newark Clerk of the Court Edna Conner, Elected
Councilperson Jerry Clifton,
Defendants.
**No. Civ. 03-523-SLR.**

Jan. 28, 2004.
Peter E. Shurr, III, pro se, Newark, DE, for plaintiff.

Kevin J. Connors, Marshall, Dennehey, Warner,
Coleman & Goggin, Wilmington, DE, for defendants.

MEMORANDUM ORDER

ROBINSON, J.

*1 At Wilmington, this 28th day of January, 2004,
upon review of defendants' motions to dismiss and
plaintiff's response thereto;

IT IS ORDERED that defendants' motions to dismiss
(D.I.4, 6) will be granted for the reasons that follow:

1. Plaintiff filed the present action on June 3, 2003,
against the City of Newark, the acting City Manager,
several members of the Newark Police Department,
and a court clerk pursuant to 42 U.S.C § § 1983 and
1985 alleging violations of his civil rights. Plaintiff
contends that he was falsely arrested and maliciously
prosecuted as a result of a conspiracy by members of
the police department. (D.I. 1 at 3) Plaintiff alleges
that the police ignored exculpatory evidence and
charged him with criminal mischief and tampering

with property. That charge was later reduced to
disorderly conduct, of which plaintiff was
subsequently found not guilty.

2. In analyzing a motion to dismiss pursuant to
Fed.R.Civ.P. 12(b)(6), the court must accept as true
all material allegations of the complaint and it must
construe the complaint in favor of the plaintiff. See
Trump Hotels & Casino Resorts, Inc. v. Mirage
Resorts, Inc., 140 F.3d 478, 483 (3d Cir.1998). "A
complaint should be dismissed only if, after
accepting as true all of the facts alleged in the
complaint, and drawing all reasonable inferences in
the plaintiff's favor, no relief could be granted under
any set of facts consistent with the allegations of the
complaint." Id. Claims may be dismissed pursuant to
a Rule 12(b)(6) motion only if the plaintiff cannot
demonstrate any set of facts that would entitle him to
relief. See Conley v. Gibson, 355 U.S. 41, 45-46, 78
S.Ct. 99, 2 L.Ed.2d 80 (1957). Where the plaintiff is
a pro se litigant, the court has an obligation to
construe the complaint liberally. See Haines v.
Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 30
L.Ed.2d 652 (1972); Gibbs v. Roman, 116 F.3d 83,
86 n. 6 (3d Cir.1997); Urrutia v. Harrisburg County
Police Dep't., 91 F.3d 451, 456 (3d Cir.1996). The
moving party has the burden of persuasion. See Kehr
Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409
(3d Cir.1991).

3. It is well established law that a court must have
jurisdiction over each of the parties in an action. See
Earle v. McVeigh, 91 U.S. 503, 504, 23 L.Ed. 398
(1875) ("Due notice to the defendant is essential to
the jurisdiction of all courts, as sufficiently appears
from the well-known legal maxim, that no one shall
be condemned in his person or property without
notice, and an opportunity to be heard in his
[defense]."). Personal jurisdiction must be effected
through proper service of process, and actual notice
by a defendant does not satisfy this constitutional
requirement. Fed.R.Civ.P. 4. See also Murphy Bros.,
Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344,
350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) ("In the
absence of service of process (or waiver of service by
the defendant), a court ordinarily may not exercise
power over a party the complaint names as
defendant."). Further, a defendant may answer a
complaint, without waiving his affirmative defense of
lack of personal jurisdiction. See R.H. Hassler, Inc. v.
Shaw, 271 U.S. 195, 46 S.Ct. 479, 70 L.Ed. 900

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 332508 (D.Del.)
**(Cite as: 2004 WL 332508 (D.Del.))**

Page 2

(1926).

**\*2** 4. In the present case, service of process was only effected as to defendant Luft. Plaintiff asserts that the failure to properly effect service of process was "unintentional." (D.I.9) Notwithstanding plaintiff's good motives, due process demands that where a plaintiff has failed to obtain personal jurisdiction over each of the defendants through proper service of process the case must be dismissed. Consequently, with the exception of defendant Luft, the court will dismiss the case without prejudice due to insufficient process. Fed.R.Civ.P. 12(b)(4).

5. With respect to defendant Luft, the court concludes that plaintiff has failed to state a claim upon which relief can be granted. Taking all the facts plaintiff has alleged to be true, plaintiff's complaint fails to allege any facts at all that concern conduct by Luft. *See* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). Consequently, as to defendant Luft, plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted.

Not Reported in F.Supp.2d, 2004 WL 332508 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:03CV00523 (Docket) (Jun. 02, 2003)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT C

LEXSEE 2005 U.S. DIST. LEXIS 20786



Positive
As of: Mar 20, 2007

**MATY SENE, Plaintiff, v. MBNA AMERICA, INC., Defendant.**

**Civil Action No. 04-1331-JJF**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

*2005 U.S. Dist. LEXIS 20786*

**September 20, 2005, Decided**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff former employee filed a complaint, alleging that defendant former employer engaged in racially discriminatory practices in violation of Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and the Delaware Discrimination Act. The employee served a copy of the complaint on the employer's custodian of records. The employer moved to dismiss the complaint, pursuant to *Fed. R. Civ. P. 12.*

**OVERVIEW:** The employer contended that the court lacked personal jurisdiction over it due to a defective summons, that service of process on the custodian of records was insufficient, and that the time for serving the summons and complaint had passed and an extension should not be granted. The employee served a summons on the employer that contained neither the signature of the clerk nor the seal of the court, and the lack of signature and seal was fatal. Therefore, the court concluded that it lacked personal jurisdiction over the employer. Although the employer did not suffer undue prejudice, the employee had not demonstrated good cause for his failure to effect service within 120 days. In responding to the employer's motion to dismiss, the employee noted that he had until February 3, 2005, to effect service. Rather than correcting the problem at that time, the employee waited until February 8, 2005, to serve the employer with a proper summons. The employee did not at any time request an extension of the 120 days. Additionally, the employee offered no reason for his failure to comply with the time limits of *Fed. R. Civ. P. 4.* An ex-

tension of time to effect proper service was not warranted.

**OUTCOME:** The motion was granted.

**LexisNexis(R) Headnotes**

*Civil Procedure > Jurisdiction > General Overview*
*Civil Procedure > Dismissals > General Overview*
*Civil Rights Law > Practice & Procedure > Limitation Periods*
[HN1] Where the 90-day limitations period of Title VII of the Civil Rights Act of 1964 has expired, a dismissal by the court would be with prejudice.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > General Overview*
*Civil Procedure > Pleading & Practice > Service of Process > Summons > Content & Form*
*Governments > Courts > Clerks of Court*
[HN2] *Fed. R. Civ. P. 4(a)* provides that the summons to be served on a defendant shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff. Compliance with this rule is required to give a court personal jurisdiction over the defendant. Failure to comply is fatal to the plaintiff's case. The parties cannot waive a void summons.

2005 U.S. Dist. LEXIS 20786, *

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss*
*Civil Procedure > Pleading & Practice > Service of Process > Summons > Content & Form*
*Civil Procedure > Pleading & Practice > Service of Process > Time Limitations > Extensions*
[HN3] If a defendant raises the issue of the plaintiff's failure to comply with *Fed. R. Civ. P. 4(a)* in a motion or a responsive pleading, the case should be dismissed under *Fed. R. Civ. P. 12(b)(2)*. When the issue is raised by the defendant, it becomes unnecessary for the district courts to consider such questions as whether service was properly made, or whether an extension to the 120-day service period should be granted under *Fed. R. Civ. P. 4(m)*.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > General Overview*
[HN4] A court's lack of personal jurisdiction is more than just a minor, technical error.

*Civil Procedure > Pleading & Practice > Service of Process > Summons > Content & Form*
[HN5] Requiring the clerk to sign and issue a summons assures a defendant that the process is valid and enables the clerk to collect whatever filing fees are required.

*Civil Procedure > Jurisdiction > Personal Jurisdiction & In Rem Actions > In Personam Actions > General Overview*
*Civil Procedure > Pleading & Practice > Service of Process > Summons > Content & Form*
[HN6] Notice of a lawsuit is not enough to confer personal jurisdiction.

*Civil Procedure > Pleading & Practice > Service of Process > Time Limitations > General Overview*
[HN7] See *Fed. R. Civ. P. 4(m)*.

*Civil Procedure > Pleading & Practice > Pleadings > Time Limitations > Extensions*
*Civil Procedure > Pleading & Practice > Service of Process > Time Limitations > Extensions*
[HN8] The determination of whether to extend time for service pursuant to *Fed. R. Civ. P. 4(m)* is a two-part inquiry. First, a court must determine whether good cause exists for a plaintiff's failure to properly effect timely service. If a court finds good cause, the court must grant an extension of time. Second, if good cause is not

shown, a court has discretion to grant the plaintiff an extension of time.

*Civil Procedure > Pleading & Practice > Service of Process > Time Limitations > General Overview*
[HN9] Courts generally consider three factors in determining whether good cause exists for a plaintiff's failure to properly effect timely service: (1) whether the plaintiff has reasonably attempted to effect service; (2) whether the defendant is prejudiced by the absence of timely service; and (3) whether the plaintiff moved for an extension of time for effecting service. When evaluating good cause, courts should focus primarily on the plaintiff's reasons for not complying with the time limits of *Fed. R. Civ. P. 4*.

*Contracts Law > Negotiable Instruments > Enforcement > Defenses > Statutes of Limitations*
*Governments > Legislation > Statutes of Limitations > Extension & Revival*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN10] The United States Court of Appeals for the Third Circuit has not provided an exhaustive list of factors district courts should consider when deciding whether to exercise discretion; however, the Third Circuit has advised district courts that the *Fed. R. Civ. P. 4*, advisory committee's notes provide some guidance. One of the considerations that the advisory notes explain may justify an extension is if the applicable statute of limitations has run. The running of the statute of limitations, however, does not require a court to permit an extension.

*Civil Procedure > Pleading & Practice > Pleadings > Time Limitations > Extensions*
*Civil Procedure > Pleading & Practice > Service of Process > Time Limitations > General Overview*
[HN11] Courts have warned that plaintiffs should treat the 120 days, under *Fed. R. Civ. P. 4*, with the respect reserved for a time bomb.

**COUNSEL:** [*1] Kester I.H. Crosse, Esquire, of WILLIAMS & CROSSE, Wilmington, Delaware. Of Counsel: Tshaka H. Lafayette, Esquire of LAFAYETTE LAW GROUP, P.C., Philadelphia, Pennsylvania, for Plaintiff.

Scott A. Hold, Esquire, of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware, for Defendant.

**JUDGES:** Farnan, District Judge.

**OPINION BY:** Farnan

**OPINION:**

**MEMORANDUM OPINION**

September 20, 2005
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Defendant's Motion To Dismiss (D.I. 4). For the reasons discussed, Defendant's motion will be granted.

**I. Background**

On October 5, 2004, Plaintiff filed a complaint, alleging that Defendant, Plaintiff's former employer, engaged in racially discriminatory practices in violation of *Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991*, and the Delaware Discrimination Act. No summons was issued by the Clerk at that time. Plaintiff, after requesting a waiver of service and not receiving it, served a copy of the complaint on Defendant's custodian of records. A summons, which accompanied the complaint, contained neither the signature of the Clerk nor the seal of the Court. Defendant [*2] filed a Motion To Dismiss, and Plaintiff responded, recognizing February 3, 2005 to be the last day service could be effected under the 120-day rule of *Federal Rule of Civil Procedure 4(m)*. On February 8, 2005, Plaintiff served Defendant with a summons bearing the signature of the Clerk and the seal of the Court.

By its Motion, Defendant moves the Court to dismiss Plaintiff's complaint for lack of personal jurisdiction, insufficient service of process, and failure to serve the complaint and summons within 120 days. [HN1] Because the 90-day limitations period of Title VII has expired, a dismissal by the Court would be with prejudice.

**II. Parties Contentions**

Defendant contends that the Court lacks personal jurisdiction over it due to a defective summons, that service of process on the custodian of records was insufficient, and that the time for serving the summons and complaint has passed and an extension should not be granted.

In response, Plaintiff contends that he had time to correct the defective summons, and therefore, he should be granted leave to amend the summons without service on Defendant. Plaintiff also contends that dismissal [*3] is not warranted, particularly in light of the statute of limitations imposed by Title VII and the fact that Defen-

dant has not been prejudiced. Furthermore, Plaintiff requests that the Court declare the custodian of records to be a person authorized to receive service for Defendant.

**III. Discussion**

A. Whether process was sufficient so as to give the Court personal jurisdiction over Defendant

[HN2] *Federal Rule of Civil Procedure 4(a)* provides that the summons to be served on the defendant "shall be signed by the clerk, bear the seal of the court, identify the court and the parties, be directed to the defendant, and state the name and address of the plaintiff's attorney or, if unrepresented, of the plaintiff." *FED. R. CIV. P. 4(a)*. Compliance with this rule is required to give a court personal jurisdiction over the defendant. *Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996)* (holding the court did not have personal jurisdiction over the defendant because the summons did not contain the signature of the clerk or the seal of the court). Failure to comply is "fatal [*4] to the plaintiff's case. The parties cannot waive a void summons." Id.

[HN3] If the defendant raises the issue of the plaintiff's failure to comply with *Rule 4(a)* in a motion or a responsive pleading, the case should be dismissed under *Federal Rule of Civil Procedure 12(b)(2)*. *Ayres, 99 F.3d at 569*. When the issue is raised by the defendant, "it becomes unnecessary for the district courts to consider such questions as whether service was properly made, or whether an extension to the 120-day service period should be granted under *Rule 4(m)*." Id.

Plaintiff argues that Defendant was not actually prejudiced by the "minor, technical error" in the summons, and therefore, Plaintiff should be permitted to amend the summons without additional service on Defendant. (D.I. 8). [HN4] The Court's lack of personal jurisdiction, however, is more than just a minor, technical error. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104, 98 L. Ed. 2d 415, 108 S. Ct. 404 (1987)*. [HN5] "Requiring the Clerk to sign and issue the summons assures the defendant that the process is valid and enables the Clerk to collect whatever filing fees are required." *Ayres, 99 F.3d at 569*. [*5]

Additionally, the fact that Defendant had notice of the lawsuit is not helpful to Plaintiff's argument because [HN6] notice is not enough to confer personal jurisdiction. *Omni Capital Int'l, Ltd., 484 U.S. at 104*; see also *Ayres, 99 F.3d at 569*.

Based on the facts presented, the Court concludes that it lacks personal jurisdiction over Defendant. Plaintiff served a summons on Defendant that contained neither the signature of the Clerk nor the seal of the Court, and the lack of signature and seal is fatal.

B. Whether the Court should grant Plaintiff an extension of time under *Rule 4(m)* to effect service of process

Having concluded that the action should be dismissed for lack of personal jurisdiction, the Court need not "consider such questions as whether service was properly made, or whether an extension to the 120-day service period should be granted under *Rule 4(m).*" *Ayres, 99 F.3d at 569*. Although consideration may not be necessary, the Court will address Plaintiff's request for an extension.

*Rule 4(m)* provides:

> [HN7] If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the [*6] complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

*FED. R. CIV. P. 4(m).*

Thus, [HN8] the determination of whether to extend time for service pursuant to *Rule 4(m)* is a two-part inquiry. First, a court must determine whether good cause exists for the plaintiff's failure to properly effect timely service. *Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995)*. If a court finds good cause, the court must grant an extension of time. Id. Second, if good cause is not shown, a court has discretion to grant the plaintiff an extension of time. Id.

1. Whether Plaintiff has demonstrated good cause for his failure to effect timely service

[HN9] Courts generally consider three factors in determining whether good cause exists: 1) whether the plaintiff has reasonably attempted to effect service; 2) whether the defendant [*7] is prejudiced by the absence of timely service; and 3) whether plaintiff moved for an extension of time for effecting service. *United States v. Nuttall, 122 F.R.D. 163, 166-67 (D. Del. 1988)* (citations omitted). When evaluating good cause, courts should focus primarily on the plaintiff's reasons for not complying with the time limits of *Rule 4*. *MCI Telecoms. Corp. v. Teleconcepts, 71 F.3d 1086, 1097 (3d Cir. 1995)*.

Although the Court finds that Defendant did not suffer undue prejudice as a result of Plaintiff's failure to comply with the service requirements of *Rule 4*, the Court concludes that Plaintiff has not demonstrated good cause. Plaintiff served Defendant with a summons that failed to contain the signature of the Clerk and the seal of the Court. In responding to Defendant's Motion to Dismiss, Plaintiff noted that he had until February 3, 2005, thirteen days from filing that response, to effect service. Rather than correcting the problem at that time, Plaintiff waited until February 8, 2005 to serve Defendant with a proper summons. Plaintiff did not at any time request an extension of the 120 days. Additionally, Plaintiff offers no reason [*8] for his failure to comply with the time limits of *Rule 4*.

Plaintiff did not make a reasonable attempt to effect service, and Plaintiff did not move for an extension of time. The Court concludes that Plaintiff has not shown good cause for his failure to effect service within 120 days.

2. Whether, in its discretion, the Court should grant Plaintiff an extension, despite the absence of a showing of good cause

Because the Court has concluded that Plaintiff has not established good cause for failure to timely effect service, the Court will consider whether, in its discretion, Plaintiff should be granted an extension beyond the 120-day period provided by *Rule 4(m)*. [HN10] The Third Circuit has not provided an exhaustive list of factors district courts should consider when deciding whether to exercise discretion; however, the Third Circuit has advised district courts that the Advisory Committee Notes to the 1993 Amendments to *Rule 4* provide some guidance. *Petrucelli, 46 F.3d at 1305-06*. One of the considerations that the Advisory Notes explain may justify an extension is if the applicable statute of limitations has run. n1 *FED. R. CIV. P. 4* [*9] advisory committee's note. The running of the statute of limitations, however, does not require the Court to permit an extension. *Petrucelli, 46 F.3d at 1306*.

> n1 Other factors courts may consider include: whether the defendant has evaded service; whether service was required to be made on multiple defendants; and whether the plaintiff is appearing pro se. *FED. R. CIV. P. 4* advisory committee's note. None of these factors is present here.

In *Farrace v. United States Department of Justice, 220 F.R.D. 419, 422 (D. Del. 2004)*, this Court, after considering all the circumstances presented, allowed an extension of time under *Rule 4 (m)* to prevent the cause

2005 U.S. Dist. LEXIS 20786, *

of action from being barred by the statute of limitations. The Court, recognizing that it was not required to permit an extension, allowed the extension because the attorney, while trying to effect service, had a death in the family and problems with office staff. Id.

The statute of limitations [*10] on Plaintiff's case has run; however, circumstances like those in *Farrace* are not present here. Plaintiff has offered no explanation for his failure to serve the summons, other than the defective summons contained a "minor, technical error" that could be corrected. Plaintiff recognized in January that there was a problem with the summons and that he had a certain amount of time to effect service. Still, Plaintiff waited until February 8, 2005 to serve Defendant and did not request an extension of time prior to the deadline.

[HN11] Courts have warned that plaintiffs should "treat the 120 days with the respect reserved for a time bomb." *Petrucelli, 46 F.3d at 1307* (citing *Braxton v. United States, 817 F.2d 238, 241 (3d Cir. 1987)).* Plaintiff did not heed this warning. Thus, the Court concludes that an extension of time is not warranted.

**IV. Conclusion**

Because the Court lacks personal jurisdiction over Defendant, Defendant's Motion To Dismiss will be granted, and this lawsuit will be dismissed pursuant to *Federal Rule of Civil Procedure 12(b) (2).* n2 Additionally, Plaintiff will not be given an extension [*11] of time to effect proper service under *Federal Rule of Civil Procedure 4(m).*

> n2 Because the Court concludes that it lacks personal jurisdiction over Defendant, the Court will not address Defendant's argument with regard to insufficiency of service of process.

An appropriate order will be entered.

**ORDER**

At Wilmington this 20th day of September 2005, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that Defendant's Motion To Dismiss (D.I. 4) is **GRANTED.**

UNITED STATES DISTRICT JUDGE

# EXHIBIT D

Westlaw.

Not Reported in F.Supp.2d                                                    Page 1
Not Reported in F.Supp.2d, 2006 WL 2042969 (D.Del.)
**(Cite as: 2006 WL 2042969 (D.Del.))**

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
Tonkubo SHOMIDE, Plaintiff,
v.
ILC DOVER LP, Defendant.
**No. Civ. 03-1019-SLR.**

July 20, 2006.

Tonkubo Shomide, New Castle, Delaware, Plaintiff,
pro se.

Teresa A. Cheek, of Young Conway Stargatt &
Taylor, LLP, Wilmington, Delaware, for Defendant.

MEMORANDUM OPINION

ROBINSON, Chief J.

I. INTRODUCTION

*1 On November 7, 2003, Tokunbo Shomide
("plaintiff") filed a pro se complaint alleging racial
discrimination under Title VII of the Civil Rights Act
of 1964. [FN1] Plaintiff claims that ILC Dover LP
("defendant") discriminated against him when it
terminated his employment on account of his race,
color, and national origin. The court possesses
subject matter jurisdiction under 28 U.S.C. § 1331
(2000). Currently before the court is defendant's
motion for entry of judgment pursuant to
Fed.R.Civ.P. 41(b) and plaintiff's cross-motion for
entry of default judgment pursuant to Fed.R.Civ.P.
55(a). For the following reasons, the court will deny
defendant's motion and deny plaintiff's motion.

> FN1. Plaintiff filed the instant litigation after
> an Equal Employment Opportunity
> Commission ("EEOC") investigation and
> dismissal. The EEOC stated it was unable to
> conclude, based on its investigation, that
> violations of the statute occurred. (D.I. 1 at
> 4)

II. BACKGROUND

Plaintiff, a black male of African origin, was
employed by defendant from 1999 until his discharge
in April 2002. (D.I. 1 at ¶ 5) Plaintiff alleges that
while employed by defendant, he was: (1) Constantly
harassed and mocked by his white coworkers because
of his accent; (2) Demoted without cause; (3) Not
considered for equal education opportunities; and (4)
Kept under constant observation by his supervisors.
(D.I. 1 at ¶ 10)

On November 7, 2003, plaintiff filed an unsigned
complaint. (D.I. 1 at 3) The Clerk of Court issued a
notice of deficiency to plaintiff regarding his failure
to sign the complaint. (D.I.2) On April 8, 2004,
plaintiff's signed complaint was filed.

On April 1, 2004, ILC Dover, Inc. converted from a
corporation to a limited partnership, defendant ILC
Dover LP. (D.I. 26 at A15) Prior to the conversion,
defendant's registered agent was The Prentice-Hall
Corporation System, Inc., located in Dover,
Delaware. From April 1, 2004 until April 13, 2004,
defendant's registered agent was National Corporate
Research, Ltd. (Id.) On April 13, 2004, defendant
amended its certificate of limited partnership to
change its registered agent from National Corporate
Research, Ltd. to itself, ILC Dover LP, located in
Frederica, Delaware. (Id.)

Plaintiff first attempted to serve defendant on April
9, 2004, by hiring Brandywine Process Servers to
deliver the summons and complaint to Prentice-Hall.
[FN2] (D.I. 26 at 5) Plaintiff filed a return of service
on April 9, 2004 and, on December 1, 2004, plaintiff
filed a motion for entry of default judgment.

> FN2. On March 15, 2004, the court issued
> an order to show cause why the present
> action should not be dismissed for failure to
> timely serve process on defendant pursuant
> to Fed.R.Civ.P. 4(m), requiring service of
> the summons and complaint within 120 days
> after the filing of the complaint. The court
> required that plaintiff respond on or before
> April 15, 2004. (D.I.4)

Defendant's attorney entered an appearance on
December 8, 2004, and filed a motion to dismiss the
complaint pursuant to Fed.R.Civ.P. 12(b)(5) for
failure to effect service of process. (D.I.10) Service

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 2042969 (D.Del.)
(Cite as: 2006 WL 2042969 (D.Del.))

Page 2

of process was not effective because Prentice-Hall was no longer defendant's registered agent. (D.I. 26 at A15) The court denied the motion to dismiss on August 3, 2005, but ordered plaintiff to effect service of process on defendant on or before August 31, 2005. (D.I.17)

On August 24, 2005, plaintiff filed a praecipe requesting issuance of an Alias Summons, and it was issued to him that day. (D.I.18) A return of service was again filed on August 30, 2005, stating that plaintiff had mailed the summons and complaint to defendant through certified mail. (D.I.20) Defendant filed the present motion to dismiss the complaint on September 15, 2005. (D.I.23)

III. STANDARD OF REVIEW

*2 Fed.R.Civ.P. 41(b) provides that the court may enter an involuntary dismissal "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court...." Fed.R.Civ.P. 41(b). "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Id.

A court's decision to dismiss for failure to prosecute is committed to the court's discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir.2002); Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir.1998). A dismissal with prejudice "is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." Id. The Third Circuit has emphasized that "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir.1982).

In exercising its discretion, the court must make explicit findings regarding the factors enumerated in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 869 (3d Cir.1984). See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir.1987); see also United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 161 (3d Cir.2003) ("We have opined that [the Poulis factors] must be weighed by a District Court in determining whether the harsh sanction of dismissal is justified."). The Poulis factors are:

(1) the extent of the party's personal responsibility;
(2) the prejudice to the adversary caused by the

failure to meet scheduling orders ...; (3) a history of dilatoriness; (4) whether the conduct of the party ... was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

Poulis, 787 F.2d at 868. Each factor in Poulis need not be present in order for a dismissal to be warranted. Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir.2003) (citing Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir.1988)).

IV. DISCUSSION

A. Involuntary Dismissal

Plaintiff initiated this action on November 7, 2003. Under Fed.R.Civ.P. 4(e)(1) and 4(m), plaintiff had 120 days to properly serve the summons and complaint. Fed.R.Civ.P. 4(h) describes how to serve process on limited partnerships:

Unless otherwise provided by federal law, service upon a ... partnership ... from which a waiver of service has not been obtained and filed, shall be effected: (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process....

*3 Fed.R.Civ.P. 4(h)(1). The court will consider each possible form of service in turn.

1. Service of Individuals under Fed.R.Civ.P. 4(e)(1)

Fed.R.Civ.P. 4(e)(1) authorizes service of process on individuals "pursuant to the law of the state in which the district court is located, or in which service is effected...." Fed.R.Civ.P. 4(e)(1). Delaware authorizes service on domestic limited partnerships as follows:

(a) Service of legal process upon any domestic limited partnership shall be made by delivering a copy personally to any managing or general agent or general partner of the limited partnership in the State of Delaware or the registered agent of the limited partnership in the State of Delaware, or by leaving it at the dwelling house or usual place of abode in the State of Delaware of any such managing or general agent, general partner, or registered agent (if the registered agent be an individual), or at the registered office or other place of business of the limited partnership in the State of Delaware.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 2042969 (D.Del.)
(Cite as: 2006 WL 2042969 (D.Del.))

6 Del. C. § 17-105(a) (emphasis added). Plaintiff has not complied with § 17-105(a) because he mailed the summons and complaint, rather than delivering them personally or leaving them at the registered place of business of the limited partnership.

According to Delaware law,

[t]he law provides two methods of service of process: one is actual service as by reading the original process to the defendant or delivering to him a copy thereof; the other is a substitutional or constructive service, as by leaving a copy of the process at the defendant's residence when he is absent, or by some form of notice by mail or publication as the statute may direct.

Personal service is the primary method of obtaining jurisdiction over the person of a defendant; and, in the absence of a statute authorizing a substitutional method, service of process must be personal.

*McCoy v. Hickman,* 15 A.2d 427 (Del.Super.1940) (citing *Webb Packing Co. v. Harmon,* 196 A. 158, 161 (Del.Super.1937)). Section 17-105(a) does not authorize service of process on limited partnerships through certified mail. Therefore, according to *McCoy,* plaintiff must either actually serve defendant by delivering a copy of the summons and complaint to defendant personally or, because § 17-105(a) authorizes a substitutional form of service, plaintiff may leave a copy of the summons and complaint at the limited partnership's registered office or place of business. [FN3] In addition, Delaware Superior Court Civil Rule 4(f)(1)(III) further describes the appropriate methods of service on domestic limited partnerships "by delivering" copies of the summons and complaint to an "officer, managing or general agent or to any other agent authorized by law to receive service of process." Del.Super. Ct. Civ. R. 4(f)(1)(III). Rule 4(f)(1)(III) also does not authorize service through certified mail of an initial pleading. [FN4] Therefore, the court concludes that certified mail is not an appropriate method of serving the summons and complaint on a domestic limited partnership.

FN3. Delaware Superior Court Civil Rules state that service of process must be effectuated by a process server. Del.Super. Ct. Civ. R. 4(d).

FN4. Pleadings asserting new or additional claims shall be served according to Delaware Superior Court Civil Rule 4. Del.Super. Ct. Civ. R. 5(a). Whereas Rule 5 permits service through certified mail for subsequent documents requiring service, Rule 4 does not authorize service on limited partnerships through certified mail when serving the complaint. Del.Super. Ct. Civ. R. 5(b).

2. Service of a Limited Partnership under Fed.R.Civ.P. 4(h)

*4 In *Mettle v. First Union Nat'l Bank,* 279 F.Supp.2d 598 (D.N.J.2003), the court specifically held that service through the mail was not sufficient under Rule 4(h). [FN5] *See also Sampath v. Concurrent Technologies Corp.,* 227 F.R.D. 399, 403 (W.D.Pa.2005) (finding that plaintiff incorrectly thought that service could be effected through the mail under Fed.R.Civ.P. 4(h)); *In re Ass'n of Volleyball Prof'ls,* 256 B.R. 313, 318 (Bankr.C.D.Cal.2000) (commenting that service under Rule 4(h) must be by personal delivery rather than by mail). Thus, plaintiff has not properly completed service of process through certified mail under the alternative prong of Rule 4(h). [FN6]

FN5. Service to both limited partnerships and corporations are governed by Rule 4(h).

FN6. Because defendant has not waived service pursuant to Fed.R.Civ.P. 4(d), "service may be effected by any person who is not a party and who is at least 18 years of age." Fed.R.Civ.P. 4(c)(2).

3. *Poulis* Analysis

Although there is authority that a pro se plaintiff must be afforded "a certain degree of leniency so as to ensure that his case is decided on the merits," *Sampath,* 227 F.R.D. at 403, the Supreme Court has stated, "[W]e have never suggested that procedural rules in ordinary civil litigation should be interrupted so as to excuse mistakes of those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113 (1993). Plaintiff is not represented by counsel and, therefore, is directly responsible for any mistakes in service of process. Plaintiff has shown a pattern of dilatoriness, given the two prior extensions of the time for service the court allowed. *Poulis,* 747 F.2d at 868 ("Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court.").

Plaintiff, however, has not acted with "the type of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 2042969 (D.Del.)
(Cite as: 2006 WL 2042969 (D.Del.))

Page 4

willful or contumacious behavior which [can be] characterized as 'flagrant bad faith,' ' *Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 870 (3d Cir.1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir.1985)). Plaintiff was certainly conscious of his previous failures to effect service of process and was given copies of Rule 4 and court orders directing service, but was provided only with the language of Rule 4(h) and § 17-105(a). Plaintiff was likely not aware of the requirements of personal service.

In addition, defendant has not been prejudiced by plaintiff's delay, despite having waited over two years to receive service of process. Prejudice occurs only where "delay may damage a defendant's ability to defend on the merits." *Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir.1997) (citing *Gowan v. Teamsters Union (237)*, 170 F.R.D. 356, 360 (S.D.N.Y.1997)). "Actual notice to a defendant that an action was filed militates against a finding of prejudice." *Id.* (citing *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir.1988)). Defendant's ability to defend on the merits has not been effected, and defendant had actual notice of the suit. Therefore, defendant has not been prejudiced.

*5 Finally, although the court recognizes that the meritoriousness of plaintiff's claim may be questionable given that the EEOC investigated and dismissed plaintiff's allegations, the court declines to make a determination on the merits of plaintiff's claim on an undeveloped record. In balancing all the *Poulis* factors, the court, in its discretion, finds that the lack of willful behavior, prejudice to defendant, and evidence from which to determine the meritoriousness of plaintiff's claim does not justify dismissal of the claim pursuant to Fed.R.Civ.P. 41(b). Therefore, defendant's motion to entry of judgment is denied.

B. Default Judgment

A default judgment may not be entered against a defendant that has not been properly served with the summons and complaint. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1304 (3d Cir.1995) ("[I]f a default judgment had been entered when there had not been proper service, the judgment is, *a fortiori*, void, and should be vacated."); *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir.1985). Therefore, plaintiff's motion for entry of default judgment is denied.

V. CONCLUSION

For the reasons stated above, defendant's motion to dismiss the claim pursuant to Fed.R.Civ.P. 41(b) is denied. Plaintiff's motion for entry of default judgment pursuant to Fed.R.Civ.P. 55(a) is denied.

ORDER

At Wilmington this 20th day of July, consistent with the memorandum opinion issued this same date;

IT IS ORDERED that:

1. Defendant's motion for entry of judgment (D.I.23) is denied.

2. Plaintiff's motion for entry of default judgment (D.I.24) is denied.

IT IS FURTHER ORDERED that:

3. The court must receive proof that plaintiff has effected service of process by hiring a process server to personally deliver the summons and complaint to defendant's place of business on or before August 3, 2006. NOTE: FAILURE TO EFFECTUATE SERVICE OF PROCESS ON OR BEFORE AUGUST 3, 2006, WILL RESULT IN DISMISSAL OF THE CLAIM. [FN7]

> FN7. The court also expects that defendant will accept service of process when served properly.

Not Reported in F.Supp.2d, 2006 WL 2042969 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 2005 WL 2867894 (Trial Motion, Memorandum and Affidavit) Defendant's Brief in Opposition to Motion for Entry of Judgment by Default and in Support of its Motion to Dismiss (Oct. 5, 2005)Original Image of this Document (PDF)

• 1:03cv01019 (Docket) (Nov. 7, 2003)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT E



Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 704781 (D.Del.)
**(Cite as: 1995 WL 704781 (D.Del.))**

Page 1

# H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
Caroline P. AYRES, Plaintiff,
v.
JACOBS & CRUMPLAR, P.A., Robert Jacobs,
Thomas C. Crumplar, and Douglas B.
Canfield, Defendants.
**Civ. A. No. 94-658-SLR.**

Nov. 20, 1995.
Caroline P. Ayres, plaintiff, pro se.  Of counsel:
Clifford A. Boardman, Philadelphia, Pennsylvania.

Thomas S. Neuberger, Thomas S. Neuberger, P.A.,
Wilmington, Delaware; attorney for defendants.

MEMORANDUM OPINION

SUE L. ROBINSON, District Judge.

## I. INTRODUCTION

*1 Plaintiff Caroline Ayres, an attorney, has brought this suit against her former employer, Jacobs & Crumplar, and three individual partners, Thomas Crumplar, Robert Jacobs, and Douglas Canfield. She claims that defendants discriminated against her on the basis of race and sex, sexually harassed her, breached implied employment contracts with her, defrauded her, defamed her, and finally fired her wrongfully and in retaliation for her opposition to defendants' treatment of her.

Defendants have moved for dismissal pursuant to Rules 12(b)(4), 12(b)(5), and 4(m) of the Federal Rules of Civil Procedure.  For the reasons stated below, defendants' motion will be granted.

## II. BACKGROUND

Plaintiff was employed as an associate by defendant law firm Jacobs & Crumplar from December 1988 until August 1993.  After filing a complaint with the Equal Employment Opportunity Commission and receiving a Notice of Right to Sue, plaintiff filed this suit *pro se* on December 7, 1994. [FN1]  (D.I. 1) At that time plaintiff received a copy of Rule 4 of the Federal Rules of Civil Procedure and signed an acknowledgement stating that she understood her responsibility to serve process according to that rule. The court's docket reflects the fact that no summons issued on the day the case was filed.

On December 29, 1994, plaintiff engaged a runner from TriState Courier and Carriage to serve the complaints and unsigned summonses on defendants at the office of Jacobs & Crumplar.  (D.I. 3-9) The process server left the summons and complaint for each defendant with Donna Dobbs, the office manager at Jacobs & Crumplar.  (D.I. 3-9) Plaintiff returned to the clerk's office on January 3, 1995 to file the summonses and proofs of service.  (D.I. 75 at 2) At that time, the clerk pointed out to plaintiff that the summons had not been signed.  (D.I. 75 at 2) The documents were accepted for docketing as required by the Local Rules of Civil Practice and Procedure. D.Del.L.R. 5.1.2.

Defendants filed an answer on January 18, 1995. (D.I. 12) They appended to their answer a motion to dismiss based in part on Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure.  The court denied this motion because defendants had failed to file a supporting brief as required by Local Rule 7.1.2. (D.I.19) The Rule 16 Scheduling Order required all dispositive motions to be filed, along with the required briefs, on or before September 12, 1995. (D.I. 14 at ¶ 6) The parties then embarked upon a muddled and acrimonious discovery process.  On July 31, 1995, well before the deadline for dispositive motions set by the court, defendants moved again to dismiss, this time filing a brief in accordance with the local rules. (D.I. 66, 67) On September 19, 1995, the court granted a stay of discovery pending decision on this motion. (D.I. 82)

## III. DISCUSSION

Defendants have based their motion to dismiss on two related but distinct grounds.  First, they claim a deficiency in process due to plaintiff's failure to obtain the court clerk's signature on the summons. Second, defendants maintain that Donna Dobbs, the office manager at Jacobs & Crumplar, had no authority to accept service on behalf of the professional association or the individual defendants.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 704781 (D.Del.)
(Cite as: 1995 WL 704781 (D.Del.))

**\*2** In response, plaintiff argues that the "technical niceties of service of process" should be overlooked, or alternatively, that she should have another opportunity to serve process. Specifically, plaintiff claims that 1) the defect in the summons should be excused because the clerk accepted it for docketing; 2) service was proper because the office manager had apparent authority to accept it; and 3) defendants have waived any objections to the errors by not protesting them vigorously and continuously throughout the litigation process. Plaintiff does, however, acknowledge that defendants raised these issues in their responsive pleading.

A. Standard for Dismissal Under FRCP 4(m)

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice ... or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Good cause for extending the time limit for service can be found only in a fairly narrow range of circumstances. As the Third Circuit has noted, the legislative history of the time extension clause reveals only one specific circumstance in which an extension would be proper: where the defendant has engaged in intentional evasion. _Lovelace v. Acme Markets, Inc._, 820 F.2d 81, 84 (3d Cir.), cert. denied, 484 U.S. 965 (1987), citing 128 Cong.Rec. H9848, 9852 n. 25 (daily ed. Dec. 15, 1982). The court held a dismissal in the absence of good cause appropriate even where it deprived the plaintiff of his day in court:

> "Half-hearted" efforts by counsel to effect service of process prior to the deadline do not necessarily excuse a delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run. Furthermore, when a delay is the result of inadvertence of counsel, it need not be excused.

_Id._ (citations omitted). _Accord Braxton v. Dep't of Health & Human Services_, 817 F.2d 238 (3d Cir.1987).

B. Improper Service

Rule 4(e) of the Federal Rules of Civil Procedure provides that a competent adult individual within the United States may be served in person, or by leaving the summons and complaint with a competent adult at the individual's home, or by delivering the summons and complaint to "an agent authorized by appointment or by law to receive service of process."

Rule 4(h) permits corporations and associations to be served by delivery of the complaint and summons to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process...."

As plaintiff has pointed out, the rules concerning service of process exist to provide notice. _Grand Entertainment Group, Ltd. v. Star Media Sales, Inc._, 988 F.2d 476, 486 (3d Cir.1993). That purpose is of primary importance and once it has been met, the rules can be construed somewhat liberally. However, "[a]lthough notice underpins Federal Rule of Civil Procedure 4 concerning service, notice cannot by itself validate an otherwise defective service." _Id._ at 492. _Accord United States v. Mollenhauer Labs, Inc._, 267 F.2d 260, 262 (7th Cir.1959) (a liberal construction of the rules "cannot be used as a substitute for the plain legal requirement as to the manner in which service of process may be had.").

**\*3** In certain instances, good faith reliance on the apparent authority of an individual to accept service on behalf of a business has been found sufficient. _Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc._, 840 F.2d 685 (9th Cir.1988); _Mazuren Int'l Co., Ltd. v. Bridgeport Merchandise, Inc._, 770 F.Supp. 155 (S.D.N.Y.1991). The inquiry in such a case should focus on whether the individual's role in the organization made service on her "fair, reasonable, and just." _Direct Mail_ at 688, quoting _Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa_, 428 F.Supp. 1237, 1251 (S.D.N.Y.1977).

Defendants have submitted an affidavit asserting that the office manager is not authorized by appointment to receive service on behalf of the professional association or of the individual partners. Plaintiff does not dispute this claim, but argues instead that she relied reasonably on the apparent authority of the office manager to accept service. Had plaintiff been a stranger to the firm of Jacobs & Crumplar, service on the office manager might well have been "fair, reasonable, and just." In this case, however, it is less appropriate for plaintiff to argue good faith reliance on the office manager's apparent authority to accept

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.

Not Reported in F.Supp., 1995 WL 704781 (D.Del.)

**(Cite as: 1995 WL 704781 (D.Del.))**

Page 3

service.    As plaintiff herself has stated in her affidavit, she is familiar with the duties of the office manager at Jacobs & Crumplar. [FN2]  Therefore, she could have been expected to know that the office manager did not have actual authority to accept service on behalf of the partnership.  Following the same reasoning, it is even less reasonable for plaintiff to assert that the office manager had apparent authority to accept service for defendants Jacobs, Crumplar, and Canfield individually.

C. Insufficient Process

Ordinarily, a defect in the form of a summons should not lead to dismissal unless it causes prejudice to the defendant or demonstrates a flagrant disregard for the rules.  *See, e.g., Sanderford v. Prudential Ins. Co.,* 902 F.2d 897, 900 (11th Cir.1990) (omission of return date for responsive pleading not fatal); *Crane v. Battelle,* 127 F.R.D. 174, 177 (S.D.Cal.1989) (reversal of defendant's first and last names did not prejudice defendant; dismissal not proper).  In such cases, the proper remedy is to allow the plaintiff to amend the summons as provided in Rule 4(a). *Newman v. Prior,* 518 F.2d 97, 99 (4th Cir.1975), *overruled on other grounds by Newcome v. Esrey,* 862 F.2d 1099 (4th Cir.1988);  4 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1088 (2d ed. 1986 & Supp.1995).

The omission of the seal of the court and signature of the clerk, however, are more serious defects.  *Aim Telephones, Inc. v. AG Communications,* 1988 WL 133444 (D.N.J. Dec. 12, 1988); *Gianna Enterprises v. Miss World (Jersey) Ltd.,* 551 F.Supp. 1348, 1358 (S.D.N.Y.1982).  A litigant has no authority of her own to issue a summons.  The court's seal and clerk's signature give the document its legal effect.  In the absence of such assurances of authenticity, the defendant has no way of knowing that the court, rather than a plaintiff or attorney, has issued the summons.  *Aim Telephones* at *2.  The signature and seal are of such importance that service of an unsigned and unsealed summons is a strong indication of the sort of flagrant disregard for the rules that would justify dismissal.  *Id.; Gianna Enterprises* at 1358.

*4 Plaintiff claims that the court should overlook her failure to obtain the clerk's signature on the summons because the clerk accepted the summons for docketing after noticing that it had not been signed.  Her good faith reliance on that acceptance, she argues, indicates that she did not flagrantly disregard the rules.

Rule 4(a) of the Federal Rules of Civil Procedure clearly requires that the summons be signed by the clerk and bear the seal of the court.    Local Rule 5.1.2. requires the clerk to accept for docketing even those papers that do not conform to the proper format, and Local Rule 4.1(a) states that "[f]ailure to provide a form of summons shall not be a basis to reject the pleading for filing."    The Rules of Professional Conduct and the law of common sense both indicate that court clerks are not qualified to give legal advice, nor would it be reasonable for a licensed attorney to rely on a clerk's performance of a purely ministerial duty as an indication that a clear rule could be overlooked.

Plaintiff is a member of the Delaware bar and is also licensed to practice before this court.  (D.I. 75 at Appendix ¶  1)  As such, she is presumed to understand the Federal Rules of Civil Procedure, Delaware's Rules of Professional Conduct, and the local court rules.    In addition, plaintiff signed an acknowledgement on December 7, 1994 which stated, "I hereby acknowledge receipt of a copy of Rule 4 of the Federal Rules of Civil Procedure and understand that it is my responsibility to make service of process in accordance with the said rule." (emphasis added)  Lack of knowledge of the rules does not constitute good cause under Rule 4(m) even for non-attorney *pro se* plaintiffs.  *Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir.1988); *Ouzts v. Cummins,* 825 F.2d 1276, 1278 (8th Cir.1987).  The court concludes, therefore, that plaintiff has not demonstrated good cause for her failure to comply with Rule 4.    The court also finds that plaintiff has exhibited flagrant disregard for the rules. [FN3]

D. Waiver

Plaintiff contends that defendants have waived their defenses based on improper service by engaging in extensive    discovery,    attending    scheduling conferences and depositions, and otherwise litigating the case while "say[ing] little to nothing" about plaintiff's error.  She perceives defendants' motion as an attempt to "sandbag" her and to "trick the court into dismissing [the] action."

A defense based on improper service can be waived if the defendant fails to raise it either in a responsive pleading or in a pre-answer motion.  Fed.R.Civ.P. 12(h).    However, each of the long string of cases plaintiff cites in support of her "ambush" theory can be distinguished from the present case.    In the cases cited, the defendants either failed to raise the issue in

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                      Page 4
Not Reported in F.Supp., 1995 WL 704781 (D.Del.)
**(Cite as: 1995 WL 704781 (D.Del.))**

their responsive pleadings or waited too long to file a motion to dismiss on that basis. *See e.g., Norling v. Valley Contracting and Pre-Mix, 773 F.Supp. 186 (D.N.D.1991)* (defense not raised in answer); *Federal Home Loan Mortgage v. Dutch Lane Assoc., 775 F.Supp. 133 (S.D.N.Y.1991)* (defendants' pre-answer motion did not include failure of service defense). Here, defendants raised the issue in a clear and timely manner in their answer and filed their motion to dismiss within the time limits set by the court.

*5 Plaintiff acknowledges that defendants did in fact raise the process and service issues in their answer, but complains that defendants' assertion of improper process and inadequate service was "buried" among fifty-five "boilerplate" defenses. The court had no trouble locating the assertions in question, nor would anyone who had taken the time to read the answer. In addition, defendants' accompanying motion to dismiss on these grounds, despite the lack of a brief to accompany it, should have put plaintiff squarely on notice that the summons was improperly issued and improperly served. [FN4] Although defendants could have gone further in protesting plaintiff's errors in service, they were under no obligation to do so. Having received actual notice of the defects, plaintiff had the rest of the 120 day period to correct them. She chose not to do so. Consequently, the court concludes that defendants have not waived their service and process defenses.

IV. CONCLUSION

One hundred and twenty days is a generous amount of time, certainly enough for plaintiff to have corrected her errors had she chosen to do so. Plaintiff has provided no excuse for her failure to comply with the rule, other than the fact that she simply did not think the "technical niceties" of service of process important. Such disregard for the rules is inexcusable. Under these circumstances, the court can find no justification for permitting an amendment to the summons or for extending the deadline for service. Dismissal is therefore warranted. An order consistent with this memorandum opinion shall issue.

FN1. Although plaintiff is still serving as her own local counsel in this case, she is also being represented *pro hac vice* by Mr. Boardman.

FN2. There is actually some discrepancy as to what plaintiff knows. In her affidavit,

plaintiff avers, "I ... knew Donna Dobbs personally and her job duties." (D.I. 75, Appendix A at ¶ 8) Defendants have submitted the affidavit of Ms. Dobbs, who states that she did not begin working as Jacobs & Crumplar's office manager until over a month after plaintiff had left the firm. (D.I. 78, Exhibit A at ¶ 3) Despite this inconsistency, the court will assume that plaintiff had some general knowledge of the duties of an office manager at Jacobs & Crumplar.

FN3. Significantly, despite the opportunity to do so, plaintiff has failed to correct the deficiencies asserted.

FN4. The fact that plaintiff actually had notice that service and process were deficient is underscored by a letter in the case file from plaintiff dated February 13, 1995. The letter refers specifically to the portion of defendants' responsive pleading entitled "Motion to Dismiss" and notes that it is only five sentences long. Two of those five short sentences consist of defendants' assertions regarding inadequate service and process.

Not Reported in F.Supp., 1995 WL 704781 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:94CV00658 (Docket) (Dec. 07, 1994)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT F

LEXSEE 1995 U.S. DIST. LEXIS 2325



Cited
As of: Mar 20, 2007

**Sentry Insurance, A Mutual Company v. Benedicto Apolinario, Jr., Benedicto Apolinario, Sr., Letcia Apolinario, A. Terry Daly, Esq., Dennis B. Zaslow, D.O. and Jannette Lawsin**

**Civil No. 94-6328**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*1995 U.S. Dist. LEXIS 2325*

**February 24, 1995, Decided
February 27, 1995, FILED, ENTERED**

**COUNSEL:** [*1] For SENTRY INSURANCE, A MUTUAL COMPANY, PLAINTIFF: BASIL A. DI SIPIO, LAVIN, COLEMAN, FINARELLI & GRAY, PHILA, PA.

For BENEDICTO APOLINARIO, JR., DEFENDANT: ROBERT E. MADDEN, ROBERT E. MADDEN, ATTY AT LAW, PHILA, PA. For BENEDICTO APOLINARIO, SR., LETCIA APOLINARIO, DEFENDANTS: SHARON L. STEINGARD, DESSEN, MOSES & SHEINOFF, PHILA, PA. For DENNIS B. ZASLOW, D.O., DEFENDANT: A. CHARLES PERUTO, SR., PHILA, PA.

**JUDGES:** Assigned to: JUDGE WILLIAM H. YOHN, JR.

**OPINION BY:** WILLIAM H. YOHN

**OPINION:**

**MEMORANDUM AND ORDER**

Yohn, J.

February 24, 1995

This action involves insurance fraud allegedly practiced by the defendants against the plaintiff, Sentry Insurance. Presently before the court is Sentry's "Petition for Confirmation of Service and/or in the alternative Petition for Alternate Service." Sentry is having difficulty in serving two of the defendants and asks the court to recognize receipt of a Notice of Lawsuit and Request for Waiver of Summons in lieu of formal service, or to authorize service at their last known address and by publication pursuant to Pennsylvania Rule of Civil Procedure 430 and *Federal Rule of Civil Procedure 4(e)(1)*. As more fully discussed below, the relief sought will be denied.

Sentry [*2] filed its complaint and summonses were issued upon it on October 17, 1994. As of the date of this order, all defendants except A. Terry Daly, Esq. and Jannette Lawsin have been properly served. Sentry avers that Daly and Lawsin reside at 644 Moredon Road, Huntingdon Valley, Pennsylvania. On December 30, 1994, pursuant to *Federal Rule of Civil Procedure 4(d)(2)*, Sentry sent Daly and Lawsin each a Notice of lawsuit and Request for Waiver of Summons at the Moredon Road address by certified mail. On December 31, 1994, Lawsin and Daly each signed a certified mail receipt for the Notice and Waiver. Daly and Lawsin did not return affidavits accepting service and waiving a summons within thirty days as set forth in *Federal Rule of Civil Procedure 4(d)(2)(f)*.

In its petition, Sentry first seeks to have the signed certified mail receipts associated with the requests for waiver treated as proof of effective service. Sentry argues that it has attempted to make personal service on Daly and Lawsin at the Moredon Road address on several occasions, so far without success. Sentry also points out that Daly was a practicing attorney for over twenty years in Pennsylvania and that Lawsin was a paralegal

1995 U.S. Dist. LEXIS 2325, *

[*3]  for some time and that accordingly, they are presumably "more than familiar" with the legal system. There is, however, no provision in the Federal Rules of Civil Procedure which authorizes the court to do as Sentry asks. The court does note that relief is available to Sentry in the form of Federal Rule 4(d)(2), which provides that "if a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause is shown." *Fed. R. Civ. P. 4(d)(2)* (emphasis added).

Alternatively, Sentry asks that it be permitted to effect service by publication under Pennsylvania Rule of Civil Procedure 430. *Federal Rule of Civil Procedure 4(e)(1)* provides that service may be made upon an individual from whom a waiver has not been obtained pursuant to the law of the state in which the federal court sits. Pennsylvania Rule 430(a) states:

> **Rule 430. Service Pursuant to Special Order of Court.**
>
> **Publication**
>
> (a) If service cannot be made under the applicable rule[,] the plaintiff may move the court for a special order [*4] directing the method of service. The motion

shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

Pa. R. Civ. P. 430(a) (emphasis added). From the allegations in Sentry's petition, it is clear that as recently as December 31, 1994, Daly and Lawsin were residing at the Moredon Road address. Sentry's allegations do not fairly indicate that service upon Daly and Lawsin "cannot be made" as required by the Pennsylvania rule. While the court understands Sentry's frustration at the difficulties it has encountered thus far in attempting to serve Daly and Lawsin, because Sentry has not met the requirements of Rule 430, the court will not grant the relief Sentry seeks.

An appropriate order follows.

**ORDER**

**AND NOW,** on this 24th day of February, 1995, upon consideration of the plaintiff's Petition for Confirmation of Service and/or in the alternative Petition for Alternate Service, **IT IS HEREBY ORDERED** that said petition is **DENIED.**

William H. Yohn, Jr., District Judge

### CERTIFICATE OF SERVICE

I, Wendy K. Voss hereby certify this 21st day of March, 2007, that the

foregoing **DELAWARE PARK'S MEMORANDUM OF LAW IN SUPPORT OF**

**ITS MOTION TO DISMISS** was electronically filed with U.S. District Court District of

Delaware via CM/ECF (Official Court Electronic Document Filing System) and two (2)

true and correct copies were sent First Class U.S. Mail, postage prepaid, to the following:

Sami Almakhadhi
P.O. Box 7392
Newark, DE 19714

:

Wendy K. Voss (#3142)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000 - Telephone
(302) 658-1192 - Facsimile
wvoss@potteranderson.com