IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMI ALMAKHADHI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 07-78-JJF |
| | ) | |
| DELAWARE PARK, | ) | |
| | ) | |
| Defendant. | ) | |

**STIPULATED CONFIDENTIALITY ORDER**

I.  STIPULATION.

WHEREAS, in the course of this litigation disclosure may be sought of information which a Party regards as being of a confidential, financial, business, technical, trade secret, and/or proprietary nature; and

WHEREAS, personnel information relating to various current and former employees of Delaware Park, L.L.C. or its successor ("Delaware Park"), such as salary history, work history and performance-related issues is, or may be, contained in much of the information and/or many of the documents that may be sought by Plaintiff in the captioned matter; and

WHEREAS, such personnel information relating to an individual employee is confidential to that employee and is treated as confidential by Delaware Park; and

WHEREAS, the disclosure of such information may prove damaging to individual employees by destroying the privacy interest those employees have in such personnel information; and

WHEREAS, the Parties hereto desire to establish a mechanism to protect the disclosure of such confidential or proprietary information in this litigation.

IT IS HEREBY STIPULATED by and between the Parties and by their respective undersigned counsel of record herein, that the following Confidentiality Order shall govern the disclosure of confidential and/or proprietary information provided under terms of Fed. R. Civ. P. 26 and through discovery in this litigation.

II.     DEFINITIONS.

A.     The designation "CONFIDENTIAL" may be applied by a Party to any type of information which the designating entity believes in good faith to constitute, contain, reveal or reflect sensitive personnel, financial, business or technical information, the disclosure of which would expose third parties to annoyance, embarrassment, or oppression.

B.     "Confidential Information" refers to all information which is subject to the designation "CONFIDENTIAL" as described above.

C.     "Counsel of record" means any attorneys and law firms which have appeared as counsel of record for any Party in this litigation, including all attorneys, paraprofessionals, clerks and secretaries associated with or employed by such attorneys and law firms, whose review of such information is necessary to the attorneys prosecuting or defending this litigation.

D.     "Party" means every Party to this litigation and every director, officer, employee and managing agent of every Party to this litigation.

E.     "Confidentiality Order" means this Stipulated Confidentiality Order.

III.    <u>TERMS OF THE CONFIDENTIALITY ORDER.</u>

1. MATERIALS SUBJECT TO DESIGNATION. All originals or copies of documents obtained by production of documents (hereinafter collectively referred to as "Information") may be designated by the designating entity in conformity with the definitions set forth above.

2. TREATMENT OF "CONFIDENTIAL" INFORMATION. Information designated as "CONFIDENTIAL" and all information derived therefrom (excluding such information as is derived lawfully from an independent source) shall not be disclosed, given, shown, made available or communicated in any way to any person or entity other than the Parties, counsel of record for a Party and/or their support staff, except as provided in Paragraph three (3) below. Such information shall be used by a non-producing Party only for the purposes of this litigation.

3. OUTSIDE EXPERTS AND CONSULTANTS. Documents designated as "CONFIDENTIAL" may be shown to experts or consultants, together with their clerical personnel, who are retained by a Party in connection with preparation for trial or trial in this action, provided that the following conditions are met. Before disclosure to any such expert or consultant, the person to whom such information is to be disclosed shall execute and deliver to the attorney of record making the disclosure a written Certificate of Confidentiality, in the form attached hereto as Exhibit A.

4. MANNER OF DESIGNATING DOCUMENTS. The designation of documents containing Confidential Information shall be made by placing the legend "CONFIDENTIAL" on each page of any document that the designating entity wishes to protect against disclosure or use, or, in the case of computer disks or tape, on the cover or container of

the disk or tape. A designation of Confidential Information as to any thing of which inspection or sampling has been requested shall be made by placing the legend "CONFIDENTIAL" on the thing or container within which it is stored or by some other means of designation agreed upon by the Parties. All documents and things shall be marked prior to the provision of a physical copy thereof to any entity. However, failure to designate and mark as provided in this Paragraph shall not preclude the designating Party from thereafter, in good faith, making such a designation and requesting a receiving Party to so mark such documents or things so designated. After such a request, such documents or things shall be fully subject to this Confidentiality Order as if they had been initially so designated.

    5.  MANNER OF DESIGNATING DEPOSITION TESTIMONY AND EXHIBITS. Any person giving deposition testimony in this litigation may designate his/her testimony or any portion thereof, or deposition exhibits or any portion thereof, as "CONFIDENTIAL" by advising the reporter and all Parties of such fact on the record during the deposition, or within thirty (30) days after the deposition transcript is available. In addition, any Party may designate any part or all of any deposition, or any part of all of any deposition exhibit, as "CONFIDENTIAL" at the time of the deposition or within thirty (30) days after the deposition transcript is available. Each page of the transcript that is so designated shall be marked with the appropriate legend by the party designating the material as confidential, who shall provided marked pages to the other party for replacement of the original. If a deposition or any part thereof or any exhibit thereto is designated as Confidential Information and is to be filed with the Court, the deposition transcript and exhibits shall be filed in accordance with paragraph eight (8) below.

6. **MANNER OF DESIGNATING PLEADINGS, BRIEFS, DISCOVERY RESPONSES, AND OTHER MEMORANDA.** All or part of pleadings, briefs, memoranda, correspondence filed with the Court, responses to interrogatories and responses to requests for production of documents may be designated as Confidential Information by either Party by marking the appropriate legend on the face of the document and each page so designated.

7. **FILING DOCUMENTS WITH THE COURT.** All information designated as Confidential Information which is filed or lodged with the Court, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed or lodged in sealed packaging on which shall be recorded the title to this action, the general nature of the contents, the word "CONFIDENTIAL", and a statement substantially in the following form:

> "This envelope contains documents that are subject to a Confidentiality Order entered by the Court in this action governing use of confidential discovery material. This envelope shall not be opened nor the contents thereof revealed except to the Court, including court personnel as necessary for handling of the matter."

Upon failure of the filing or lodging Party to designate Confidential Information properly and file or lodge such Information in accordance with this Confidentiality Order, any Party or designating entity who in good faith believes that designation and filing under seal is required may so designate the Confidential Information within ten (10) days of learning of the defective filing or lodging. Notice of such designation shall be given to all Parties. Nothing in this provision relieves a Party of liability for damages caused by failure to properly file such information under seal.

8. **CONFIDENTIAL INFORMATION AT TRIAL.** Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial or any Court hearing. Any Party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine

whether the proffered evidence should be treated as Confidential Information and, if so, what protection, if any, may be afforded to such Confidential Information.

9. NO EFFECT ON DESIGNATING ENTITY'S OWN USE.  Nothing contained in this Order shall affect the right of a designating entity to disclose to its officers, directors, employees, partners, consultants or other persons any Confidential Information designated and produced by that Party as "CONFIDENTIAL".

10. LEGAL EFFECT OF DESIGNATIONS.  The designation of any document, material or information as Confidential Information is intended solely to facilitate compliance with Fed. R. Civ. P. 26 and discovery in this action, and neither such designation nor treatment in conformity with such designation shall be construed in any way as an admission or agreement by any Party that the designated disclosure constitutes or contains any Confidential Information.  Failure to so designate any document or thing shall not constitute a waiver of any claim that such documents or things do contain Confidential Information.

11. OBJECTIONS.

(a) If any Party believes that a document or other information which has been designated as confidential is not entitled to be treated as confidential, that Party shall notify the disclosing Party in writing of the disagreement with the confidential designation.  The Parties shall confer in an attempt to reach an agreement regarding the confidential status of the document or information within five (5) business days after receipt of such notice.

(b) If the Parties are unable to resolve the disagreement within the five (5) business day period set forth in Paragraph (11)(a) herein, the Parties shall follow the procedure for resolving discovery disputes set forth in the Court's Scheduling Order then in effect in this action.  Until the Court resolves the issue, the document or information with respect

to which such motion is made will be treated as subject to the terms of this Stipulated Order. This Stipulated Order does not change the producing Party's burden to establish that information is confidential and should be subject to this Stipulated Order and protected under Rule 26.

12. OTHER PROCEEDINGS. By entering this order and limiting disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential" pursuant to this order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

13. REMOVAL OF CONFIDENTIAL DESIGNATION. Unless otherwise ordered by the Court, any information designated as Confidential Information shall lose all protections set forth in this Confidentiality Order upon:

 (a) discussion or disclosure in any opinion or order of the Court available to the public; or

 (b) discussion or disclosure to the public by the designating entity; or

 (c) Court-ordered determination that the information is not confidential; or

 (d) Consent of an employee or ex-employee as to his or her own personal information.

14. CLIENT CONSULTATION. Nothing in this Confidentiality Order shall prevent or otherwise restrict counsel from rendering advice to their Party clients and, in the course thereof, relying generally on examination of Confidential Information.

15. **FINAL DISPOSITION OF ACTION.** Upon the final disposition of this action, each Party shall return to the producing Party, upon written request, all Information designated as Confidential and all copies made thereof or shall represent in writing that all such Information has been destroyed. However, the Parties may retain a file copy of any document filed with the Court, a copy of any written discovery responses, and a transcript of any deposition testimony, together with all exhibits thereto.

16. **SURVIVAL OF TERMS.** Absent written modification hereof by the Parties or further order of the Court, the provisions of this Confidentiality Order that restrict the disclosure and use of Confidential Information shall survive the final disposition of this action and continue to be binding on all persons subject to the terms of this Stipulation.

17. **EFFECT ON DISCOVERY.** This Confidentiality Order shall not preclude or limit the right of any Party to oppose discovery on any ground(s) that would otherwise be available.

18. **LATER ADDED PARTIES.** Any individual or entity who becomes a party to this action after the date of this Order shall be required to agree, in writing, to be bound by the terms of this Order.

19. **STIPULATION BINDING WHEN SIGNED.** This Confidentiality Order shall be binding on the Parties hereto when signed regardless of whether or when the Court enters its Order hereon.

20. **COUNTERPARTS.** This Confidentiality Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

SO STIPULATED AND AGREED:

|  |  |
|---|---|
| /s/ Sami Almakhadhi | POTTER ANDERSON & CORROON LLP<br>/s/ Wendy K. Voss |
| Sami Almakhadhi, *pro se plaintiff*<br>200 Westcreek Village Apartments E6<br>Elkton, MD 21921<br>(302) 293-5064 | Wendy K. Voss (#3142)<br>Kenneth Dorsney (#3726)<br>Jennifer Wasson (#4933)<br>Hercules Plaza 6th Floor<br>1313 N. Market Street, P.O. Box 951<br>Wilmington, Delaware 19899<br>(302) 984-6000<br><br>*Attorneys for Defendant,*<br>*Delaware Park.* |

Dated: May 25, 2007

789499

IT IS SO ORDERED this _____ day of _____, 2007.

_____
United States District Judge

9

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMI ALMAKHADHI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civ. A. No. 07-78-JJF |
| | ) |
| DELAWARE PARK, | ) |
| | ) |
| Defendant. | ) |

### COMMITMENT OF QUALIFIED PERSON PURSUANT TO CONFIDENTIALITY ORDER

I hereby affirm that: (1) I have received and read a copy of the Stipulated Confidentiality Order entered herein by the Parties and/or the Court; (2) I understand the terms thereof and agree to be bound thereby; and (3) I am aware that a violation of such Order may result in a finding of contempt of Court.

In addition, I agree that if I am subpoenaed or otherwise requested in any litigation or dispute to testify regarding Confidential Information, or to otherwise disclose such Confidential Information, as that term is used in the captioned matter, I agree to be bound by the terms of the above-referenced Stipulated Confidentiality Order to the extent allowed by the law, and I shall give immediate notice of such subpoena or request to the counsel or Party in the captioned matter who disclosed or provided access to such Confidential Information to me and to each of the following persons:

| | |
|---|---|
| Sami Almakhadhi<br>200 Westcreek Village Apartment E6<br>Elkton, MD 21921<br>(302) 293-5064<br><br>*Plaintiff pro se* | Wendy K. Voss, Esquire (#3142)<br>Kenneth Dorsney (#3726)<br>Jennifer Wasson (#4933)<br>Potter Anderson & Corroon LLP<br>Hercules Plaza 6th Floor<br>1313 N. Market Street<br>P.O. Box 951<br>Wilmington, DE  19899<br>(302) 984-6000<br><br>*Attorneys for Defendant,<br>Delaware Park* |

Date:_____

_____
Signature

789499