**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SAMI ALMAKHADHI, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. A. No. 07-78-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| DELAWARE PARK, | ) | |
| | ) | |
| Defendant, | ) | |

**DEFENDANT DELAWARE PARK LLC'S**
**FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Delaware

Park LLC (named incorrectly herein as Delaware Park) (hereinafter "Delaware Park," the

"Company," or "Defendant") hereby propounds and serves the following written interrogatories

to Plaintiff, to be answered under oath and provided to Wendy K. Voss, Esquire, at the offices of

Potter Anderson & Corroon LLP, 1313 North Market Street, Wilmington, Delaware 19801,

within 30 days after service. These interrogatories are deemed to be continuing. The answers to

said interrogatories are to be kept current so as to require further or supplemental answers

between the time the interrogatories are served and the time of hearing or trial. If any of the

interrogatories cannot be answered in full, they should be answered to the extent possible.

**GENERAL INSTRUCTIONS**

1.      You shall supply information responsive to these interrogatories, whether

such information is in your direct or indirect possession, custody, or control. If you cannot

answer any interrogatory fully, answer the interrogatory to the extent possible and state your inability, and the reason for your inability, to answer the remainder of the question.

2.    If you claim any privilege as to any document covered by these interrogatories, please furnish a list identifying such document, and providing the following information with respect to each:

(a) a description of the document sufficiently particular to identify it for purposes of a court order;

(b) the date of the document;

(c) the number of pages of the document;

(d) a list of all persons who participated in the preparation of the document;

(e) a list of all persons who have received or reviewed copies of the document;

(f) a list of all persons to whom the document was circulated, or its contents communicated; and

(g) the nature of the protection claimed.

3.    If you claim that the attorney-client privilege or any other privilege applies to any communications other than documents sought by these interrogatories, the response shall include the following information:

(a) the date or approximate date of the communication;

(b) a description of the subject matter of the communication;

(c) each and every person who attended, participated in, or overheard the
communication;

(d) each and every document that relates to the substances of the
communication; and

(e) the nature of the privilege asserted and any statutes or rules that you
contend support your assertion of privilege.

4.    The past tense shall be construed to include the present tense, and vice
versa, to make the request inclusive rather than exclusive.

5.    "You" and/or "your" refer to the Plaintiff and/or his agents or
representatives.

6.    Any reference to "and" includes "or." Any reference to "or" includes
"and." Any reference to the singular includes the plural. Any reference to the plural includes the
singular. Any reference to the masculine, feminine or neuter includes the masculine, feminine
and neuter.

7.    "Identify", when referring to a natural person, shall mean to state the
person's full name, present or last known home address and telephone number, and present or
last known business address and telephone number.

8.    "Identify", when referring to a document and/or written communication,
shall mean to provide a description of the document sufficiently particular to identify it, the date
of the document, the number of pages of the document, a list of all persons who participated in
the preparation of the document, a list of all persons who have received or reviewed copies of the

3

document, a list of all persons to whom the document was circulated, or its contents communicated, and the current location of the document.

## INTERROGATORIES

1.      Describe with particularity all facts supporting Plaintiff's allegation that Defendant's termination of Plaintiff's employment was discrimination on the basis of race and/or national origin.

**RESPONSE:**

2.      Describe with particularity all facts supporting Plaintiff's allegation that Defendant's failure to promote Plaintiff in or about August 2005 was discrimination on the basis of race and/or national origin.

**RESPONSE:**

      3.      Describe with particularity all facts supporting Plaintiff's allegation that Defendant's termination of Plaintiff's employment was in retaliation for his complaints of discrimination.

**RESPONSE:**

      4.      Describe with particularity all facts supporting Plaintiff's allegation that Defendant's failure to promote Plaintiff in or about August 2005 was in retaliation for his complaints of discrimination.

**RESPONSE:**

      5.      Describe with particularity any and all terms or conditions of employment and/or adverse employment actions by Defendant that Plaintiff's alleges were due to discrimination and/or retaliation.

**RESPONSE:**

6.     State the name, address, and telephone number of any and all physicians, counselors or other persons who have been consulted by Plaintiff, or who attended, examined, or treated Plaintiff during the period February 1, 2001 to the present, including but not limited to medical doctors, nurses, psychiatrists, psychologists, counselors, members of the clergy, any hospitals, substance-abuse programs, clinics, and the like.

**RESPONSE:**

7.     State the monetary value of each and every damage of any kind claimed by Plaintiff to have resulted from Defendant's alleged wrongful acts, and the method by which such monetary value was calculated.

**RESPONSE:**

8.    Identify with specificity any non-monetary damage claimed by Plaintiff, and the remedy sought by Plaintiff for such alleged damage(s).

**RESPONSE:**

9.    Provide the following information regarding all inquiries or applications for employment made by Plaintiff during the period September 1, 2005 through the present, and for each inquiry or application identify the following:

      a.    The entity to which the inquiry or application was made;

      b.    The date and manner of such contacts; and

      c.    Whether an offer of employment resulted from such contact or inquiry.

**RESPONSE:**

7

10.     Identify the employer (including self-employment) and dates of employment for any work performed by Plaintiff during the period September 1, 2005 through the present.

**RESPONSE:**

11.     As to any employment identified in response to interrogatory number 10, state the total amount of compensation that Plaintiff received for such employment.

**RESPONSE:**

12.     State the total amount of any other income received by Plaintiff during the period September 1, 2005 through the present, and the source of that income.

**RESPONSE:**

13.    For each of Defendant's Requests for Admission that you do not unequivocally admit, state all facts supporting your decision not to admit.

**RESPONSE:**

POTTER ANDERSON & CORROON LLP

By: _____
   Wendy K. Voss (#3142)
   Jennifer C. Wasson (#4933)
   Hercules Plaza, Sixth Floor
   1313 North Market Street
   P.O. Box 951
   Wilmington, DE  19899
   (302) 984-6000
   wvoss@potteranderson.com
   jwasson@potteranderson.com

*Attorneys for Defendant Delaware Park, L.L.C.*

Dated:  July 12, 2007
806315

## CERTIFICATE OF SERVICE

I, Wendy K. Voss, hereby certify this 12th day of July, 2007, that the foregoing

**DEFENDANT'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF** was

electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court

Electronic Document Filing System) and two (2) true and correct copies were sent First Class

U.S. Mail, postage prepaid, to the following:

> Sami Almakhadhi
> 200 W. Creek Village E6
> Elkton, MD 21921
>
> and
>
> Sami Almakhadhi
> P.O. Box 7392
> Newark, DE 19714

Wendy K. Voss (#3142)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000 - Telephone
(302) 658-1192 - Facsimile
wvoss@potteranderson.com

806315