## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMI ALMAKHADHI, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. A. No. 07-78-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| DELAWARE PARK, | ) | |
| | ) | |
| Defendant, | ) | |

### DEFENDANT DELAWARE PARK LLC'S FIRST REQUEST FOR PRODUCION OF DOCUMENTS  DIRECTED TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Delaware Park LLC (named incorrectly herein as Delaware Park) ("Delaware Park," the "Company," or "Defendant"), hereby requests that Plaintiff produce for inspection and copying to Wendy K. Voss, Esquire, at the offices of Potter Anderson & Corroon LLP, 1313 North Market Street, Wilmington, Delaware 19801, within 30 days after service of this request, the documents designated below.

### GENERAL INSTRUCTIONS

1.      In responding to this request for production of documents, the responding party is requested to furnish all documents that are in his possession, custody or control, including information in the possession of his attorneys or other persons directly or indirectly employed or retained by him, or connected with the responding party or his attorneys, or anyone else acting on his behalf or otherwise subject to his control.

2.      If the responding party cannot respond to any document request in full, he should respond to the fullest extent possible, explain why he cannot respond to the remainder, and describe the nature of the documents that he cannot furnish.

3.    The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

## DEFINITIONS

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

1.    "Document" includes, but is not limited to, any writing, whether printed, typewritten, handwritten, recorded or produced by any electronic, magnetic or other mechanical process, including the originals or copies when originals are not available, and any non-identical copies, including any copy that has been modified or annotated in any way. Such documents include, but are not limited to, any writing filed for reporting or other purposes with any federal, state or local agency; notes; memoranda; letters; correspondence; telegrams; intraoffice or interoffice communications; circulars, bulletins; manuals; results of investigations; progress reports; analyses; projections; studies made by or for any business or personal use; working papers; contracts; agreements; affidavits; declarations; statements; bills; books of accounts; vouchers; evaluations; drawings; calendars; financial ledgers; photographs; bank checks; pay stubs; invoices; charge slips; receipts; expense accounts; statistical records; cost sheets; journals; diaries; personal notes; time sheets or logs; computer data (whether in written, magnetic, electronic, physical or other form); computer disks; audio or video recordings; job or transaction files; appointment books; books; records, copies, extracts and summaries of documents; and preliminary intermediate and final drafts of any of the above, whether used or not.

2. "Communication" or "communications" means any type of oral, written or visual contact(s) between two or more persons in which information, facts, statements, conversations or opinions were exchanged, imparted or received, including by way of example and without limitation, personal conversations, telephone conversations, letters, electronic mail messages, meetings, memoranda, telegraphic and telex communications or transmittals of documents, and all documents concerning such writing or such oral conversation.

3. "Person," "persons" or "people" shall include both the singular and plural and shall include natural persons, firms, corporations, partnerships, associations, joint ventures and any other form of business organization or arrangement, government and/or government agencies of every nature and type.

4. "Relating to" or "relates to" means consisting of, connected or involved with, addressing the subject matter of, or summarizing or describing in any way.

5. Any reference to "and" includes "or." Any reference to "or" includes "and." Any references to the singular include the plural. Any reference to the plural includes the singular. Any reference to the masculine, feminine or neuter includes the masculine, feminine and neuter.

6. If any document requested was at one time in existence, but is no longer in existence, your sworn response must state for each document:

(a) the type of document;

(b) the date upon which it ceased to exist;

3

(c) the circumstances under which it ceased to exist;

(d) the name, address, and telephone number of each person having knowledge of the circumstances under which it ceased to exist; and

(e) the name, address and telephone number of each person having knowledge of the contents thereof.

## PRIVILEGED MATERIAL

For any documents withheld on grounds of privilege, or any other grounds, please provide a written response with the following information:

1.    a description of the document sufficiently particular to identify it for purposes of a court order;

2.    the date of the document;

3.    the number of pages of the document;

4.    a list of all persons who participated in the preparation of the document;

5.    a list of all persons who have received or reviewed copies of the document;

6.    a list of all persons to whom the document was circulated, or its contents communicated; and

7.    the nature of the protection claimed.

## INSTRUCTIONS

4

All documents, including any document recorded or stored in electronic form, shall be produced in hard copy for inspection and copying.

## **DOCUMENTS TO BE PRODUCED**

1.    Any and all documents identified by Plaintiff in his Rule 26(a) initial disclosures.

**RESPONSE:**

2.    Any and all documents provided by Plaintiff to the Delaware Department of Labor and/or the United States Equal Employment Opportunity Commission in regard to his Charge of Discrimination, filed on or about April 26, 2006.

**RESPONSE:**

3.    Any and all documents identified in or reviewed in preparation for Plaintiff's responses to Defendant's first set of interrogatories directed to Plaintiff.

**RESPONSE:**

4.    Any and all documents reviewed in preparation for Plaintiff's responses to Defendant's first requests for admission directed to Plaintiff.

**RESPONSE:**

5.    Any and all documents evidencing or relating in any way to Plaintiff's claims that Defendant's termination of Plaintiff's employment was discriminatory/retaliatory.

**RESPONSE:**

6.    Any and all documents evidencing or relating in any way to Plaintiff's claims that Defendant's failure to promote Plaintiff in or about August 2005 was discriminatory/retaliatory.

**RESPONSE:**

6

7.    Any and all documents evidencing that Plaintiff's terms or conditions of employment at Delaware Park were discriminatory/retaliatory.

**RESPONSE:**

8.    Any and all documents evidencing that Delaware Park took adverse employment action(s) against Plaintiff due to discrimination/retaliation.

**RESPONSE:**

9.    Any and all writings or correspondence, including but not limited to diary entries, journals, email and other electronic correspondence, relating to or describing Plaintiff's claims of discrimination/retaliation.

**RESPONSE:**

10.    Any and all documents evidencing or relating in any way to Plaintiff's alleged monetary damages.

**RESPONSE:**

11.     Any and all documents evidencing or relating in any way to Plaintiff's alleged non-monetary damages.

**RESPONSE:**

12.     Any and all documents evidencing compensation received by Plaintiff for work performed for any employer other than Delaware Park, including self-employment, during the period September 1, 2005 through the present.

**RESPONSE:**

13.     Any and all documents evidencing or relating to employment benefits provided to Plaintiff for work performed for any employer, other than Delaware Park, during the period September 1, 2005 through the present.

**RESPONSE:**

8

14.    Any and all documents evidence or relating to any income received by Plaintiff during the period September 1, 2005 through the present, other than income received from Delaware Park or identified/produced in response to the foregoing document requests.

**RESPONSE:**

15.    Any and all documents related to Plaintiff's inquires regarding or applications for employment from September 1, 2005 through the present.

**RESPONSE:**

16.    Plaintiff's state and federal tax returns for the years 2005 and 2006, and through the present.

**RESPONSE:**

17.    The complete file(s) of any and all expert witnesses retained by Plaintiff and expected to testify at trial, including any expert reports, documents provided to said experts by Plaintiff, documents reviewed by said experts, and any documents or drafts created by said experts.

**RESPONSE:**

POTTER ANDERSON & CORROON LLP

By: _____

Wendy K. Voss (#3142)
Jennifer C. Wasson (#4933)
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000
wvoss@potteranderson.com
jwasson@potteranderson.com

*Attorneys for Defendant Delaware Park, L.L.C.*

Dated:  July 12, 2007
806317

## CERTIFICATE OF SERVICE

I, Wendy K. Voss, hereby certify this 12th day of July, 2007, that the foregoing

**DEFENDANT DELAWARE PARK LLC'S FIRST REQUEST FOR PRODUCTION OF**

**DOCUMENTS DIRECTED TO PLAINTIFF** was electronically filed with U.S. District Court

District of Delaware via CM/ECF (Official Court Electronic Document Filing System) and two

(2) true and correct copies were sent First Class U.S. Mail, postage prepaid, to the following:

> Sami Almakhadhi
> 200 W. Creek Village E6
> Elkton, MD 21921
>
> and
>
> Sami Almakhadhi
> P.O. Box 7392
> Newark, DE 19714

Wendy K. Voss (#3142)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000 - Telephone
(302) 658-1192 - Facsimile
wvoss@potteranderson.com

806317

11