## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMI ALMAKHADHI, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. A. No. 07-78-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| DELAWARE PARK, | ) | |
| | ) | |
| Defendant, | ) | |

## DEFENDANT DELAWARE PARK LLC'S CORRECTED FIRST REQUESTS FOR ADMISSION  DIRECTED TO PLAINTIFF - CORRECTED

Pursuant to Fed. R. Civ. P. 36 and the local rules of the District of Delaware, Defendant Delaware Park LLC (named incorrectly herein as Delaware Park) ("Delaware Park," the "Company," or "Defendant") hereby requests that Plaintiff, Sami Almakhadhi, admit the truth of the matters set forth herein and provide such responses in writing to Wendy K. Voss, Esquire, at the offices of Potter Anderson & Corroon LLP, 1313 North Market Street, Wilmington, Delaware 19801, within 30 days after service of the requests.

### Instructions

1.    The words "and" and "or" shall be construed in the conjunctive or disjunctive where necessary to facilitate appropriate responses to the admissions requested.

2.    The singular shall be construed to include the plural, and vice-versa where necessary, to facilitate appropriate responses to the admissions requested.

3.    The past tense shall be construed to include the present tense, and vice-versa where necessary, to facilitate appropriate responses to the admissions requested.

4.     In responding to the requested admissions, Plaintiff shall seek out all available information, not merely information of which Plaintiff currently has actual knowledge.

5.     If Plaintiff objects to any admission requested, fully state the basis for that objection.

6.     If Plaintiff believes he must qualify or deny part of a requested admission, specify so much of the requested admission as Plaintiff believes is true and qualify or deny the remainder. If an answer to a request for admission is qualified, set forth the exact nature and extent of that qualification.

7.     Any denial or refusal to admit must be specific and must set forth in detail the reasons for the denial or refusal. Any denial or refusal must fairly meet the substance of the requested admission.

## Definitions

1.     "Plaintiff" or "you" means Sami Almakhadhi and all other persons acting on his behalf.

2.     "Defendant" means Delaware Park LLC and its directors, officers, agents, employees, and all other persons acting on its behalf, and its present and past affiliated or associated entities of whatever kind.

2

### REQUESTS FOR ADMISSION

1.  Admit that you never complained directly to Shannon DeLucia that you were the victim of discrimination at Delaware Park.

**RESPONSE:**

2.  Admit that your back condition as it existed on May 17, 2005 continued through February 12, 2006.

**RESPONSE:**

3.  Admit that the work restrictions imposed by your physician effective May 17, 2005 (as per the attached Exhibit A) continued through February 12, 2006.

**RESPONSE:**

3

4.    Admit that the work restrictions imposed by your physician effective September 2, 2005 (as per the attached Exhibit B) continued through your termination of employment by Delaware Park.

**RESPONSE:**

5.    Admit that, as of February 12, 2006, you were unable to repeatedly lift 40 pounds without difficulty.

**RESPONSE:**

6.    Admit that you currently are unable to repeatedly lift 40 pounds without difficulty.

**RESPONSE:**

7.     Admit that, as of February 12 2006, the job description attached as Exhibit C was the job description for the position of Booth Cashier at Delaware Park.

**RESPONSE:**

8.     Admit that, as of February 12, 2006, the ability to repeatedly lift 40 pounds without difficulty was a qualification for the position of Booth Cashier at Delaware Park.

**RESPONSE:**

9.  Admit that your Delaware Park sponsored health insurance coverage (including dependent coverage) was initially terminated effective February 28, 2006.

**RESPONSE:**

10.  Admit that your Delaware Park sponsored health insurance coverage (including dependent coverage) was later extended beyond February 28, 2006.

**RESPONSE:**

11.  Admit that your Delaware Park sponsored health insurance coverage (including dependent coverage) was finally terminated effective March 31, 2006.

**RESPONSE:**

12.    Admit that you were never actively at work at Delaware Park after September 2, 2005.

**RESPONSE:**

13.    Admit that you continued to participate in Delaware Park sponsored health insurance plan(s) (including dependent coverage) during the period September 1, 2005 through your termination of employment.

**RESPONSE:**

14.    Admit that Delaware Park continued to make its regular employer contribution to the cost of your Delaware Park sponsored health insurance coverage (including dependent coverage) during the period September 1, 2005 through your termination of employment.

**RESPONSE:**

15.    Admit that you were selected for promotion to the position of Satellite Cashier at Delaware Park in 2004.

**RESPONSE:**

16.    Admit that you elected not to remain in the position of Satellite Cashier and to return to your former position of Booth Cashier in 2004.

**RESPONSE:**

7

17.    Admit that you filed your Charge of Discrimination against Delaware Park with the Delaware Department of Labor and/or United States Equal Opportunity Commission on April 26, 2006.

**RESPONSE:**

POTTER ANDERSON & CORROON LLP

By: _____

Wendy K. Voss (#3142)
Jennifer C. Wasson (#4933)
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000
wvoss@potteranderson.com
jwasson@potteranderson.com

*Attorneys for Defendant Delaware Park, L.L.C.*

Dated:  July 16, 2007
800740

# EXHIBIT A

# MID ATLANTIC SPINE

100 Beck's Woods Drive
Suite 102
Bear, DE 19701
(302) 392-6501

126 E. High Street
Elkton, MD 21921
(410) 392-3385

Patient Name _Sami Almakhadhi_    Date: _5·17·05_

Diagnosis: _hern. lumb. disc_

Date of last treatment: _5·17·05_    Date of next appointment: _4 weeks_

☐ Patient is Totally Disabled

　　　No Work/School    From: _____    To: _____

☑ Patient is Partially Disabled

　　　　　　　From: _5·17·05_    To: _4 wks·_

　　　　　　　May Work _8_ Hours Per Day

**Restrictions:**

☒ No ~~stairs~~/climbing
☑ No prolonged standing/walking
☑ No prolonged sitting
☒ No lifting over _20_ lbs.
☐ **No overhead work**
☑ **No squatting, crawling, kneeling, stooping**
☑ **No repetitive bending and twisting**
☐ **Other:** _____

Return to Work:

　　Patient may return to work without restrictions on _____

　　Comments: _pt. has procedures / diagnostic_
　　_studies pending_

Physician Signature _Jonh J Herbaugh PA-C_

MAP-028

DDOL FOIA
000062

# EXHIBIT B

**Christiana Care Family Medicine Center**
1401 Foulk Road
Wilmington, DE 19803-2727
302-477-3300  Fax: 302-477-3311

September  2, 2005

SAMI ALMAKHABHI          YLTC 05751
PO BOX 7392
NEWARK, DE  19714

Dear Delaware Park, Risk Management,

Please note the following limitations for my patient:
No lifting greater than 20 lbs
No prolonged standing
No repetitive bending or twisting

Pt with disk herniation at L4-5 with compression on the dural sac and lateralizing to the left and occupying the L lateral recess of L4-5.

He has had a repeat evaluation by me 9/2/05.

        If there are any questions please feel free to call me.  Thank you.

Sincerely,

*Mary C Leddy DO*

Mary C. Leddy DO



FAXED
Leo/SLS
SEP 0 2 2005

DELAWARE PARK
RISK MANAGEMENT

RECEIVED

SEP 0 2 2005

DELAWARE PARK
RISK MANAGEMENT

# EXHIBIT C

JOB TITLE:     Booth Cashier, Cage Operations, Accounting Operations
JOB CODE:     1129                    EEO - 9
DEPT. CODE:   112                     NON-EXEMPT
SALARY:        $9.00 - $13.00          BARGAINING UNIT
*********************************************************************************************

SUPERVISES:

REPORTS TO: Cashier Shift Supervisors, Cashier Shift Manager, Asst. Cage Manager, Cage
              Manager

EDUCATION:   High School Diploma or equivalent preferred.

EXPERIENCE: Previous money handling experience necessary. Excellent verbal and written
              communication skills required. Must be able to lift 40 pounds repeatedly without
              difficulty and walk and stand for extended periods of time.

SCHEDULE REQUIREMENTS:  Able to work a flexible schedule based on the needs of the
                         business. Must be able to work weekends and holidays as
                         required.

*********************************************************************************************
JOB RESPONSIBILITIES:

- Responsible for safeguarding of Company assets during cashiering procedures.
- Responsible to ensure Federal cash reporting requirements are met.
- Responsible for accurate exchange of currency and coin.
- Responsible for accurate disbursement of jackpot payouts and hopper fills.
- Responsible to work all front line window locations, including maintaining self-redemption
  booths.
- Counts and verifies all cash turn-ins to the Satellites Cashiers.
- Complies with State regulations and Company internal controls.
- Promotes outstanding customer service.
- Performs all other duties as assigned.

POSTED:

CLOSES:                                                              4/1/01

## CERTIFICATE OF SERVICE

I, Wendy K. Voss, hereby certify this 16th day of July, 2007, that the foregoing

**DEFENDANT DELAWARE PARK LLC's FIRST REQUEST FOR ADMISSION**

**DIRECTED TO PLAINTIFF – CORRECTED** was electronically filed with U.S. District

Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) and

two (2) true and correct copies were sent First Class U.S. Mail, postage prepaid, to the following:

> Sami Almakhadhi
> 200 W. Creek Village E6
> Elkton, MD  21921
>
> and
>
> Sami Almakhadhi
> P.O. Box 7392
> Newark, DE  19714

Wendy K. Voss (#3142)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000 - Telephone
(302) 658-1192 - Facsimile
wvoss@potteranderson.com

800740