# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

SAMI ALMAKHADHI,                      )
                                      )
                Plaintiff,            )        Civ. A. No. 07-78-JJF
                                      )
        v.                            )
                                      )
DELAWARE PARK,                        )
                                      )
                Defendant,            )


## DEFENDANT DELAWARE PARK, LLC'S BRIEF IN PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND


Wendy K. Voss (#3142)
Jennifer C. Wasson (#4933)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
wvoss@potteranderson.com - Email
jwasson@potteranderson.com - Email

*Attorneys for Defendant, Delaware Park, L.L.C*

Dated:  October 22, 2007

## TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDINGS ....................................................................1

SUMMARY OF ARGUMENT ............................................................................................3

ARGUMENT ...................................................................................................................4

I.    LEGAL STANDARD.................................................................................................5

II.   PLAINTIFF'S PROPOSED HOSTILE WORK ENVIRONMENT CLAIMS ARE
      FUTILE    ..........................................................................................................5

      A.    Plaintiff's Proposed Hostile Environment Claims Are Futile Due to His Failure
            To Exhaust His Administrative Remedies................................................................5

      B.    Plaintiff's Proposed Hostile Environment Claims Are Futile Because His
            Allegations Do Not State Actionable Claims ........................................................9

III.  PLAINTIFF'S PROPOSED FMLA CLAIM ALLEGING DENIAL OF LEAVE IS
      FUTILE BECAUSE HE RECEIVED SUBSTANTIALLY MORE LEAVE THAN THE
      FMLA REQUIRES ...............................................................................................12

IV.   PLAINTIFF'S PROPOSED STATE LAW DISCRIMINATION CLAIMS ARE
      FUTILE.................................................................................................................15

V.    PERMITTING PLAINTIFF'S FUTILE CLAIMS WOULD BE PREJUDICIAL TO
      DELAWARE PARK .............................................................................................15

CONCLUSION.................................................................................................................16

# TABLE OF AUTHORITIES

**CASES**

**Pages**

*Anjelino v. New York Times Co.*,
200 F.3d 73 (3d Cir. 1999)..................................................................8, 9

*Antol v. Perry*,
82 F.3d 1291 (3d Cir. 1996)..................................................................6

*Bell Atlantic Corp. v. Twombly*,
127 S. Ct. 1955 (2007)..................................................................9, 10

*Blozis v. Mellon Trust of Delaware Nat'l Ass'n*,
494 F. Supp. 2d 258 (D. Del. 2007)..................................................................15

*Butterbaugh v. Chertoff*,
479 F. Supp. 2d 485 (W.D. Pa. 2007)..................................................................8

*Cole v. Delaware Tech. & Cmty. Coll.*,
459 F. Supp. 2d 296 (D. Del. 2006)..................................................................11

*Doe v. Kohn Nast & Graf, P.C.*,
866 F. Supp. 190 (E.D. Pa. 1994)..................................................................8

*Fogelman v. Greater Hazelton Health Alliance*,
122 Fed. Appx. 581 (3d Cir. 2004)..................................................................14

*Foster v. JLG Indus., Inc.*,
199 Fed. Appx. 90 (3d Cir. 2006)..................................................................6, 9

*Harris v. Forklift Sys., Inc.*,
510 U.S. 17 (1993)..................................................................6, 10

*Harris v. Supervalu Holdings-PA LLC*,
2007 WL 1175631 (W.D. Pa. Apr. 20, 2007)..................................................................16

*Hill v. City of Scranton*,
411 F.3d 118 (3d Cir. 2005)..................................................................5

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir. 1997)..................................................................5

*Johnson v. Geico Cas. Co.*,
2007 WL 2812910 (D. Del. Sept. 27, 2007)..................................................................10

*Katekovich v. Team Rent A Car,*
    36 Fed. Appx. 688 (3d Cir. 2002) ............................................................................... 14

*Kidd v. MBNA Am. Bank,*
    93 Fed. Appx. 399 (3d Cir. 2004) ............................................................................... 11

*Lorah v. Dep't Natural Res. & Env't. Control,*
    2007 WL 2049908 (D. Del. July 16, 2007) ................................................................. 10

*Mease v. Wilmington Trust Co.,*
    2007 WL 901550 (D. Del. Mar. 26, 2007) ................................................................. 15

*Meritor Sav. Bank, FSB v. Vinson,*
    477 U.S. 57 (1986) ...................................................................................................... 10

*Miller v. Personal-Touch of Virginia, Inc.,*
    342 F. Supp. 2d 499 (E.D. Va. 2004) ......................................................................... 14

*Moon v. Delaware River & Bay Auth.,*
    2006 WL 462551 (D. Del. Feb. 24, 2006) .................................................................... 7

*Parker v. State of Delaware Dep't Pub. Safety,*
    11 F. Supp. 2d 467 (D. Del. 1998) .............................................................................. 11

*Phillips v. Household Finance Corp.,*
    2007 WL 1830897 (D. Del. June 25, 2007) ................................................................ 15

*Ragsdale v. Wolverine World Wide, Inc.,*
    535 U.S. 81 (2002) ...................................................................................................... 14

*Ramon v. AT&T Broadband,*
    195 Fed. Appx. 860 (11th Cir. 2006) ........................................................................ 7

*Revis v. Slocomb Industries, Inc.,*
    814 F. Supp. 1209 (D. Del. 1993). ........................................................................... 6, 7

*Robinson v. Dalton,*
    107 F.3d 1018 (3d Cir. 1997) ........................................................................................ 5

*Sanchez v. Standard Brands, Inc.,*
    431 F.2d 455 (5th Cir. 1970) ...................................................................................... 8

*Schouten v. CSX Transportation, Inc.,*
    58 F. Supp. 2d 614 (E.D. Pa. 1999) .............................................................................. 8

*Shipley v. Orndoff,*
    491 F. Supp. 2d 498 (D. Del. 2007) .............................................................................. 5

**STATUTES**

19 Del. C. § 710 *et seq.* ..................................................................................................15

19 *Del. C.* § 720 *et seq.*..................................................................................................15

19 *Del. C.* § 727 ...............................................................................................................15

29 U.S.C. § 2611(11) ........................................................................................................12

29 U.S.C. § 2612(a)(1).......................................................................................................12

29 U.S.C. § 2612(a)(1)(D) .................................................................................................12

Title VII of the Civil Rights Act of 1964 ("Title VII") ....................................................1

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6).......................................................................................................9

Fed. R. Civ. P. Rule 15(a)...................................................................................................5

Fed. R. Civ. P. Rule 26(f) ...................................................................................................2

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff, a former employee of Delaware Park, LLC (hereinafter "Delaware Park"), filed a Charge of Discrimination with the Delaware Department of Labor on April 26, 2006. In his Charge, Plaintiff alleged discrimination and retaliation on the basis of national origin and disability. Specifically, he claimed that Delaware Park denied him a reasonable accommodation, denied him promotions, and discharged him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans With Disabilities Act ("ADA"). (Pl.'s Br., D.I. 41, Ex. C.) Plaintiff's Charge was devoid of any allegations, express or implied, demonstrating that he experienced a hostile work environment. Instead, the primary thrust of Plaintiff's Charge was Delaware Park's denial of his request for light duty work. (*Id.*)

On September 29, 2006, the Department of Labor reached a "No Cause" determination and issued Plaintiff a Final Determination and Right to Sue Notice. In its Final Determination and Right to Sue Notice, the Department of Labor addressed Plaintiff's claims for failure to accommodate, failure to promote, and wrongful discharge, but made no mention of hostile work environment. (Pl.'s Br., Ex. C.) The EEOC adopted the Department of Labor's findings and issued its own Dismissal and Notice of Rights on January 16, 2007. (Pl.'s Br., Ex. D.) Plaintiff filed his complaint in this Court on February 12, 2007.

Initially prosecuting this action *pro se*, Plaintiff utilized the Court's standard form complaint for Title VII claims. (Pl.'s Br., Ex. E.) He included a jury demand in handwriting on the face of the complaint and completed the form in its entirety. (*See id.*) Plaintiff indicated in the spaces provided on the form that his complaint pertained to termination and failure to promote on the basis of race and national origin. (*Id.*) While Plaintiff had the opportunity to include other allegations, which he could specify in his own words in a space provided for that

1

purpose, he did not do so. (*Id.*, at ¶ 10.) Plaintiff also did not expressly allege any claims under the ADA, although he attached his administrative charge (which alleged ADA claims) and his Final Determination and Right to Sue Notice from the Department of Labor (also discussing Plaintiff's ADA claims) to his Complaint. (D.I. 1.)

Plaintiff did not notify Delaware Park that he sought to bring any additional claims when the parties met for their Rule 26(f) conference on May 21, 2007. At that time, Plaintiff and counsel for Delaware Park discussed each aspect of their proposed Scheduling Order. The Court entered the parties' Scheduling Order on June 24, 2007, which provided that Plaintiff could amend his Complaint to add claims or parties until July 31, 2007, that discovery would begin immediately, and that written discovery would end on October 31, 2007. (D.I. 21.) Plaintiff did not attempt to amend his Complaint before the July 31, 2007 deadline. Case dispositive motions are due on November 27, 2007. The pretrial conference is scheduled for February 7, 2008; no trial date has been set. (D.I. 22; *see also* D.I. 21.) To date, both Plaintiff and Delaware Park have served and responded to written discovery requests.[1] No depositions have been taken.[2]

On or about September 12, 2007, after the deadline for amending the Complaint had passed, Plaintiff retained Delaware and Pennsylvania counsel to represent him in this lawsuit. Plaintiff's counsel approached Delaware Park's counsel about amending the Complaint on September 13, 2007. Delaware Park's counsel offered to stipulate to Plaintiff's proposed amendments, if appropriate, but asked to review the proposed Amended Complaint before giving a blanket consent. Plaintiff's counsel initially refused, but, after much discussion, gave

---

[1] Plaintiff's assertion in his opening brief that Delaware Park "has not fully responded" to Plaintiff's discovery requests is misleading. (Pl.'s Br. at 3.) On October 2, 2007, when Plaintiff's opening brief was filed, Delaware Park's discovery responses were not yet due. Delaware Park has since timely responded to Plaintiff's discovery requests.

[2] Plaintiff's deposition was noticed, but postponed by agreement of the parties.

Delaware Park's counsel approximately three and one-half hours to review and consent to the proposed pleading. Given that Plaintiff's Amended Complaint did not merely "clarify" his existing claims, as is alleged in his opening brief, but added seven proposed causes of action, the majority of which are not colorable, Delaware Park's counsel declined to stipulate to the proposed amendments.

On October 2, 2007, Plaintiff filed his Motion for Leave to Amend. This is Delaware Park's answering brief, which opposes amendment of the Complaint to add claims for hostile work environment, denial of leave under the Family and Medical Leave Act ("FMLA"), and discrimination claims brought pursuant to state law.[3]

## SUMMARY OF ARGUMENT

A.    Plaintiff's hostile work environment claims are futile because he has failed to exhaust his administrative remedies; Plaintiff's underlying charge of discrimination did not allege such claims. Further, the allegations in Plaintiff's proposed Amended Complaint, even if true, do not set forth an actionable claim for hostile work environment.

B.    The allegations in Plaintiff's proposed amended complaint establish that that Delaware Park provided Plaintiff with leave substantially in excess of his twelve week entitlement under the FMLA, and that he could not have returned to work after his leave was exhausted. Therefore, his claim alleging denial of leave under the FMLA is futile.

---

[3]    Delaware Park does not oppose Plaintiff's claims for failure to promote and wrongful discharge based on race and national origin and also does not oppose his claims under the ADA. Neither does Delaware Park object to Plaintiff's addition of claims for retaliation under the FMLA and/or Delaware Worker's Compensation Act, insofar as these claims are timely.

C.    Plaintiff's state law discrimination claims also are futile.  The District Court previously has ruled that such state law claims cannot be pled concurrently with federal discrimination claims in this forum.

D.    The addition of Plaintiff's futile claims to this suit would be prejudicial to Delaware Park, would complicate this litigation and cause Delaware Park to expend unnecessary resources, and would burden the Court.

## ARGUMENT

Delaware Park does not oppose many of the claims set forth in Plaintiff's amended pleading, including those for failure to promote and wrongful termination based on race and national origin, and those for disability discrimination and failure to accommodate under the ADA – all of which were contemplated by Plaintiff's original Complaint and attachments thereto.  In addition, insofar as such claims are timely,[4] Delaware Park does not oppose Plaintiff's motion to add claims for retaliation under the FMLA and/or Delaware's workers compensation law.

However, the addition of the remainder of Plaintiff's proposed claims would be futile and thus prejudicial, and should not be permitted.  The Court should not be burdened with further hearing or ruling on such claims, and Delaware Park should not be forced to expend any time or additional    resources in litigating them.

---

[4]   Delaware Park expressly reserves the right to raise any appropriate defenses to Plaintiff's claims, including but not limited to the statute of limitations.

## I.    LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend his complaint after a responsive pleading is served only by leave of court or by written consent of the opposing party. While Rule 15 provides that leave to amend should be "freely given when justice so requires," a district court has discretion to deny a motion to amend if the proposed amendments would be futile. *See Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005); *Shipley v. Orndoff*, 491 F. Supp. 2d 498, 509 (D. Del. 2007). An amendment is futile when it does not state a claim for which relief could be granted. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "If the proposed amendment is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Shipley*, 491 F. Supp. at 509 (internal quotations and citations omitted).

## II.    PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIMS ARE FUTILE.

### A.    Plaintiff's Proposed Hostile Environment Claims Are Futile Due To His Failure To Exhaust His Administrative Remedies.

It is a well settled tenet of administrative law that a plaintiff must exhaust all administrative remedies before bringing suit. *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997). Although Plaintiff's opening brief generally cites to the correct standard for administrative exhaustion, concerning the scope of the administrative investigation reasonably arising from the allegations in the charge, he misapplies that standard in this case. Indeed, an examination of Plaintiff's Charge reveals that any claim for hostile work environment was not within the scope of the Charge.

In his Charge, Plaintiff alleged that he was denied a reasonable accommodation for a disability, denied promotions, and ultimately discharged on the basis of "national origin, disability, and retaliation." (Pl.'s Br., Ex. B.) Nowhere in the initial Charge is there any

allegations of fact that would form the basis for a claim of a hostile work environment, nor are there any allegations that would put Delaware Park on notice of the possibility of such a claim.

The absence of allegations demonstrating hostile work environment in Plaintiff's Charge becomes all the more clear in light of the elements of proof for this claim. To properly plead a claim for hostile work environment, Plaintiff must allege that "the workplace is permeated with `discriminatory intimidation, ridicule, and insult' that is `sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal citations omitted). None of the statements in Plaintiff's Charge come anywhere close to suggesting such conduct on the part of Delaware Park. Indeed, the Charge provides no support for the notion that Plaintiff intended to have the Department of Labor investigate his workplace for a hostile work environment, and the Department of Labor in fact did not do so. (*See* Final Determination and Notice of Rights, Pl.'s Br., Ex. C.) Therefore, such claims were not reasonably within the scope of Plaintiff's Charge and should not be permitted. *See, e.g., Foster v. JLG Indus., Inc.*, 199 Fed. Appx. 90, 93 (3d Cir. 2006) (affirming dismissal for failure to exhaust administrative remedies on motion to dismiss where claims were not asserted in underlying charges of discrimination), *cert. denied*, 127 S.Ct. 2911 (2007); *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996) (affirming summary judgment for employer on gender discrimination claim due to plaintiff's failure to exhaust his administrative remedies where charge of discrimination alleged only disability discrimination).

The futility of Plaintiff's proposed claim is demonstrated by cases such as *Revis v. Slocomb Industries, Inc.*, in which the Court granted summary judgment to the defendant employer on Revis' hostile work environment claim because the claim was not included in her EEOC charge, and therefore was unexhausted. The only possible basis in Revis' EEOC charge

6

for a hostile work environment claim was an allegation that Revis had been written up and suspended five times by her employer. 814 F. Supp. 1209, 1219 (D. Del. 1993). The court concluded that the inclusion of these facts would only cause the EEOC to investigate the specific acts alleged and would not have led to an investigation about a racially hostile work environment; therefore, the claim fell outside the permissible scope of the EEOC charge. *Id.*; *see also Ramon v. AT&T Broadband*, 195 Fed. Appx. 860, 864, 866 (11th Cir. 2006) (affirming summary judgment for defendant; holding hostile work environment claims were unexhausted when EEOC charge pertained to sex, national origin, and disability discrimination because, even though plaintiff claimed that her work environment was "harsher, more strict, and less rewarding than the environment of her coworkers," there was nothing in the EEOC charge that "reasonably points to the kind of pervasive and oppressive conditions that would allow us to conclude that [plaintiff] intended to have the EEOC investigate the workplace for a hostile work environment"); *Moon v. Delaware River & Bay Auth.*, 2006 WL 462551, at *3 (D. Del. Feb. 24, 2006) (granting summary judgment to employer on hostile work environment claim for failure to exhaust administrative remedies because there were no facts from which a hostile work environment claim could reasonably be inferred, nor would a reasonable investigation into the plaintiff's EEOC charges have encompassed a hostile work environment claim when charges pertained to failure to promote).

Tellingly, Plaintiff's opening brief does not address the exhaustion requirement in the context of his hostile work environment claims. Instead, Plaintiff focuses on his failure to check the appropriate boxes on his Charge with regard to his race and national origin claims, asserting

that this error is not fatal to bringing both types of claims in his Amended Complaint.[5]  (Pl.'s Br. at 7-8.)  The cases he cites for his position, however, are unavailing.  While these courts have stated that failure to check a box is not a fatal error, they have further explained that "the most important consideration in determining whether the plaintiff's judicial complaint is reasonably related to his EEOC charge is the factual statement."  *Doe v. Kohn Nast & Graf, P.C.*, 866 F. Supp. 190, 197 (E.D. Pa. 1994) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970)).  For example, in *Butterbaugh v. Chertoff*, which was cited by Plaintiff, the district court found that the failure to check a box did not preclude Butterbaugh from adding sexual harassment claims not raised in the initial EEOC charge, which involved allegations of retaliation. 479 F. Supp. 2d 485, 498 (W.D. Pa. 2007).  In doing so, however, the court expressly noted that the plaintiffs in that case – contrary to the situation here –  had "described the nature and extent of the harassment and identified its particular source" in the charge.  *Id.* at 499. Moreover, notwithstanding its ruling on the plaintiffs' sexual harassment claims, the court dismissed the plaintiffs' wrongful termination claims based on sex discrimination for non-exhaustion because such claims were not fairly within the scope of their administrative charges. *Id.* at 500.  Similarly, in *Schouten v. CSX Transportation, Inc.*, the court dismissed the plaintiff's retaliation claims for failure to exhaust administrative remedies after examining the allegations in the EEOC charge, which concerned racial discrimination, determining that such allegations failed to put the employer on notice of plaintiff's retaliation claims.  58 F. Supp. 2d 614, 617 (E.D. Pa. 1999).

Another of the cases cited by Plaintiff, *Anjelino v. New York Times Co.*, 200 F.3d 73 (3d Cir. 1999), is also inapposite.  The court in *Anjelino* allowed a hostile work environment sexual

---

[5]  Delaware Park does not oppose the addition of the racial discrimination claims, even though Plaintiff did not check this box on his initial Charge.

harassment claim to proceed, even though it was not specifically alleged in the EEOC charge, because the plaintiffs' description of their workplace in the charge as an "abusive atmosphere" was sufficient to give notice of a hostile work environment claim. *Id.* at 95. In contrast to the facts of *Anjelino*, however, an examination of Plaintiff's Department of Labor Charge and the resulting Final Determination and Notice of Right to Sue demonstrates unequivocally that the hostile work environment claims he now attempts to assert were wholly absent from the administrative proceedings, including his initial allegations, the Department of Labor's investigation, and its final determination. Consequently, Plaintiff has failed to exhaust his administrative remedies with regard to his hostile work environment claims, and they should not be added to this action.

### B.  Plaintiff's Proposed Hostile Environment Claims Are Futile Because His Allegations Do Not State Actionable Claims.

Furthermore, the allegations in Plaintiff's proposed Amended Complaint fail to set forth facts sufficient to state a claim for hostile work environment. Thus, this cause of action is futile because it would be subject to an immediate motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Foster,* 199 Fed. Appx. at 93-94 (3d Cir. 2006) (affirming dismissal of claims where allegations were insufficient to state a claim).

To resist a motion to dismiss, "enough facts [are required] to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). As explained by the Supreme Court, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, `this basic deficiency should . . . be exposed at the point of

minimum expenditure of time and money by the parties and the court.'" *Id.* at 1966 (citations omitted).[6]

Here, Plaintiff has failed to allege facts that are sufficient to state a claim for hostile work environment. To establish hostile work environment, a plaintiff must show actions which are sufficiently severe or pervasive to alter the conditions of employment. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986). Factors which indicate a hostile work environment include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23. The scant factual allegations in Plaintiff's Amended Complaint completely fail to meet this standard.

For example, Plaintiff asserts in conclusory fashion that he suffered "continuous and on-going discrimination at work," but identifies only two offensive comments made by fellow employees at undefined times. (Am. Compl. ¶ 13.) Plaintiff also makes vague claims about one manager who allegedly raised her voice and spoke to him in a disrespectful manner, but does not indicate why or how this contributed to a hostile work environment, much less when or how many times this allegedly occurred. (Am. Compl. ¶ 25.) Plaintiff then avers, again in conclusory fashion, that certain individuals at Delaware Park intended to harass him until he quit but cites no specific examples of this intent or the harassment he allegedly experienced. (Am. Compl. ¶ 28.) Finally, Plaintiff alleges that the discrimination "intensified" after his workers'

---

[6] The District Court has since applied the rule articulated in *Twombly* in dismissing a Title VII claim for gender discrimination. *See Lorah v. Dep't Natural Res. & Env't. Control*, 2007 WL 2049908, at *2 (D. Del. July 16, 2007) (explaining that factual allegations must raise the complainant's right to relief above the speculative level; conclusory labels or recitations are insufficient); *accord Johnson v. Geico Cas. Co.*, 2007 WL 2812910, at *1-2 (D. Del. Sept. 27, 2007) (citing *Twombly* in dismissing numerous state law claims such as breach of contract and consumer fraud).

10

compensation hearing, but once again provides no facts demonstrating this purported discrimination or how it increased.  (Am. Compl. ¶ 29.)

Plaintiff's vague and factually unsupported allegations are not sufficient to show severity or pervasiveness, as is required to state a hostile work environment claim.  *See, e.g., Kidd v. MBNA Am. Bank*, 93 Fed. Appx. 399, 402 (3d Cir. 2004) (affirming grant of summary judgment for employer on racially hostile work environment claim; a few disparaging comments referencing plaintiff's national origin were insufficient to meet the pervasiveness requirement); *Cole v. Delaware Tech. & Cmty. Coll.*, 459 F. Supp. 2d 296, 307-08 (D. Del. 2006) (granting summary judgment to employer on hostile work environment claim; unsubstantiated, conclusory allegations that plaintiff was "talked down to and belittled" and "degraded" by employer were not sufficient to show objectively hostile work environment).

Furthermore, to the extent that Plaintiff seeks to bootstrap his hostile work environment claims to the factual allegations regarding failure to promote or his termination from Employment, this tactic cannot prevail.  Plaintiff may not base his hostile work environment claims on the decisions that underpin his disparate treatment claim.  *See Parker v. State of Delaware Dep't Pub. Safety*, 11 F. Supp. 2d 467, 476 (D. Del. 1998) (granting employer's motion to dismiss hostile work environment claim where claim was based on employment decisions underpinning plaintiff's disparate treatment claim and two other isolated incidents; explaining that allowing disparate treatment claims to be converted into a hostile work environment claim "would significantly blur the distinctions between both the elements that underpin each cause of action and the kinds of harm each cause of action was designed to address").

In short, even if the allegations in Plaintiff's Amended Complaint are taken as true, they fail to state a claim for hostile work environment. As a result, these claims would be subject to a motion to dismiss, are futile, and should not be permitted to go forward.

**III.   PLAINTIFF'S PROPOSED FMLA CLAIM ALLEGING DENIAL OF LEAVE IS FUTILE BECAUSE HE RECEIVED SUBSTANTIALLY MORE LEAVE THAN THE FMLA REQUIRES.**

In his opening brief, Plaintiff defends his proposed FMLA claims, arguing that "Delaware Park cannot make any reasonable argument that Mr. Almakhadhi's FMLA claim was not within the reasonable scope of the Department of Labor's investigation." (Pl.'s Br. at 10.) Such argument is simply irrelevant, and Plaintiff fails to address the critical flaw in his denial of leave claim – the allegations in his Amended Complaint establish that he received FMLA-qualifying leave substantially in excess of his twelve-week entitlement.[7]

Specifically, Plaintiff avers as follows:

- that he took FMLA leave for his back injury between April 13, 2005 and June 13, 2005, and that he took additional FMLA leave for periods of unspecified length prior to that time to care for his father and pregnant wife. (Am. Compl. ¶ 26.)

- that, beginning on September 2, 2005, Delaware Park placed him on leave after his doctor had reconfirmed that he was still subject to the medical restrictions necessitating his earlier FMLA leave. (Am. Compl. ¶ 30; *see also* doctor's confirmation of FMLA-qualifying medical restrictions, Ex. 1.[8])

- that Plaintiff was terminated from employment on February 12, 2006 after Delaware Park determined he had exhausted all available leave. (Am. Compl. ¶ 31.)

---

[7] *See* 29 U.S.C. § 2612(a)(1) (providing that "an [FMLA-] eligible employee shall be entitled to a total of 12 workweeks of leave during any 12 month period").

[8] *See* 29 U.S.C. § 2612(a)(1)(D) (entitling eligible employees to twelve weeks of leave for "a serious health condition that makes the employee unable to perform the functions of the position of such employee"); § 2611(11) (defining "serious medical condition").

Thus, it is undisputed that Plaintiff was continuously on leave due to his medical condition during the period September 2, 2005 through February 12, 2005. *See id.*; *see also See* Pl.'s Resp. to First Set of Req. for Admissions No. 12, Ex. 2 ("Admit that you were never actively at work at Delaware Park after September 2, 2005." Response: "They force me to go home and call everyday out."). Plaintiff's allegations and the doctor's certification referenced in his proposed Amended Complaint also establish that he suffered from an FMLA qualifying condition during that time. Am. Compl. ¶ 30; doctor's certification, Ex. 1; *see also* Pl.'s Resp. to Def.'s First Set of Req. for Admissions No. 2 , Ex. 2 ("Admit that your back condition as it existed on May 17, 2005 continued through February 12, 2006." Response: "Yes. It's the same. Only the pain is different."); Pl.'s Resp. to Def.'s First Set of Req. for Admissions No. 4, Ex. 2 ("Admit that the work restrictions imposed by your physician effective September 2, 2005 (as per the attached Exhibit 2) continued through your termination of employment by Delaware Park." Response: "Yes. The doctor is different but back injury restraction [sic] almost the same.").

Therefore, it is undisputed that, between September 2, 2005 and his termination of employment on February 12, 2006, Plaintiff received a full 23 weeks of FMLA-qualifying leave. Even assuming (without conceding) that Plaintiff was entitled to "new" FMLA leave as of October 12, 2005 as he alleges (Am. Compl. ¶ 27), he actually enjoyed a total of 17.5 weeks of qualifying leave from that date until his termination of employment – well more than is required by the FMLA.[9]

Finally, Plaintiff alleges that he has a continuing physical impairment because of his back injury that limits his activities (Am. Compl. ¶¶ 46-48), and has admitted that he could not have

---

[9] Plaintiff's further allegation that he was was entitled to "an additional *twelve weeks* of FMLA leave . . . at the time Delaware Park decided to terminate his employment (Am. Compl. ¶ 32) is contradictory, and without factual or legal foundation.

returned to work at the time of his termination from employment, *see* Pl.'s Resp. to Def.'s Req. for Admissions No. 5, Ex. 2 ("Admit that, as of February 12, 2006, you were unable to repeatedly lift 40 pounds without difficulty." Response: "Yes. But let me tell you that question in this admition [sic] is about workers' comp not discrimination."); Req. for Admission No. 8 ("Admit that, as of February 12, 2006, the ability to repeatedly lift 40 pounds without difficulty was a qualification for the position of Booth Cashier at Delaware Park." Response: "Yes."). Therefore, any claim under the FMLA is without merit. *See, e.g., Fogelman v. Greater Hazelton Health Alliance*, 122 Fed. Appx. 581, 587 (3d Cir. 2004) (granting judgment as a matter of law where plaintiff alleged she had not been properly informed of her FMLA rights; stating "Fogleman cannot show prejudice because her testimony establishes that she would not have been able to return to work without accommodation after the twelve-week period"); *Katekovich v. Team Rent A Car*, 36 Fed. Appx. 688, 690-91 (3d Cir. 2002) (granting summary judgment for employer on FMLA claim where employee was unable to return to work within twelve weeks).

In light of the facts he has alleged, Plaintiff has no actionable claim for improper denial of leave. *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81 (2002) (holding FMLA requires only that employees be permitted a maximum of twelve weeks of leave); *Miller v. Personal-Touch of Virginia, Inc.*, 342 F. Supp. 2d 499, 515 (E.D. Va. 2004) (granting summary judgment in favor of employer; plaintiff was not denied rights under the FMLA where she received the full twelve week entitlement). Plaintiff's proposed cause of action would be subject to an immediate motion to discuss (or, in the alternative, for summary judgment, is futile, would be prejudicial to Delaware Park, and should not be permitted.

14

## IV. PLAINTIFF'S PROPOSED STATE LAW DISCRIMINATION CLAIMS ARE FUTILE.

As the District Court previously has held, the Delaware Discrimination in Employment Act, 19 Del. C. § 710 *et seq.* ("DDEA"), "bars Plaintiff from seeking remedies for employment discrimination under both federal and state law in the federal forum." *Phillips v. Household Finance Corp.*, 2007 WL 1830897, at *4 (D. Del. June 25, 2007) (dismissing DDEA claims on motion to dismiss); *see also Blozis v. Mellon Trust of Delaware Nat'l Ass'n*, 494 F. Supp. 2d 258, 270 n.15 (D. Del. 2007) (ruling plaintiff was barred from seeking remedies provided by DDEA because she had elected a federal forum); *Mease v. Wilmington Trust Co.*, 2007 WL 901550, at *2 (D. Del. Mar. 26, 2007) (granting motion to dismiss plaintiff's DDEA claims when such claims were brought concurrently with ADEA claims in district court because "the clear language of the DDEA and the case law interpreting it present compelling reasons for such declination"). Plaintiff's proposed state law claims under the DDEA (regarding national origin, race, and retaliation) therefore are futile.

This outcome can be no different with respect to claims made under the Delaware Handicapped Persons Employment Protections Act ("DHPEPA"), 19 *Del. C.* § 720 et seq. The DHPEPA is enforced and administered in accordance with the procedures set forth for claims under the DDEA, including its election of remedies provision. 19 *Del. C.* § 727; *see also id.* § 710. Thus, Plaintiff's proposed addition of a state disability discrimination claim also is futile.

## V. PERMITTING PLAINTIFF'S FUTILE CLAIMS WOULD BE PREJUDICIAL TO DELAWARE PARK.

Contrary to Plaintiff's improper and irrelevant suggestion that his claims should be permitted because of Delaware Park's financial resources (*see* Pl.'s Br. at 12), no defendant should be forced to waste time and money needlessly litigating meritless claims, no matter how

15

substantial (or minimal) its resources. *See Harris v. Supervalu Holdings-PA LLC*, 2007 WL 1175631, at *3 (W.D. Pa. Apr. 20, 2007) (denying motion for leave to amend in part because defendants would be prejudiced by having to spend more money defending claims that should have been brought earlier). Similarly, the Court should not be required to needlessly expend judicial resources on meritless claims.

Plaintiff's further proposition that Delaware Park "cannot reasonably argue futility" because it "did not see fit to seek a more definite statement from Mr. Almakhadhi or, indeed, move to dismiss his lawsuit" is equally misguided. (Pl.'s Br. at 12.) For obvious reasons, no defendant would be obligated to move to dismiss claims that were not set forth in the complaint, and Plaintiff's arguments have no bearing on the issue of futility or prejudice.

## CONCLUSION

Therefore, for the foregoing reasons, Delaware Park respectfully requests that Plaintiff's hostile work environment claims, denial of leave claims under the FMLA, and discrimination claims under the Delaware Discrimination in Employment Act and the Delaware Handicapped Persons Employment Protections Act be precluded from his Amended Complaint.

POTTER ANDERSON & CORROON LLP

By: _____

Wendy K. Voss (#3142)
Jennifer C. Wasson (#4933)
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
wvoss@potteranderson.com - Email
jwasson@potteranderson.com - Email

16

*Attorneys for Defendant Delaware Park, L.L.C.*

Dated:  October 22, 2007
824937v3 / 14672-132

# EXHIBIT 1

**Christiana Care Family Medicine Center**
1401 Foulk Road
 Wilmington, DE 19803-2727
302-477-3300  Fax: 302-477-3311

September  2, 2005

SAMI ALMAKHABHI                    YLTC 05751
PO BOX 7392
NEWARK, DE  19714

Dear Delaware Park, Risk Management,

Please note the following limitations for my patient:
No lifting greater than 20 lbs
No prolonged standing
No repetitive bending or twisting

Pt with disk herniation at L4-5 with compression on the dural sac and lateralizing to the left and
occupying the L lateral recess of L4-5.

He has had a repeat evaluation by me 9/2/05.

If there are any questions please feel free to call me.  Thank you.

Sincerely,

Mary C Leddy DO

Mary C. Leddy DO

FAXED
Leo/SLS
SEP 0 2 2005

DELAWARE PARK
RISK MANAGEMENT

RECEIVED

SEP 0 2 2005

DELAWARE PARK
RISK MANAGEMENT

DP0048

# EXHIBIT 2

# ORIGINAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

SAMI ALMAKHADHI,                )
                                )
          Plaintiff             )
                                )
     v.                         )        C.A. No. 07-78 ( JJF)
                                )
DELAWARE PARK LLC,              )
                                )
          Defendant.            )

FILED U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2007 AUG 14  PM 3: 59

## Plaintiff SAMI ALMAKHADHI RESPONSE TO THE FIRST REQUEST FOR ADMISSION BY THE DEFENDANT Delaware Park, L.L.C.

By: _____ 8/14/07
        **Sami Almakhadhi
        P.O. Box 7392
        Newark, DE 19714**

## REQUESTS FOR ADMISSION

1.  Admit that you never complained directly to Shannon DeLucia that you were the victim of discrimination at Delaware Park.

**RESPONSE:**  Yes, I did complain directly to ShannonDelucia in April 4th 2006 after I received letter from her about the termination.

2.  Admit that your back condition as it existed on May 17, 2005 continued through February 12, 2006.

**RESPONSE:**  Yes. It's the same. Only the Pain is diffrent.

3.  Admit that the work restrictions imposed by your physician effective May 17, 2005 (as per the attached Exhibit A) continued through February 12, 2006.

**RESPONSE:**  No, thats not true. It was only for Four weeks. On May 17 I wasn't under workers Compensition I took FMLA for 2 months then I came back to my job.

4. Admit that the work restrictions imposed by your physician effective September 2, 2005 (as per the attached Exhibit B) continued through your termination of employment by Delaware Park.

**RESPONSE:** Yes. The doctor is diffrent but back injury resTraction almost the Same.

5. Admit that, as of February 12, 2006, you were unable to repeatedly lift 40 pounds without difficulty.

**RESPONSE:** Yes. But let me tell you that quesTion and most the Questions in this Admitia is about Worker's Comp Not discriminato

6. Admit that you currently are unable to repeatedly lift 40 pounds without difficulty.

**RESPONSE:** Yes.

4

7.    Admit that, as of February 12 2006, the job description attached as Exhibit C was the job description for the position of Booth Cashier at Delaware Park.

**RESPONSE:**    Yes.

8.    Admit that, as of February 12, 2006, the ability to repeatedly lift 40 pounds without difficulty was a qualification for the position of Booth Cashier at Delaware Park.

**RESPONSE:**    Yes.

9.  Admit that your Delaware Park sponsored health insurance coverage (including dependent coverage) was initially terminated effective February 28, 2006.

**RESPONSE:**    Initially? NO

10.  Admit that your Delaware Park sponsored health insurance coverage (including dependent coverage) was later extended beyond February 28, 2006.

**RESPONSE:**    Yes, only as a courtesy for me.

5

11. Admit that your Delaware Park sponsored health insurance coverage (including dependent coverage) was finally terminated effective March 31, 2006.

**RESPONSE:** Yes. but let me tell You that on March 1st to March 29th I did not have any Coverage So, It was re active and re terminated it in x48 hours Why?

12. Admit that you were never actively at work at Delaware Park after September 2, 2005.

**RESPONSE:** They force me to go home. and Call every day out. After that on Noumber 2005 Delaware Park admit that I injuried there and I talked to Ms Beverly Bob If I Can go back to work and She said No.

13. Admit that you continued to participate in Delaware Park sponsored health insurance plan(s) (including dependent coverage) during the period September 1, 2005 through your termination of employment.

**RESPONSE:** Yes.

14.    Admit that Delaware Park continued to make its regular employer contribution to the cost of your Delaware Park sponsored health insurance coverage (including dependent coverage) during the period September 1, 2005 through your termination of employment.

**RESPONSE:**    Yes, they did

15.    Admit that you were selected for promotion to the position of Satellite Cashier at Delaware Park in 2004.

**RESPONSE:**    Yes. for It is Promotion for People without back injury but for me with back injury It is not Promotion because the Position required 60 to 70 Mor Physical activity.

16.    Admit that you elected not to remain in the position of Satellite Cashier and to return to your former position of Booth Cashier in 2004.

**RESPONSE:**    Yes. and I explained to them why. and I am not the only one; Other Co-Worker elected not to remain in the Position.

7

17. Admit that you filed your Charge of Discrimination against Delaware Park with the Delaware Department of Labor and/or United States Equal Opportunity Commission on April 26, 2006.

**RESPONSE:** Yes. But the day I went there was April 4, 2006 and give me appointment on April 26, 2006

BY: _____

Sami Almakhadhi

P.O Box 7392

Newark, DE 19714

# CERTIFICATE OF SERVICE

I , SAMI ALMAKHADHI, hereby certify this 14th day of August, 2007, that the foregoing  PLAINTIFF Sami Almakhadhi, RESPONSE TO THE FIRST REQUEST FOR ADMISSION BY THE DEFENDANT was delivered by me  to the court and two (2) true and  correct copies to the defendant, to the following:

Wendy K. Voss
POTTER ANDERSON&CORROON LLP
Hercules Plaza, Sixth Floor
1313North Market Street
P.O. Box 951
Wilmington, DE 19899-0951

8/14/07

**Sami  Almakhadhi**
**P.O. Box 7392**
**Newark, Delaware 19714**
**(302)2930-5064**

## CERTIFICATE OF SERVICE

I hereby certify this 22nd day of October, 2007, that true and correct copies of the foregoing **DEFENDANT DELAWARE PARK, LLC'S BRIEF IN PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND** was electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) which will send notification of such filing that the document is available for viewing and downloading via CM/ECF to the following counsel of record:

>Glenn A. Brown, Esquire
>Real World Law, PC
>916 North Union Street, Suite #2
>Wilmington, DE 19805

I further certify this 22 of October, 2007, that one (1) true and correct copy of the above-mentioned document was sent First Class U.S. Mail, postage prepaid, to the following:

>Frank Conley, Esquire
>The Conley Firm
>7715 Crittendon Street, Suite 133
>Philadelphia, PA 19118

>Wendy K. Voss (#2874)
>POTTER ANDERSON & CORROON LLP
>Hercules Plaza, Sixth Floor
>1313 North Market Street
>P.O. Box 951
>Wilmington, DE 19899
>(302) 984-6000 - Telephone
>(302) 658-1192 - Facsimile
>wvoss@potteranderson.com - Email

>*Attorneys for Defendant Delaware Park, L.L.C.*

824937v3 / 14672-132