IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMI ALMAKHADHI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 07-78-JJF |
| | : | |
| DELAWARE PARK LLC, | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS**

I.   **INTRODUCTION AND PROCEDURAL HISTORY**

The Court is by now familiar with the procedural history of this case. Accordingly, Mr. Almakhadhi includes only the relevant history.

On February 12, 2007, Plaintiff Sami Almakhadhi initiated this lawsuit pro se. On June 24, 2007, this Court entered a Scheduling Order, providing that written discovery "shall be commenced so as to be completed by October 31, 2007." The Court also set a dispositive motion deadline of November 27, 2007.

On September 12, 2007, after the parties had engaged in written discovery, undersigned counsel filed a Motion for Pro Hac Vice appearance, which the Court granted on October 2, 2007.[1]

On October 26, 2007, Mr. Almakhadhi served his Second Set of discovery requests by mail and electronic mail. (See, collectively, Exhibit A.) At Mr. Almakhadhi's November 8,

_____

[1]    On October 2, 2007, through counsel, Mr. Almakhadhi filed a Motion for Leave to Amend his Pro Se Complaint. Mr. Almakhadhi's Motion for Leave to Amend is outstanding.

2007 deposition, counsel for Delaware Park represented to the undersigned that Delaware Park would not be responding to Mr. Almakhadhi's Second Set of discovery requests because they were "untimely."

On November 13, 2007, the undersigned contacted counsel for Delaware Park seeking confirmation that Delaware Park was refusing to respond to Mr. Almakhadhi's Second Set of discovery requests, so that Mr. Almakhadhi could seek the assistance of the Court. (See Exhibit B.) Rather than provide an answer to this good-faith query, Delaware Park instead engaged in obfuscation. (See Exhibit C.)

Continuing its gamesmanship, on November 16, 2007, Delaware Park served its objections to Mr. Almakhadhi's Second Set of discovery requests by mail only. (See, collectively, Exhibit D.) The entirety of Delaware Park's objections is 17 pages. Delaware Park made no effort to communicate its objections by facsimile or by electronic mail, despite its knowledge of the Court's schedule. Because of Delaware Park's needless delay, the undersigned received them on November 20, 2007.

On November 14, 2007, Mr. Almakhadhi filed a Motion to Compel and for Sanctions concerning Delaware Park's improper and incomplete discovery responses to Mr. Almakhadhi's First Set of discovery requests. In apparent response to that Motion to Compel, on November 16, 2007, Delaware Park sent a letter allegedly supplementing certain of its responses. (See Exhibit E.) Importantly, Delaware Park also revealed for the first time that it possessed relevant documents which it has withheld since as early as the Department of Labor's investigation. (Id.) Indeed, Delaware Park is only now making efforts to review documents in storage. (Id.) Mr. Almakhadhi raised his concerns about these revelations to Delaware Park. (See Exhibit F.) Delaware Park did not respond.

Because Delaware Park continues to engage in gamesmanship and refuses to fulfill its discovery obligations, Mr. Almakhadhi is compelled to again seek the assistance of the Court. Delaware Park's improper actions have prejudiced Mr. Almakhadhi's ability to prepare a dispositive motion by the Court's November 27, 2007 deadline. Indeed, Delaware Park's admissions that it has withheld relevant documents in this case has cast doubt on all of Delaware Park's discovery responses.

## II.  MR. ALMAKHADHI'S POSITION AND REASONING ON THE ISSUES

"Our system of civil litigation cannot function if parties . . . suppress information called for upon discovery." Auerbach v. Rival Mfg. Co., 879 F.2d 1196, 1201 (3d Cir. 1989) (quoting Rozier v. Ford Motor Co., 573 F.2d 1332, 1345 (5th Cir. 1978)), cert. denied, 493 U.S. 1023 (1990). Instead, the aim of the liberal discovery rules is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." U.S. v. Procter & Gamble Co., 356 U.S. 677, 683 (1958). As the Supreme Court stated in Hickman v. Taylor, "civil trials . . . no longer need be carried on in the dark. The way is now clear . . . for the parties to obtain the fullest possible knowledge of the issues and facts before trial." 329 U.S. 495, 501 (1947).

Delaware Park seeks to drag this litigation back to the dark days before the Federal Rules were enacted. Its gamesmanship includes not only delaying needlessly this litigation and multiplying its costs, but has now been revealed to include the concealment of evidence. Delaware Park's refusal to respond to Mr. Almakhadhi's Second Set of discovery requests demonstrates, again, that it is withholding relevant, potentially dispositive, documents.

Delaware Park has refused to provide *any* response to Mr. Almakhadhi's Second Set of discovery, using only boilerplate objections. In violation of the text and spirit of the Federal Rules, Delaware Park's obstructionism has prejudiced Mr. Almakhadhi. As Delaware Park intended with its tactics, it is now impossible for Mr. Almakhadhi to prepare a dispositive motion by the Court's deadline, much less to adequately prepare for trial.

## III. CONCLUSION

Wherefore, Mr. Almakhadhi respectfully requests that the Court compel Delaware Park to provide any information it has responsive to Mr. Almakhadhi's Second Set of discovery requests; extend Mr. Almakhadhi's dispositive motion deadline until 30 days after Delaware Park's complete responses to his discovery requests; prohibit Delaware Park from filing a dispositive motion; award to Mr. Almakhadhi the entirety of the attorney fees he has incurred to date; provide an adverse jury instruction at the trial of this matter; and issue any other sanctions the Court deems appropriate.

Respectfully submitted,

/s/ Frank Conley

Frank J. Conley, Esquire
**THE CONLEY FIRM**
7715 Crittenden Street, Suite 113
Philadelphia, PA 19118
(215) 836-4789
FConley@ConleyFirm.com

Glenn Brown, Esquire
Bar No. 4669
**Real World Law**
916 N. Union St #2
Wilmington, DE 19805
(302) 225-8340
glenn.brown@realworldlaw.com

Date: 21 November 2007



From: Frank Conley <fconley@conleyfirm.com>
Subject: **Almakhadhi--Discovery requests sent by mail today**
Date: 26 October 2007 1:52:43 PM EDT
To: "Wendy K. Voss" <wvoss@potteranderson.com>
Cc: Glenn Brown <glenn.brown@realworldlaw.com>
▶ 4 Attachments, 1.4 MB

Hi Wendy,

Attached are copies of Mr. Almakhadhi's second set of discovery requests, sent by mail to you today.

Best regards,

Frank

Second Set o....pdf (392 KB)

## THE CONLEY FIRM

7715 CRITTENDEN STREET
SUITE 113
PHILADELPHIA, PA 19118-2421
www.conleyfirm.com

FRANK J. CONLEY

TELEPHONE 215.350.5889
FACSIMILE 215.68000.16
E-MAIL fconley@conleyfirm.com

26 October 2007

Wendy Voss
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington Delaware • 19801

Re: <u>Almakhadhi v. Delaware Park LLC</u>, D.DE. No. 07-78-JJF

Dear Ms. Voss:

Enclosed are Mr. Almakhadhi's Second Set of Requests for Production; Second Set of Interrogatories; and Second Set of Requests for Admission.

Best regards,

Frank Conley

cc: Sami Almakhadhi
Glenn Brown, Esquire



Second Requ....pdf (302 KB)

Second Requ....pdf (615 KB)

Frank Conley, Esquire | 215.836.4789 | www.conleyfirm.com

The Conley Firm
7715 Crittenden Street, Suite 113
Philadelphia, PA 19118

*This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail and delete all copies of this message.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMI ALMAKHADHI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 07-78-JJF |
| | : | |
| DELAWARE PARK LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff Sami Almakhadhi ("Plaintiff"), by and through his undersigned counsel, requests that the following documents, software and things, defined as set forth in the Definitions following the requests, be produced by Defendant Delaware Park LLC ("Delaware Park") within the time period provided by Rule 34 of the Federal Rules of Civil Procedure, at the offices of The Conley Firm, 7715 Crittenden Street, Suite 113, Philadelphia, PA.

### INSTRUCTIONS

Responses shall be in writing and inserted in the spaces provided.

Each document request is to be responded to separately.

.

Except as otherwise specified herein, each document request relates to the period beginning January 1, 2002 through the date on which responses to the document requests are served.

Your responses shall be based upon information known to you or in the possession of your attorney or anyone else acting on your behalf, prepared for litigation or otherwise.

In the event you refuse to produce any document on grounds of any claimed privilege from discovery, state each ground for such claim of privilege, describe the document by date, author, recipients (including all persons who were shown or received a copy) and give a general description of the subject matter of the document.

These Requests for Production of Documents are continuing. If Delaware Park or its counsel becomes aware of any documents within the parameters of the Requests set forth below, or those in Mr. Almakhadhi's First Request for Production of Documents, after Defendant's production of documents, such additional responsive information shall be immediately furnished to Plaintiff's attorneys.

Defendant is requested to produce the documents organized and labeled to correspond with the specific requests numbered below.

.

## DEFINITIONS

As used in these Document Requests, the following terms shall have the meaning set forth below:

"You" or "your" shall mean Defendant Delaware Park LLC and any agent, representative, independent contractor and/or attorney acting on Defendant's behalf.

"Documents" shall mean all written, electronic and printed matter of any kind in your possession, custody or control which is either known to you or can be located or discovered by diligent effort, including the originals and non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including without limitation correspondence, e-mail, memoranda, notes, diaries, calendars, agenda, statistics, letters, work papers, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or aural records or representations of any kind (including without limitation photographs, charts, graphs, microfiche, microfilm, videotapes, recordings, motion pictures) and electronic, mechanical or electric records, or representations of any kind (including without limitation tapes, cassettes, discs (including, but not limited to, CD and DVD formats), computer directory listings, computer media of any description (whether in draft or otherwise, whether encrypted or in plain text, whether compressed in any fashion or uncompressed) and recordings. The term "documents" shall include visually perceptible copies and copies which are electronically perceptible by machine of any responsive items. The term "documents" shall also include data compilations (including without limitation documents contained on a computer media storage device

or otherwise stored on computer equipment, including e-mail) from which information can be obtained or translated if necessary through detection devices into reasonably useable form.

"Software" shall mean all materials relating to software systems and includes, but is not limited to, all currently existing or backed-up electronic representations including, but limited to, data files, programs, data images stored on any type of media such as hard drive, floppy diskette, magnetic tape or cartridge, the source code files, object code files, related command procedures, functional specifications, reference guides, design specifications and drawings, test plans, procedures and reports, documentation and other information in machine readable or document form which relate to the design and implementation of any and all software now in the possession, custody or control of the Defendant.

"Plaintiff" shall mean Sami Almakhadhi and any of his agents, attorneys or representatives.

To prevent confusion and provide consistency, this set of requests is numbered in sequence from Mr. Almakhadhi's First Requests for Production of Documents.

## REQUESTED DOCUMENTS, SOFTWARE AND THINGS

### REQUEST NO. 10

All documents concerning any of the job duties, responsibilities or activities for Delaware Park of Mr. Almakhadhi, Karlyn Dixon, Stacy Suhr, Frank Penta, Micki Nardo, Roberta Evans, Nancy Myshko, and Shannon DeLucia, including job descriptions for each position held by each person from January 2002 to the present.

## REQUEST NO. 11

All documents, including e-mails and other electronic records, in any way concerning Mr. Almakhadhi (including all files, including prior drafts, "deleted" files and file fragments containing information from electronic calendars and scheduling programs).

## REQUEST NO. 12

All word processing files, including prior drafts, "deleted" files and file fragments, containing information about or concerning any matter alleged in Mr. Almakhadhi's Delaware Department of Labor Charge, his Pro Se Complaint, and/or his Amended Complaint.

## REQUEST NO. 13

All documents and exhibits Delaware Park intends to use at trial.

## REQUEST NO. 14

All witness statements obtained by Delaware Park in this case.

## REQUEST NO. 15

Organizational charts from January 2002 to today for the Accounting/Cage Operations department.

## REQUEST NO. 16

All documents used in responding to Mr. Almakhadhi's Pro Se Complaint and to his Amended Complaint.

## REQUEST NO. 17

Copies of Delaware Park's affirmative action plans and other written submissions made pursuant to Title VII of the Civil Rights Act of 1964 or any other federal or state law proscribing discrimination because of race or national origin.

**REQUEST NO. 18**

All supervisors' manuals, notebooks and other written materials setting forth Delaware Park's personnel policies concerning wages, promotions and evaluation of employees.

**REQUEST NO. 19**

Copies of all EEO-l forms (or similar forms) prepared by Delaware Park during the period from January 2001 through the present.

**REQUEST NO. 20**

Form W-2, Form 1099 and other Internal Revenue Service forms for the period from January 2002 through the present for Mr. Almakhadhi.

**REQUEST NO. 21**

The complete personnel files of Karlyn Dixon, Stacy Suhr, Frank Penta, Micki Nardo, Roberta Evans, Nancy Myshko, and Shannon DeLucia,.

**REQUEST NO. 22**

The complete personnel files of all persons hired as an Impress Supervisor or Main Bank cashier since January 2005, with an identification of the race, national origin, and/or disability of each individual for whom such documents are produced.

**REQUEST NO. 23**

All documents concerning the promotion of employees to the positions of Impress Supervisor and Main Bank Cashier for the period from January 2001 through the present with an identification of the race, national origin, and/or disability of each individual for whom such documents are produced.

**REQUEST NO. 24**

All documents concerning leave of any kind requested or taken by persons in Accounting Operations since January 2002, with an identification of the race, national origin, and/or disability of each individual for whom such documents are produced.

**REQUEST NO. 25**

All documents concerning light duty assignments provided to persons in Accounting Operations since January 2002, with an identification of the race, national origin, and/or disability of each individual for whom such documents are produced.

**REQUEST NO. 26**

All documents supporting Delaware Park's First Defense to Mr. Almakhadhi's Pro Se Complaint.

**REQUEST NO. 27**

All documents supporting Delaware Park's Second Defense to Mr. Almakhadhi's Pro Se Complaint.

**REQUEST NO. 28**

All documents supporting Delaware Park's Third Defense to Mr. Almakhadhi's Pro Se Complaint.

**REQUEST NO. 29**

All documents concerning or containing any policy related to the creation, retention, storage, management or destruction of data, including but not limited to corporate policy and procedure manuals, policy memoranda, system restart procedures, e-mail retention policies, Year 2000 Plan, a 9/11 Recovery Plan, Disaster Recovery Plan and other related items.

**REQUEST NO. 30**

All policies concerning the retention and/or destruction of documents, whether in electronic or paper form, including any policy concerning the backing up or archiving of electronic records as well as any revisions, records or logs related to formulation or enforcement of that policy for the period January 2002 to the present.

**REQUEST NO. 31**

All minutes of the meetings of Board of Directors, from the time of Mr. Almakhadhi's first complaint to Delaware Park about discrimination that contain any references to consideration or discussions of preventing spoliation of potential evidence.

**REQUEST NO. 32**

A list of the user names and corresponding e-mail address for each person employed by you and identified in the disclosure made pursuant to Rule 26 by any party.

**REQUEST NO. 33**

All voice messaging records including but not limited to caller message recordings, digital voice recordings, interactive voice response unit (IVR/VRV) recordings, unified messaging files, and computer-based voice mail files to or from Mr. Almakhadhi, Karlyn Dixon, Stacy Suhr, Frank Penta, Micki Nardo, Roberta Evans, Nancy Myshko, and Shannon DeLucia, concerning Mr. Almakhadhi specifically, or generally concerning the race, national origin, disability, or worker's compensation claims of any Delaware Park employee from January 2002 to the present.

**REQUEST NO. 34**

All documents concerning Delaware Park's "administrative process" for terminating employment.

**REQUEST NO. 35**

All documents concerning the Cage Department's procedures for interviewing and selecting job candidates.

**REQUEST NO. 36**

All documents (formal or informal) concerning allegations of any kind of discrimination made at any time against Karlyn Dixon, Stacy Suhr, Frank Penta, Micki Nardo, Roberta Evans, Nancy Myshko, Shannon DeLucia, or Frank Penta.

**REQUEST NO. 37**

All documents (formal or informal, and including all investigation files and notes) concerning allegations of any kind of discrimination made against Delaware Park from January 2002 to the present, including those made by Mr. Almakhadhi.

Respectfully submitted,

_____

Frank J. Conley, Esquire
THE CONLEY FIRM
7715 Crittenden Street, Suite 113
Philadelphia, PA 19118
(215) 836-4789
FConley@ConleyFirm.com

Glenn Brown, Esquire
**Real World Law**
916 N. Union St #2
Wilmington, DE 19805
(302) 225-8340

Date: 26 October 2007

## CERTIFICATE OF SERVICE

I hereby certify that on 19 October 2007, a true and correct copy of the foregoing

was served via electronic mail and first-class mail upon the following:

Wendy Voss
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington Delaware • 19801

Frank Conley

Dated:  26 October 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMI ALMAKHADHI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 07-78-JJF |
| | : | |
| DELAWARE PARK LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### SECOND SET OF INTERROGATORIES

Plaintiff Sami Almakhadhi ("Plaintiff"), by and through his undersigned counsel, requests that Defendant Delaware Park LLC ("Delaware Park") respond to his Second Set of Interrogatories, under oath and within 30 days after service.

### INSTRUCTIONS

These Interrogatories are considered continuing and, therefore, should be modified or supplemented as you obtain further or additional information up to the time of trial of this case.

Where exact information cannot be furnished, estimated information is to be supplied. Where an estimate is used, it should be identified as such and accompanied by an explanation as to the basis on which the estimate was made and the reason exact information cannot be furnished.

"Documents" as used herein are defined as documents, records, books, papers, contracts, memoranda, invoices, correspondence, electronic mail, notes, photographs, drawings, charts, graphs, other writings, recording tapes, recording discs, mechanical or electronic information storage or recording elements (including any information stored on a computer or other electronic device, including voice mail), and any other "documents" as defined in Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001. If a document has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of subsequent notation or other modification of any kind whatever), each nonidentical copy is a separate document.

"Identify" or "specify" as to a person or persons means to state his or her full name, race, national origin, social security number, present or last known address, date of hire, and present or last known job classification or position.

"Identify" or "specify" as to a document means that the document should be identified with sufficient specificity to form the basis of a Rule 34 Fed. R. Civ. P. request, including the date, author, type of document and the present location and custodian of the document.

"Identify" when used in any context other than those set forth above means to describe the act, word, situation, event, etc. (and/or conduct, course of action of any nature whatsoever, including, without limitation, any failure to act, to engage in any

- 2 -

conduct, or to pursue any course of action), to be identified as fully as possible, and

identify each document or communication in which such act, word, situation, event,

conduct or course of action, etc., was recorded, described and referred to.

"Defendant," "you" and "your" mean Delaware Park LLC, and includes its agents,

employees, attorneys, advisors, agents, and any other person acting on its behalf.

When construing any words or terms used herein, unless otherwise indicated:

      (a)  The singular includes the plural and vice versa;
      (b)  Masculine, feminine or neuter gender include each other;
      (c)  Past, present or future tense include the other tenses;
      (d)  The disjunctive includes the conjunctive and vice versa;
      (e)  "and" includes "or" and vice versa;
      (f)  "any" includes "all," "each" and "every" and vice versa;
      (g)  "refer" includes "relate" and "concern" and vice versa.

Unless otherwise stated, the period for which these requests seek information is

from January 2002 to the date of your response.

Where knowledge, information or documents in possession of a party is requested,

such request includes knowledge, information or documents in the custody or control

of the party's agents, representatives or attorneys.

If any document was, but no longer is, in your possession or subject to your

control, state how you disposed of it.

In the event you refuse to answer any Interrogatory on the grounds of any

claimed privilege from discovery, state each ground for such claim of privilege, describe

the document by date, author, recipients (including all persons who were shown or

received a copy) and give a general description of the subject matter of the document.

- 3 -

Plaintiff reserves the right to serve additional Interrogatories and to pursue other discovery.

INTERROGATORIES

INTERROGATORY 11: Identify each person similarly situated to plaintiff whom Delaware Park employed between January 2002 and March 30, 2007 and for each: (a) state the date each person began employment for Delaware Park, (b) state whether the person has taken any form of leave of absence from work, and if so, (i) describe the leave taken, (ii) state whether the person returned to work, and (iii) state whether the person received any light duty assignments; (iv) state whether the person was terminated after returning to work, and if so, when.

**Response:**

INTERROGATORY 12: State whether there have been other charges, complaints or claims of race or national origin discrimination threatened or filed against Delaware Park by a present or former employee since January 1, 2002, and if the answer is yes, (a) identify the complaining party, (b) identify the caption of the court action filed, if any, (c) describe the nature of the charge, and (d) state what action, if any, Delaware Park took in response to the charge.

**Response:**

**INTERROGATORY 13**: Since January 2005, has Delaware Park's Human Resources, Accounting Operations, Cage Operations, or Risk Management Department destroyed any electronic files or documents? If so, please identify which electronic files have been deleted or overwritten from that date to the present, and the dates of destruction or overwriting.

**Response:**

**INTERROGATORY 14:** When did Shannon DeLucia leave the Risk Management Department and begin her job as Human Resources Director?

**Response:**

**INTERROGATORY 15**: Did Miki Nardo approve of Ms. DeLucia's February 12, 2006 decision to terminate Mr. Almakhadhi's employment?

**Response:**

**INTERROGATORY 16**: Did Miki Nardo approve of Ms. Dixon's February 2006 termination of Mr. Almakhadhi's employment?

**Response:**

Respectfully submitted,

Frank J. Conley, Esquire
THE CONLEY FIRM
7715 Crittenden Street, Suite 113
Philadelphia, PA 19118
(215) 836-4789
FConley@ConleyFirm.com

Glenn Brown, Esquire
**Real World Law**
916 N. Union St #2
Wilmington, DE 19805
(302) 225-8340

Date: 26 October 2007

## CERTIFICATE OF SERVICE

I hereby certify that on 26 October 2007, a true and correct copy of the foregoing

was served via electronic mail and first-class mail upon the following:

> Wendy Voss
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street, 6th Floor
> Wilmington Delaware • 19801

_____

Frank Conley

Dated:  26 October 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMI ALMAKHADHI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 07-78-JJF |
| | : | |
| DELAWARE PARK LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### SECOND REQUESTS FOR ADMISSION

Plaintiff Sami Almakhadhi ("Plaintiff"), by and through his undersigned counsel, requests that Defendant Delaware Park LLC ("Delaware Park") admit the following matters for purposes of this action.

### INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 36, Delaware Park required to respond to these Requests for Admissions, in writing, within 30 days of the service of these Requests. If Defendants fails to respond to these Requests for Admissions within the time allowed, every matter set forth in these Requests may be deemed admitted and conclusively established against Delaware Park for purposes of this action.

To prevent confusion and provide consistency, this set of requests is numbered in sequence from Mr. Almakhadhi's First Requests for Admission, as modified by Delaware Park.

## REQUESTS FOR ADMISSION

**REQUEST NO. 28:**  Admit that Karlyn Dixon did not forward Mr. Almakhadhi's Conversion Privilege form to Prudential Life Insurance Company, even though Cynthia M. Carroll provided the form to Ms. Dixon on or about April 7, 2006.

**REQUEST NO. 29:**  Admit that Delaware Park did not provide all documents requested by the Delaware Department of Labor to investigate Mr. Almakhadhi's charges against it.

**REQUEST NO. 30:**  Admit that Delaware Park did not supplement its responses to the Delaware Department of Labor to correct information that it later learned was incorrect.

**REQUEST NO. 31:**  Admit that Karlyn Dixon terminated Mr. Almakhadhi's employment in February 2006.

**REQUEST NO. 32:**  Admit that Karlyn Dixon did not have the Human Resources Department's approval when she terminated Mr. Almakhadhi's employment in February 2006.

**REQUEST NO. 33:**  Admit that Shannon DeLucia did not follow Delaware Park's termination policies in February 2006 when she attempted to shield Ms. Dixon's improper termination of Mr. Almakhadhi's employment.

**REQUEST NO. 34:**  Admit that Shannon DeLucia relied upon information provided by Karlyn Dixon and Stacy Suhr when she issued termination letters to Mr. Almakhadhi in February and March 2006.

**REQUEST NO. 35:**  Admit that Delaware Park did not advise Mr. Almakhadhi that it was using his FMLA leave time after October 12, 2006.

**REQUEST NO. 36:**  Admit that Delaware Park did not issue to Mr. Almakhadhi or communicate in any way any warnings concerning his absence after September 2, 2006.

**REQUEST NO. 37:**  Admit that only Human Resources has the authority to terminate Delaware Park employees.

**REQUEST NO. 38:**  Admit that Holly Hea was given a light duty assignment for more than six months and not terminated.

**REQUEST NO. 39:**  Admit that at the at the time Delaware Park provided Ms. Hea with a light duty assignment she had no FMLA leave available.

**REQUEST NO. 40:**  Admit that Mr. Almakhadhi was entitled to 12 weeks of FMLA leave at the time Delaware Park terminated his employment.

**REQUEST NO. 41:**  Admit that at no time from when Delaware Park sent Mr. Almakhadhi home in September 2006 until the company terminated his employment did Mr. Almakhadhi request to use his FMLA leave.

Respectfully submitted,

Frank J. Conley, Esquire
THE CONLEY FIRM
7715 Crittenden Street, Suite 113
Philadelphia, PA 19118
(215) 836-4789
FConley@ConleyFirm.com

Glenn Brown, Esquire
**Real World Law**
916 N. Union St #2
Wilmington, DE 19805
(302) 225-8340

Date: 26 October 2007

## CERTIFICATE OF SERVICE

I hereby certify that on 26 October 2007, a true and correct copy of the foregoing was served via electronic mail and first-class mail upon the following:

Wendy Voss
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington Delaware • 19801

_____
Frank Conley

Dated:  26 October 2007

B

From:  Frank Conley <fconley@conleyfirm.com>
Subject:  **Almakhadhi v. DE Park**
Date:  13 November 2007 9:54:04 PM EST
To:  "Wendy K. Voss" <wvoss@potteranderson.com>
Cc:  Glenn Brown <glenn.brown@realworldlaw.com>
▶    1 Attachment, 126 KB

Wendy,

Attached is a letter I sent out to you today.

Best regards,

--Frank

THE CONLEY FIRM

7715 CRITTENDEN STREET
SUITE 113
PHILADELPHIA, PA 19118-4421
www.conleyfirm.com

FRANK J. CONLEY

TELEPHONE 215.350.5885
FACSIMILE 215.689.09.16
E-MAIL fconley@conleyfirm.com

13 November 2007

Wendy Voss
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington Delaware • 19801

Re:   **Almakhadhi v. Delaware Park**, D.DE. No. 07-78 (JJF)

Dear Ms. Voss:

I write concerning Delaware Park's responses to Mr. Almakhadhi's second set of
discovery requests, which were sent by e-mail and regular mail, on October 26, 2007. At
Mr. Almakhadhi's November 8, 2007 deposition, you indicated that Delaware Park
would be objecting to the requests as untimely. (We obviously disagree with that
position.) I have not yet received any such objections.

Because the dispositive motion deadline nears, please provide me with an update on
Delaware Park's discovery responses as soon as possible. Feel free to call me at

215-836-4789.

Best regards,

Frank Conley

cc:    Glenn Brown, Esquire (via e-mail)

---

Frank Conley, Esquire | 215.836.4789 | www.conleyfirm.com

The Conley Firm
7715 Crittenden Street, Suite 113
Philadelphia, PA 19118

*This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail and delete all copies of this message.*

# THE CONLEY FIRM

7715 CRITTENDEN STREET
SUITE 113
PHILADELPHIA, PA 19118-4421
www.conleyfirm.com

FRANK J. CONLEY

TELEPHONE 215.350.5885
FACSIMILE 215.689.0946
E-MAIL fconley@conleyfirm.com

13 November 2007

Wendy Voss
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington Delaware • 19801

Re:   **Almakhadhi v. Delaware Park**, D.DE. No. 07-78 (JJF)

Dear Ms. Voss:

I write concerning Delaware Park's responses to Mr. Almakhadhi's second set of discovery requests, which were sent by e-mail and regular mail, on October 26, 2007. At Mr. Almakhadhi's November 8, 2007 deposition, you indicated that Delaware Park would be objecting to the requests as untimely. (We obviously disagree with that position.) I have not yet received any such objections.

Because the dispositive motion deadline nears, please provide me with an update on Delaware Park's discovery responses as soon as possible. Feel free to call me at 215-836-4789.

Best regards,

Frank Conley

cc:   Glenn Brown, Esquire (via e-mail)



**From:** "Voss, Wendy K." <wvoss@potteranderson.com>
**Subject: RE: Almakhadhi v. DE Park**
**Date:** 15 November 2007 8:33:32 PM EST
**To:** "Frank Conley" <fconley@conleyfirm.com>

I am working on a response to your letter of November 10, including further substantive response to the first set of discovery. As stated previously, I hope to have that out the door tomorrow, but of course cannot absolutely promise. I also will provide you with the "formal" response to the second set of discovery -- again, absent unforeseen circumstances, the plan is to provide this to you tomorrow.

Wendy

---

**From:** Frank Conley [mailto:fconley@conleyfirm.com]
**Sent:** Thursday, November 15, 2007 1:23 PM
**To:** Voss, Wendy K.
**Subject:** Re: Almakhadhi v. DE Park

Wendy,

Please clarify as to which requests DE Park is working on responding--
Mr. Almakhadhi's first set of discovery, or his second set.

Thanks,

Frank

On Nov 14, 2007, at 7:49 PM, Voss, Wendy K. wrote:

Frank, we also are working on responding to your various requests. I have been tied up in depositions in another case this week, but hope to have responses to you by Friday or Monday at the latest.

I note that while I was composing this email I received electronic notification of your motion to compel. While I have not read the motion, I expect we will respond in due course.

Wendy

---

**From:** Frank Conley [mailto:fconley@conleyfirm.com]
**Sent:** Wednesday, November 14, 2007 4:32 PM
**To:** Voss, Wendy K.
**Cc:** Glenn Brown

**Subject:** Almakhadhi v. DE Park

Wendy,

Attached is a letter I sent out today. (The enclosure was too large to scan.)

Regards,

--Frank

Frank Conley, Esquire | 215.836.4789 | www.conleyfirm.com

The Conley Firm
7715 Crittenden Street, Suite 113
Philadelphia, PA 19118

*This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail and delete all copies of this message.*



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMI ALMAKHADHI, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. A. No. 07-78-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| DELAWARE PARK, | ) | |
| | ) | |
| Defendant, | ) | |

## DEFENDANT DELAWARE PARK LLC'S
## OBJECTIONS TO PLAINTIFF SAMI ALMAKHADHI'S
## SECOND REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant Delaware Park, L.L.C. ("Delaware Park" or "Defendant"), by and through its undersigned counsel, hereby objects to Plaintiff Sami Almakhadhi's Second Requests for Admission, as follows:

## GENERAL LIMITATIONS AND OBJECTIONS

1.     Delaware Park's General Limitations and Objections, which are fully set forth in Defendant's Responses And Objections To Plaintiff's First Requests for Admission, are incorporated by reference as though fully set forth herein.

2.     Delaware Park's General Limitations and Objections form a part of the response to each and every request. Thus, the absence of a reference to a General Limitation or Objection should not be construed as a waiver of the General Limitation or Objection as to a specific request.

3.      Delaware Park objects to these requests in their entirety, pursuant to Federal Rule of Civil Procedure 36(a) and the Scheduling Order of this Court entered June 24, 2007 (D.I. 21), on the grounds that they are untimely and that they were not served in accordance with the Order of the Court.

4.      Delaware Park objects to these requests on the grounds that they are harassing, overly broad, unduly burdensome and oppressive, and to the extent they are vague, ambiguous or unintelligible, not reasonably calculated to lead to the discovery of admissible evidence, are outside the scope of permissible discovery, and attempt to impose requirements on Delaware Park in excess of its obligations under the Federal Rules of Civil Procedure and/or the District of Delaware Local Rules and orders of the Court.

## OBJECTIONS TO REQUESTS FOR ADMISSION

**REQUEST NO. 28:**  Admit that Karlyn Dixon did not forward Mr. Almakhadhi's Conversion Privilege form to Prudential Life Insurance Company, even though Cynthia M. Carroll provided the form to Ms. Dixon on or about April 7, 2006.

**RESPONSE:**

Delaware Park objects to this request, pursuant to Federal Rule of Civil Procedure 36(a) and the Scheduling Order of this Court entered June 24, 2007 (D.I. 21), on the grounds that it is untimely and was not served in accordance with the Order of the Court.

**REQUEST NO. 29:**  Admit that Delaware Park did not provide all documents requested by the Delaware Department of Labor to investigate Mr. Almakhadhi's charges against it.

**RESPONSE:**

Delaware Park refers Plaintiff to its Response to Request No. 28.

2

**REQUEST NO. 30:**   Admit that Delaware Park did not supplement its responses to the Delaware Department of Labor to correct information that it later learned was incorrect.

**RESPONSE:**

>   Delaware Park refers Plaintiff to its Response to Request No. 28.

**REQUEST NO. 31:**   Admit that Karlyn Dixon terminated Mr. Almakhadhi's employment in February 2006.

**RESPONSE:**

>   Delaware Park refers Plaintiff to its Response to Request No. 28.

**REQUEST NO. 32:**   Admit that Karlyn Dixon did not have the Human Resources Department's approval when she terminated Mr. Almakhadhi's employment in February 2006.

**RESPONSE:**

>   Delaware Park refers Plaintiff to its Response to Request No. 28.

**REQUEST NO. 33:**   Admit that Shannon DeLucia did not follow Delaware Park's termination policies in February 2006 when she attempted to shield Ms. Dixon's improper termination of Mr. Almakhadhi's employment.

**RESPONSE:**

>   Delaware Park refers Plaintiff to its Response to Request No. 28.

**REQUEST NO. 34:**   Admit that Shannon DeLucia relied upon information provided by Karlyn Dixon and Stacy Suhr when she issued termination letters to Mr. Almakhadhi in February and March 2006.

**RESPONSE:**

>   Delaware Park refers Plaintiff to its Response to Request No. 28.

**REQUEST NO. 35:**   Admit that Delaware Park did not advise Mr. Almakhadhi that it was using his FMLA leave time after October 12, 2006.

**RESPONSE:**

>   Delaware Park refers Plaintiff to its Response to Request No. 28.

**REQUEST NO. 36:** Admit that Delaware Park did not issue to Mr. Almakhadhi or communicate in any way any warnings concerning his absence after September 2, 2006.

**RESPONSE:**

> Delaware Park refers Plaintiff to its Response to Request No. 28.

**REQUEST NO. 37:** Admit that only Human Resources has the authority to terminate Delaware Park employees.

**RESPONSE:**

> Delaware Park refers Plaintiff to its Response to Request No. 28.

**REQUEST NO. 38:** Admit that Holly Hea was given a light duty assignment for more than six months and not terminated.

**RESPONSE:**

> Delaware Park refers Plaintiff to its Response to Request No. 28.

**REQUEST NO. 39:** Admit that at the time Delaware Park provided Ms. Hea with a light duty assignment she had no FMLA leave available.

**RESPONSE:**

> Delaware Park refers Plaintiff to its Response to Request No. 28.

**REQUEST NO. 40:** Admit that Mr. Almakhadhi was entitled to 12 weeks of FMLA leave at the time Delaware Park terminated his employment.

**RESPONSE:**

> Delaware Park refers Plaintiff to its Response to Request No. 28.

**REQUEST NO. 41:** Admit that at no time from when Delaware Park sent Mr. Almakhadhi home in September 2006 until the company terminated his employment did Mr. Almakhadhi request to use his FMLA leave.

**RESPONSE:**

> Delaware Park refers Plaintiff to its Response to Request No. 28.

4

POTTER ANDERSON & CORROON LLP

By: _____

Wendy K. Voss (#3142)
Jennifer C. Wasson (#4933)
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
wvoss@potteranderson.com - Email
jwasson@potteranderson.com - Email

*Attorneys for Defendant Delaware Park, L.L.C.*

Dated:  November 16, 2007
831905v1 / 14672-132

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SAMI ALMAKHADHI,                    )
                                    )
                    Plaintiff,      )          Civ. A. No. 07-78-JJF
                                    )
        v.                          )
                                    )
DELAWARE PARK,                      )
                                    )
                    Defendant,      )

## DEFENDANT DELAWARE PARK LLC'S OBJECTIONS TO
## PLAINTIFF SAMI ALMAKHADHI'S SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Delaware Park, L.L.C. ("Delaware Park" or "Defendant"), by and through its undersigned counsel, hereby objects to Plaintiff Sami Almakhadhi's Second Set of Interrogatories.

### GENERAL LIMITATIONS AND OBJECTIONS

1.     Delaware Park's General Limitations and Objections, which are fully set forth in Defendant's Responses And Objections To Plaintiff's First Set Of Interrogatories, are incorporated by reference as though fully set forth herein.

2.     Delaware Park's General Limitations and Objections form a part of the response to each and every Interrogatory. Thus, the absence of a reference to a General Limitation or Objection should not be construed as a waiver of the General Limitation or Objection as to a specific Interrogatory.

3.     Delaware Park objects to these Interrogatories in their entirety on the grounds that they exceed the permissible number of allowable interrogatories pursuant to the Scheduling Order of this Court entered June 24, 2007 (D.I. 21), Local Rule 26.1(b) and Rule 33(a) of the Federal Rules of Civil Procedure. Plaintiff's First Set of Interrogatories, including parts and

subparts, as specified in Local Rule 26.1(b) and Rule 33(a) of the Federal Rules of Civil

Procedure, exceeds twenty-five (25) interrogatories. Delaware Park is required to respond to no

more than twenty-five (25) interrogatories including parts and subparts.

    4.    Delaware Park objects to these Interrogatories in their entirety, pursuant to

Federal Rule of Civil Procedure 33(b) and the Scheduling Order of this Court entered June 24,

2007 (D.I. 21), on the grounds that they are untimely and that they were not served in accordance

with the Order of the Court.

    5.    Delaware Park objects to these Interrogatories on the grounds that they are

harassing, overly broad, unduly burdensome and oppressive, and to the extent they are vague,

ambiguous or unintelligible, not reasonably calculated to lead to the discovery of admissible

evidence, are outside the scope of permissible discovery, and attempt to impose requirements on

Delaware Park in excess of its obligations under the Federal Rules of Civil Procedure and/or the

District of Delaware Local Rules and orders of the Court.

## OBJECTIONS TO INTERROGATORIES

**INTERROGATORY 11:** Identify each person similarly situated to plaintiff whom Delaware
Park employed between January 2002 and March 30, 2007 and for each: (a) state the date each
person began employment for Delaware Park, (b) state whether the person has taken any form of
leave of absence from work, and if so, (i) describe the leave taken, (ii) state whether the person
returned to work, and (iii) state whether the person received any light duty assignments; (iv) state
whether the person was terminated after returning to work, and if so, when.

**RESPONSE:**

    Delaware Park objects to this interrogatory on the grounds that it exceeds the

permissible number of allowable interrogatories pursuant to the Scheduling Order of this Court

entered June 24, 2007 (D.I. 21), Local Rule 26.1(b) and Rule 33(a) of the Federal Rules of Civil

Procedure. Plaintiff's First Set of Interrogatories, including parts and subparts, as specified in

Local Rule 26.1(b) and Rule 33(a) of the Federal Rules of Civil Procedure, exceeds twenty-five (25) interrogatories. Delaware Park is required to respond to no more than twenty-five (25) interrogatories including parts and subparts. Delaware Park further objects to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(b) and the Scheduling Order of this Court entered June 24, 2007 (D.I. 21), on the grounds that it is untimely and was not served in accordance with the Order of the Court.

**INTERROGATORY 12:** State whether there have been other charges, complaints or claims of race or national origin discrimination threatened or filed against Delaware Park by a present or former employee since January 1, 2002, and if the answer is yes, (a) identify the complaining party, (b) identify the caption of the court action filed, if any, (c) describe the nature of the charge, and (d) state what action, if any, Delaware Park took in response to the charge.

**RESPONSE:**

Delaware Park refers Plaintiff to its Response to Interrogatory No. 11.


**INTERROGATORY 13:** Since January 2005, has Delaware Park's Human Resources, Accounting Operations, Cage Operations, or Risk Management Department destroyed any electronic files or documents? If so, please identify which electronic files have been deleted or overwritten from that date to the present, and the dates of destruction or overwriting.

**RESPONSE:**

Delaware Park refers Plaintiff to its Response to Interrogatory No. 11.

**INTERROGATORY 14:** When did Shannon DeLucia leave the Risk Management Department and begin her job as Human Resources Director?

**RESPONSE:**

Delaware Park refers Plaintiff to its Response to Interrogatory No. 11.

**INTERROGATORY 15:** Did Micki Nardo approve of Ms. DeLucia's February 12, 2006 decision to terminate Mr. Almakhadhi's employment?

**RESPONSE:**

Delaware Park refers Plaintiff to its Response to Interrogatory No. 11.

**INTERROGATORY 16:**  Did Miki Nardo approve of Ms. Dixon's February 2006 termination of Mr. Almakhadhi's employment?

**RESPONSE:**

Delaware Park refers Plaintiff to its Response to Interrogatory No. 11.

POTTER ANDERSON & CORROON LLP

By: _____
    Wendy K. Voss (#3142)
    Jennifer C. Wasson (#4933)
    Hercules Plaza, Sixth Floor
    1313 North Market Street
    P.O. Box 951
    Wilmington, DE  19899
    (302) 984-6000 – Telephone
    (302) 658-1192 – Facsimile
    wvoss@potteranderson.com - Email
    jwasson@potteranderson.com - Email

*Attorneys for Defendant Delaware Park, L.L.C.*

Dated:  November 16, 2007
831810v1 / 14672-132

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SAMI ALMAKHADHI,                    )
                                    )
                    Plaintiff,      )        Civ. A. No. 07-78-JJF
                                    )
            v.                      )
                                    )
DELAWARE PARK,                      )
                                    )

## DEFENDANT DELAWARE PARK LLC'S
## OBJECTIONS TO PLAINTIFF SAMI ALMAKHADHI'S
## SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Delaware Park, L.L.C. ("Delaware Park") or ("Defendant"), by and through its undersigned counsel, hereby objects to Plaintiff Sami Almakhadhi's Second Request for Production of Documents.

## GENERAL LIMITATIONS AND OBJECTIONS

1.    Delaware Park's General Limitations and Objections, which are fully set forth in Defendant's Responses And Objections To Plaintiff's First Request for Production of Documents, are incorporated by reference as though fully set forth herein.

2.    Delaware Park's General Limitations and Objections form a part of the response to each and every request. Thus, the absence of a reference to a General Limitation or Objection should not be construed as a waiver of the General Limitation or Objection as to a specific request.

3.      Delaware Park objects to these requests in their entirety, pursuant to Federal Rule of Civil Procedure 34(b) and the Scheduling Order of this Court entered June 24, 2007 (D.I. 21), on the grounds that they are untimely and that they were not served in accordance with the Order of the Court.

4.      Delaware Park objects to these requests on the grounds that they are harassing, overly broad, unduly burdensome and oppressive, and to the extent they are vague, ambiguous or unintelligible, not reasonably calculated to lead to the discovery of admissible evidence, are outside the scope of permissible discovery, and attempt to impose requirements on Delaware Park in excess of its obligations under the Federal Rules of Civil Procedure and/or the District of Delaware Local Rules and orders of the Court.

## OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 10:**  All documents concerning any of the job duties, responsibilities or activities for Delaware Park of Mr. Almakhadhi, Karlyn Dixon, Stacy Suhr, Frank Penta, Micki Nardo, Roberta Evans, Nancy Myshko, and Shannon DeLucia, including job descriptions for each position held by each person from January 2002 to the present.

**RESPONSE:**

Delaware Park objects to this request, pursuant to Federal Rule of Civil Procedure 34(b) and the Scheduling Order of this Court entered June 24, 2007 (D.I. 21), on the grounds that it is untimely and was not served in accordance with the Order of the Court.

**REQUEST NO. 11:**  All documents, including e-mails and other electronic records, in any way concerning Mr. Almakhadhi (including all files, including prior drafts, "deleted" files and file fragments containing information from electronic calendars and scheduling programs).

**RESPONSE:**

Delaware Park refers Plaintiff to its Response to Request No. 10.

2

**REQUEST NO. 12:**  All word processing files, including prior drafts, "deleted" files and file fragments, containing information about or concerning any matter alleged in Mr. Almakhadhi's Delaware Department of Labor Charge, his Pro Se Complaint, and/or his Amended Complaint.

**RESPONSE:**

>        Delaware Park refers Plaintiff to its Response to Request No. 10.


**REQUEST NO. 13:**  All documents and exhibits Delaware Park intends to use at trial.

**RESPONSE:**

>        Delaware Park refers Plaintiff to its Response to Request No. 10.


**REQUEST NO. 14:**  All witness statements obtained by Delaware Park in this case.

**RESPONSE:**

>        Delaware Park refers Plaintiff to its Response to Request No. 10.


**REQUEST NO. 15:**  Organizational charts from January 2002 to today for the Accounting/Cage Operations department.

**RESPONSE:**

>        Delaware Park refers Plaintiff to its Response to Request No. 10.


**REQUEST NO. 16:**  All documents used in responding to Mr. Almakhadhi's Pro Se Complaint and to his Amended Complaint.

**RESPONSE:**

>        Delaware Park refers Plaintiff to its Response to Request No. 10.


**REQUEST NO. 17:**  Copies of Delaware Park's affirmative action plans an other written submissions made pursuant to Title VII of the Civil Rights Act of 1964 or any other federal or state law proscribing discrimination because of race or national origin.

**RESPONSE:**

>        Delaware Park refers Plaintiff to its Response to Request No. 10.

**REQUEST NO. 18:** All supervisors' manuals, notebooks and other written materials setting forth Delaware Park's personnel policies concerning wages, promotions and evaluation of employees.

**RESPONSE:**

> Delaware Park refers Plaintiff to its Response to Request No. 10.

**REQUEST NO. 19:** Copies of all EEO-1 forms (or similar forms) prepared by Delaware Park during the period from January 2001 through the present.

**RESPONSE:**

> Delaware Park refers Plaintiff to its Response to Request No. 10.

**REQUEST NO. 20:** Form W-2, Form 1099 and other Internal Revenue Services forms for the period from January 2002 through the present for Mr. Almakhadhi.

**RESPONSE:**

> Delaware Park refers Plaintiff to its Response to Request No. 10.

**REQUEST NO. 21:** The complete personnel files of Karlyn Dixon, Stacy Suhr, Frank Penta, Micki Nardo, Roberta Evans, Nancy Myshko and Shannon DeLucia.

**RESPONSE:**

> Delaware Park refers Plaintiff to its Response to Request No. 10.

**REQUEST NO. 22:** The complete personnel files of all persons hired as an Impress Supervisor or Main Bank cashier since January 2005, with an identification of the race, national origin, and/or disability of each individual for whom such documents are produced.

**RESPONSE:**

> Delaware Park refers Plaintiff to its Response to Request No. 10.

**REQUEST NO. 23:** All documents concerning the promotion of employees to the positions of Impress Supervisor and Main Bank Cashier for the period from January 2001 through the present with an identification of the race, national origin, and/or disability of each individual for whom such documents are produced.

4

**RESPONSE:**

Delaware Park refers Plaintiff to its Response to Request No. 10.

**REQUEST NO. 24:** All documents concerning leave of any kind requested or taken by persons in Accounting Operations since January 2002, with an identification of the race, national origin, and/or disability of each individual for whom such documents are produced.

**RESPONSE:**

Delaware Park refers Plaintiff to its Response to Request No. 10.

**REQUEST NO. 25:** All documents concerning light duty assignments provided to persons in Accounting Operations since January 2002, with an identification of the race, national origin, and/or disability of each individual for whom such documents are produced.

**RESPONSE:**

Delaware Park refers Plaintiff to its Response to Request No. 10.

**REQUEST NO. 26:** All documents supporting Delaware Park's First Defense to Mr. Almakhadhi's Pro Se Complaint.

**RESPONSE:**

Delaware Park refers Plaintiff to its Response to Request No. 10.

**REQUEST NO. 27:** All documents supporting Delaware Park's Second Defense to Mr. Almakhadhi's Pro Se Complaint.

**RESPONSE:**

Delaware Park refers Plaintiff to its Response to Request No. 10.

**REQUEST NO. 28:** All documents supporting Delaware Park's Third Defense to Mr. Almakhadhi's Pro Se Complaint.

**RESPONSE:**

Delaware Park refers Plaintiff to its Response to Request No. 10.

**REQUEST NO. 29:** All documents concerning or containing any policy related to the creation, retention, storage, management or destruction of data, including but not limited to corporate policy and procedure manuals, policy memoranda, system restart procedures, e-mail retention policies, Year 2000 Plan, a 9/11 Recovery Plan, Disaster Recovery Plan and other related items.

**RESPONSE:**

      Delaware Park refers Plaintiff to its Response to Request No. 10.

**REQUEST NO. 30:** All policies concerning the retention and/or destruction of documents, whether in electronic or paper form, including any policy concerning the backing up or archiving of electronic records as well as any revisions, records or logs related to formulation or enforcement of that policy for the period January 2002 to the present.

**RESPONSE:**

      Delaware Park refers Plaintiff to its Response to Request No. 10.

**REQUEST NO. 31:** All minutes of the meetings of Board of Directors, from the time of Mr. Almakhadhi's first complaint to Delaware Park about discrimination that contain any references to consideration or discussions of preventing spoliation of potential evidence.

**RESPONSE:**

      Delaware Park refers Plaintiff to its Response to Request No. 10.

**REQUEST NO. 32:** A list of user names and corresponding e-mail address for each person employed by you and identified in the disclosure made pursuant to Rule 26 by any party.

**RESPONSE:**

      Delaware Park refers Plaintiff to its Response to Request No. 10.

**REQUEST NO. 33:** All voicemail messaging records including but not limited to caller message recordings, digital voice recordings, interactive voice response unit (IVR/VRV) recordings, unified messaging files, and computer-based voicemail files to or from Mr. Almakhadhi , Karlyn Dixon, Stacy Suhr, Frank Penta, Micki Nardo, Roberta Evans, Nancy Myshko, and Shannon DeLucia, concerning Mr. Almakhadhi specifically, or generally concerning the race, national origin, disability, or worker's compensation claims of any Delaware Park employee from January 2002 to the present.

6

**RESPONSE:**

        Delaware Park refers Plaintiff to its Response to Request No. 10.

**REQUEST NO. 34:**  All documents concerning Delaware Park's "administrative process" for terminating employment.

**RESPONSE:**

        Delaware Park refers Plaintiff to its Response to Request No. 10.

**REQUEST NO. 35:**  All documents concerning the Cage Department's procedures for interviewing and selecting job candidates.

**RESPONSE:**

        Delaware Park refers Plaintiff to its Response to Request No. 10.

**REQUEST NO. 36:**  All documents (formal or informal) concerning allegations of any kind of discrimination made at any time against Karlyn Dixon, Stacy Suhr, Frank Penta, Micki Nardo, Roberta Evans, Nancy Myshko, Shannon DeLucia, or Frank Penta.

**RESPONSE:**

        Delaware Park refers Plaintiff to its Response to Request No. 10.

**REQUEST NO. 37:**  All documents (formal or informal, and including all investigation files and notes) concerning allegations of any kind of discrimination made against Delaware Park from January 2002 to the present, including those made by Mr. Almakhadhi.

**RESPONSE:**

        Delaware Park refers Plaintiff to its Response to Request No. 10.

POTTER ANDERSON & CORROON LLP

By:_____

      Wendy K. Voss (#3142)
      Jennifer C. Wasson (#4933)
      Hercules Plaza, Sixth Floor
      1313 North Market Street

P.O. Box 951
Wilmington, DE 19899
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
wvoss@potteranderson.com - Email
jwasson@potteranderson.com – Email

*Attorneys for Defendant Delaware Park, L.L.C.*

Dated: November 16, 2007
831921v1 / 14672-132

8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMI ALMAKHADHI, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. A. No. 07-78-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| DELAWARE PARK, | ) | |
| | ) | |
| Defendant, | ) | |

**NOTICE OF SERVICE**

I hereby certify this 16th day of November, 2007, that true and correct copies of the following documents:

**DEFENDANT DELAWARE PARK LLC'S OBJECTIONS TO PLAINTIFF SAMI ALMAKHADHI'S SECOND REQUESTS FOR ADMISSION**

**DEFENDANT DELAWARE PARK LLC'S OBJECTIONS TO PLAINTIFF SAMI ALMAKHADHI'S SECOND SET OF INTERROGATORIES**

**DEFENDANT DELAWARE PARK LLC'S OBJECTIONS TO PLAINTIFF SAMI ALMAKHADHI'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

were served via first class mail on the following counsel of record:

Glenn A. Brown, Esquire
Real World Law, PC
916 North Union Street, Suite #2
Wilmington, DE 19805

Frank Conley, Esquire
The Conley Firm
7715 Crittendon Street, Suite 133
Philadelphia, PA 19118

POTTER ANDERSON & CORROON LLP

By: _____

Wendy K. Voss (#3142)
Jennifer C. Wasson (#4933)
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
wvoss@potteranderson.com - Email
jwasson@potteranderson.com - Email

*Attorneys for Defendant Delaware Park, L.L.C.*

Dated:  November 16, 2007
832558v1 / 14672-132

2





Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Wendy K. Voss**
Partner
Attorney at Law
wvoss@potteranderson.com
302 984-6076  Direct Phone
302 658-1192  Fax

November 16, 2007

<u>Via Electronic & First Class Mail</u>
Frank Conley, Esquire
The Conley Firm
7715 Crittendon Street, Suite 133
Philadelphia, PA 19118

Re:    *Almakhadhi v. Delaware Park*, Civil Action No. 07-78-JJF

Dear Frank:

I am writing in response to your letter of November 10, 2007 regarding Delaware Park's discovery responses, and in regard to a few "miscellaneous" discovery matters.

As to the "miscellaneous" matters, enclosed herewith please find those additional medical records we have received to date (Bates Nos. DP0782-DP0791), a copy of the Satellite Cashier position description (Bates No. DP0792), and documentation of matters raised in Mr. Almakhadhi's deposition on November 8 (Bates Nos. DP0781, DP0793-DP0796).

In regard to your letter of November 10, please be advised that Delaware Park has not withheld relevant discovery or acted contrary to its obligations in this litigation. Contrary to the wholly unsupported assertions in your letter, Delaware Park made a diligent search of its files and records and – as agreed with Mr. Almakhadhi at the parties' Rule 26(f) conference – produced responsive documents in hard copy form. In an attempt to allay your unfounded fears, we nonetheless have reviewed our document production. In doing so, we identified one copy error, which resulted in the omission of Mr. Almakhadhi's 2005 attendance chart from his personnel file. That document (front and back side) has been numbered as DP0539a and DP0539aa, and is enclosed. (I am endeavoring to obtain a better copy, and will provide a substituted copy if that effort is successful.)

In regard to the specific discovery responses discussed in your letter, we respond as follows:

<u>Request for Production Nos. 2 and 5B</u>:  As stated in my earlier letter, I fail to see how Delaware Park's grant of FMLA leave to Plaintiff on each occasion he sought such leave is

Frank Conley, Esquire
November 16, 2007
Page 2

evidence of discrimination, and your unsupported assertion that documentation regarding Plaintiff's various requests for FMLA leave is relevant to his discrimination claims does not make it so. Furthermore, I continue to find these requests to be unintelligible, as they do not clearly identify the documents sought by Plaintiff. In an attempt to finally resolve this, and subject to and without waiving its objections, Delaware Park is producing herewith documents evidencing Plaintiff's various requests for FMLA leave (e.g., FMLA certification forms), Delaware Park's response thereto, and any internal communications concerning such request(s), to the extent such documents have not already been produced. See Bates Nos. DP0866-DP0918.

Interrogatory No. 3A: As agreed in my earlier letter, enclosed herewith please find responsive documents setting forth the work restrictions of the Booth, Satellite, and Main Bank Cashiers who were granted light duty during the responsive period (Bates Nos. DP0797-DP0865), which have been marked "Highly Confidential – Attorneys' Eyes Only" in accordance with the agreement in your letter of November 10 to treat them as such. It was necessary to recall these documents from storage (all of which have not yet been located by the storage company – Delaware Park is working with the storage company on this issue), so it has taken some time to assemble the responsive information. Delaware Park's search for responsive documents is continuing, and we reserve the right to produce additional documentation, if and when such documents are located.

Also, enclosed as Bates No. DP0919 is the information regarding the initial dates of light duty and termination dates (if applicable) of those Booth, Satellite, and Main Bank Cashiers who were granted light duty in the responsive time period.

Interrogatory No. 5: Delaware Park hereby amends its response to this interrogatory as contained in my letter of November 5, 2007. By way of explanation (and to assure you that Delaware Park was not attempting to avoid discovery or provide incorrect information), in making that response I relied upon Mr. Almakhadhi's supervisors, who advised me they had no specific recollection that he had applied for transfer to any position(s) prior to 2004, and a review of his personnel file (where I understood such documentation normally would be filed). At that time, I was unaware that in 2004 Delaware Park had changed its record-keeping system regarding applications for transfer. To the extent my inquiry was insufficient, the failing was my own. Based on Mr. Almakhadhi's deposition testimony, I made further inquiries regarding positions for which Mr. Almakhadhi may have applied during the period 2002 – 2004. Delaware Park's Human Resources Department advised me of the change in record-keeping procedure, and was able to provide further information regarding applications made by Plaintiff. Subject to and without waiving Delaware Park's objections regarding the relevancy of the information, that information is set forth below:

Frank Conley, Esquire
November 16, 2007
Page 3

| App. Date | Position | Disposition |
|---|---|---|
| 4/30/2002 | Heavy Equipment Operation | Referred to department |
| 8/29/2002 | Satellite Cashier | Referred to department |
| 5/6/2003 | Satellite Cashier | Filed |
| 6/23/2003 | Satellite Cashier | Referred to department |
| 7/14/2003 | Cashier Shift Supervisor | Referred to department |
| 12/08/2003 | VLT Technician | Filed |
| 2/05/2004 | Cashier Shift Supervisor | Referred to department |
| 5/24/2004 | Satellite Cashier | Selected for position |
| 9/02/2004 | Main Bank Cashier | Referred to department |

Each of the applications was submitted to the Human Resources Department for initial review. In those cases where the application was "filed," the application was not referred to the department. In each of the remaining cases, the application was referred to the department for further consideration.

Request for Admission No. 16: A response to this Request for Admission was provided in my prior letter, subject to Delaware Park's continuing objections. Delaware Park does not agree to withdraw its objections – if in fact that was the point of the comments in your letter (and which otherwise make no sense to me with respect to the status of Request for Admission No. 16, given that a response was provided.)

As to the Requests for Production discussed in your letter (i.e., Requests Nos. 6, 7, 8, and 9), it is apparent that you are simply trying to re-write these requests to obtain additional discovery better suited to the claims asserted in the (proposed) First Amended Complaint. Delaware Park already has responded to the actual requests, which certainly did not "encompass communications between Delaware Park and its insurance carrier" (presumably in reference to Plaintiff's worker's compensation claims). Regardless, responsive documents between Delaware Park and its insurance carrier already have been produced.

Request for Admission No. 19 and 20: I do not agree with your characterization of Plaintiff's DDOL Charge, his pro se complaint, or even his (proposed) First Amended Complaint. Further, I note again that I provided a response to Request for Admission No. 19 in my prior letter.

In regard to Request for Admission No. 20, subject to and without waiving its objections, Delaware Park provides the following response: Delaware Park denies this Request as stated. By way of further response, Delaware Park states it advised Plaintiff by letter dated May 5, 2005 (Bates No. DP0042) that he was approved for FMLA leave for the period 4/13/05 until 6/13/05, and that he would exhaust all available FMLA leave time on 6/13/05; Plaintiff returned to work from FMLA leave on June 14, 2005. By letter dated March 30, 2006 (Bates No. DP0052), Delaware Park again advised Plaintiff that he had exhausted all available FMLA

Frank Conley, Esquire
November 16, 2007
Page 4


leave.  Between the dates September 2, 2005 and March 29, 2006, inclusive, Delaware Park did not correspond with Plaintiff in regard to his FMLA status.

Sincerely yours,

Wendy K. Voss

WKV:drt
Enclosures (by mail only)
cc:  Glenn A. Brown, Esquire (w/encl., via first class mail)

832030v1 / 14276-132



**From:** Frank Conley <fconley@conleyfirm.com>
**Subject:** **Almakhadhi v. DE Park**
**Date:** 19 November 2007 3:30:01 PM EST
**To:** "Wendy K. Voss" <wvoss@potteranderson.com>
**Cc:** Glenn Brown <glenn.brown@realworldlaw.com>
▶  1 Attachment, 289 KB

Wendy,

Attached is a PDF of a letter I sent to you today.

Regards,

Frank



2007_11_19....pdf (289 KB)

Frank Conley, Esquire | 215.836.4789 | www.conleyfirm.com

The Conley Firm
7715 Crittenden Street, Suite 113
Philadelphia, PA 19118

*This e-mail may contain confidential and privileged material for the
sole use of the intended recipient(s). Any review, use, distribution
or disclosure by others is strictly prohibited. If you are not the
intended recipient (or authorized to receive for the recipient),
please contact the sender by reply e-mail and delete all copies
of this message.*

# THE CONLEY FIRM

7715 Crittenden Street
Suite 113
Philadelphia, PA 19118-4421
www.conleyfirm.com

FRANK J. CONLEY

Telephone 215.350.5885
Facsimile 215.689.0946
E-Mail fconley@conleyfirm.com

19 November 2007

Wendy Voss
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington Delaware • 19801

　　　　Re:　Almakhadhi v. Delaware Park, No. 07-78-JJF

Dear Ms. Voss:

We have reviewed your letter of November 16, 2007, and are very disturbed by Delaware Park's revelations. It is clear Delaware Park failed to be sufficiently diligent in planning and executing an effective search for the documents Mr. Almakhadhi requested. Indeed, it is remarkable that even though Mr. Almakhadhi filed his DDOL complaint in April 2006, only now—after nearly 10 months of federal litigation and after the close of discovery—has Delaware Park sought to retrieve records from storage.[1] As you know, "[p]arties cannot be permitted to jeopardize the integrity of the discovery process by engaging in halfhearted and ineffective efforts to identify and produce relevant documents." Cardenas v. Dorel Juvenile Group, Inc., 2006 U.S. Dist. LEXIS 37465, *22 (D. Kan. 2006); see also In re September 11th Liab. Ins. Coverage Cases, 243 F.R.D. 114, (S.D.N.Y. 2007).

---

[1]　　　We are puzzled by Delaware Park's curious statement that Delaware Park and Mr. Almakhadhi agreed to the production of "responsive documents in hard copy form." As you know, the Rules do not distinguish between electronic and "hard copy" documents, and Delaware Park was under an obligation to preserve and locate relevant electronic information as soon as it was on notice of potential litigation. See, e.g., Zubulake v. UBS Warburg LLC, 229 F.R.D. 422 (S.D.N.Y.2004). Mr. Almakhadhi continues to assert that Delaware Park has relevant electronic information that it has not produced.

*Wendy Voss*
*19 November 2007*
*Page 2*

While we understand and appreciate your effort to deflect Delaware Park's gamesmanship, you know that

> Trial counsel have a duty to exercise some degree of oversight over their clients' employees to ensure that they are acting competently, diligently, and ethically in order to fulfill their responsibility to the Court and opposing parties. Accordingly, trial counsel . . . also have an obligation to review all documents received from the client to see whether they indicate the existence of other documents not previously retrieved or produced.

Cardenas, at *23; see also In re September 11th Liab. Ins. Coverage Cases. Instead of heeding Mr. Almakhadhi's repeated complaints that Delaware Park was withholding relevant discovery, however, it appears that the very persons whom Mr. Almakhadhi alleged were concealing documents were trusted by Delaware Park to produce them.

Worse, it appears that Delaware Park fails to appreciate the prejudicial nature of its improper and sanctionable conduct. Delaware Park's improper withholding of documents has prejudiced Mr. Almakhadhi's ability to file a dispositive motion and to adequately prepare for a trial in this matter. Moreover, Delaware Park's mendaciousness has cast doubt on all of its discovery responses. Accordingly, please advise us immediately as to the steps Delaware Park is taking to review the entirety of its discovery responses and production of documents.

*Wendy Voss*
*19 November 2007*
*Page 3*

As to the remainder of Delaware Park's improper and inadequate objections and responses, Mr. Almakhadhi will rely upon the assistance of the Court.[2]

Regards,

Frank Conley

cc:    Glenn Brown, Esquire

---

[2]    Delaware Park repeatedly objects that it does not understand the relevance of certain of Mr. Almakhadhi's requests. That is not the standard by which its obligation to produce discovery is measured. Instead:

> Courts have construed [Rule 26(b)(1)] liberally, "creating a broad range for discovery which would 'encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J. 2000) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978); Lesal Interiors, Inc. v. Resolution Trust Corp., 153 F.R.D. 552, 560 (D.N.J. 1994)). Review of all relevant evidence provides each party with a fair opportunity to "present an effective case at trial." Caver, 192 F.R.D. at 159.

Moore v. United States Dep't of the Treasury, 2007 U.S. Dist. LEXIS 34957, 12-13 (D.N.J. 2007). It is clear from its actions that Delaware Park is opposed to allowing Mr. Almakhadhi a fair opportunity to present an effective case at trial.

## CERTIFICATE OF COMPLIANCE WITH RULE 37

The movant certifies that he has in good faith conferred or attempted to confer with the other party in an effort to resolve the matter without Court action.

/s/ Frank J. Conley