# EXHIBIT A

From: Frank Conley <fconley@conleyfirm.com>
Subject: Re: Almakhadhi amended complaint
Date: 1 October 2007 3:20:51 PM EDT
  To: "Voss, Wendy K." <wvoss@potteranderson.com>
  Cc: <glenn.brown@realworldlaw.com>, "Thompson, Donna Rae" <dthompson@potteranderson.com>

Hi Wendy,

I will send you the amended complaint in the morning. Please let me know no later than 12:30 p.m. tomorrow if your client will consent to the amendments. (I don't intend to be unreasonable, but obviously I need sufficient time to file a motion for leave to amend if your client does not provide its consent. If you need time past 12:30, please let me know as soon as possible and I'll make every effort to accommodate.)

Following up on our prior discussions about discovery extensions, I have no general objection to such an extension if Delaware Park believes it's necessary. (Your proposed stipulation looks fine.) I believe it is best, however, to approach the court about an extension after the amended complaint is filed because then it will be clearer what additional discovery is necessary. I would suggest that if the dates are getting moved, we should move them out a little further to avoid the holidays. (Maybe make the close of discovery by January 5, with dispositive motions due at the end of February?)

Finally, you should have received Mr. Almakhadhi's releases by e-mail on Friday. Please let me know if you didn't receive that e-mail.

Best regards,

--Frank

On Oct 1, 2007, at 2:40 PM, Voss, Wendy K. wrote:

> Frank -
>
> Sorry for the belated response. I was out most of the morning for meetings.
>
> I will be here tomorrow morning, so reviewing the proposed complaint should be no problem. If we cannot reach agreement on a revised schedule that permits additional time for discovery, however, you can expect that I will object as the amendment would prejudice my client. Without such review I cannot say definitely, but I would tentatively propose that we request an extension for all remaining deadlines of approx. 6 weeks (i.e., discovery would close on Dec. 14, summary judgment motions would be due on Jan. 10, and we could ask the court to move the pretrial conference to late March to allow time for rulings on summary judgment). Please see the attached, preliminary draft stipulation.
>
> Among other issues, since we received Mr. Almakhadhi's release for medical records only this morning, I need to make sure we have sufficient time to obtain the medical records and follow up with the doctors, if necessary. I also believe it is appropriate to postpone Mr. Almakhadhi's deposition until we have a chance to review those records. Assuming the amendment is permitted, it also will be necessary for Delaware Park to file its answer, update its discovery responses and likely to search for additional documents. Under the circumstances, requesting a six week extension seems modest.
>
> Of course, I also reserve my client's right to raise whatever objections are appropriate once I have had the opportunity to review the proposed amended complaint.
>
> Regards,
> Wendy
>
> -----Original Message-----
> From: Frank Conley [mailto:fconley@conleyfirm.com]
> Sent: Sunday, September 30, 2007 10:44 PM
> To: Voss, Wendy K.

Subject: Almakhadhi amended complaint

Hi Wendy,

I anticipate filing Mr. Almakhadhi's amended complaint Tuesday. Please let me know if you'll have time to review it Tuesday morning.

Thanks,

Frank

Sent from my iPhone<Proposed Stipulation to Amend Schedule - 1.DOC>

---

Frank Conley, Esquire | 215.836.4789 | www.conleyfirm.com

The Conley Firm
7715 Crittenden Street, Suite 133
Philadelphia, PA 19118

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail and delete all copies of this message.

# EXHIBIT B



**Potter
Anderson
& Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Wendy K. Voss
Partner
Attorney at Law
wvoss@potteranderson.com
302  984-6076  Direct Phone
302  658-1192  Fax

November 16, 2007

<u>Via Electronic & First Class Mail</u>
Frank Conley, Esquire
The Conley Firm
7715 Crittendon Street, Suite 133
Philadelphia, PA  19118

Re:    *Almakhadhi  v. Delaware Park*, Civil Action No. 07-78-JJF

Dear Frank:

I am writing in response to your letter of November 10, 2007 regarding Delaware Park's discovery responses, and in regard to a few "miscellaneous" discovery matters.

As to the "miscellaneous" matters, enclosed herewith please find those additional medical records we have received to date (Bates Nos. DP0782-DP0791), a copy of the Satellite Cashier position description (Bates No. DP0792), and documentation of matters raised in Mr. Almakhadhi's deposition on November 8 (Bates Nos. DP0781, DP0793-DP0796).

In regard to your letter of November 10, please be advised that Delaware Park has not withheld relevant discovery or acted contrary to its obligations in this litigation. Contrary to the wholly unsupported assertions in your letter, Delaware Park made a diligent search of its files and records and – as agreed with Mr. Almakhadhi at the parties' Rule 26(f) conference – produced responsive documents in hard copy form. In an attempt to allay your unfounded fears, we nonetheless have reviewed our document production. In doing so, we identified one copy error, which resulted in the omission of Mr. Almakhadhi's 2005 attendance chart from his personnel file. That document (front and back side) has been numbered as DP0539a and DP0539aa, and is enclosed. (I am endeavoring to obtain a better copy, and will provide a substituted copy if that effort is successful.)

In regard to the specific discovery responses discussed in your letter, we respond as follows:

<u>Request for Production Nos. 2 and 5B</u>: As stated in my earlier letter, I fail to see how Delaware Park's grant of FMLA leave to Plaintiff on each occasion he sought such leave is

Frank Conley, Esquire
November 16, 2007
Page 2

evidence of discrimination, and your unsupported assertion that documentation regarding Plaintiff's various requests for FMLA leave is relevant to his discrimination claims does not make it so.  Furthermore, I continue to find these requests to be unintelligible, as they do not clearly identify the documents sought by Plaintiff.  In an attempt to finally resolve this, and subject to and without waiving its objections, Delaware Park is producing herewith documents evidencing Plaintiff's various requests for FMLA leave (e.g., FMLA certification forms), Delaware Park's response thereto, and any internal communications concerning such request(s)), to the extent such documents have not already been produced.  See Bates Nos. DP0866-DP0918.

Interrogatory No. 3A:  As agreed in my earlier letter, enclosed herewith please find responsive documents setting forth the work restrictions of the Booth, Satellite, and Main Bank Cashiers who were granted light duty during the responsive period (Bates Nos. DP0797-DP0865), which have been marked "Highly Confidential – Attorneys' Eyes Only" in accordance with the agreement in your letter of November 10 to treat them as such.  It was necessary to recall these documents from storage  (all of which have not yet been located by the storage company – Delaware Park is working with the storage company on this issue), so it has taken some time to assemble the responsive information.  Delaware Park's search for responsive documents is continuing, and we reserve the right to produce additional documentation, if and when such documents are located.

Also, enclosed as Bates No. DP0919 is the information regarding the initial dates of light duty and termination dates (if applicable) of those Booth, Satellite, and Main Bank Cashiers who were granted light duty in the responsive time period.

Interrogatory No. 5:  Delaware Park hereby amends its response to this interrogatory as contained in my letter of November 5, 2007.  By way of explanation (and to assure you that Delaware Park was not attempting to avoid discovery or provide incorrect information), in making that response I relied upon Mr. Almakhadhi's supervisors, who advised me they had no specific recollection that he had applied for transfer to any position(s) prior to 2004, and a  review of his personnel file (where  I understood such documentation normally would be filed).  At that time, I was unaware that in 2004 Delaware Park had changed its record-keeping system regarding applications for transfer.  To the extent my inquiry was insufficient, the failing was my own.  Based on Mr. Almakhadhi's deposition testimony, I made further inquiries regarding positions for which Mr. Almakhadhi may have applied during the period 2002 – 2004.  Delaware Park's Human Resources Department advised me of the change in record-keeping procedure, and was able to provide further information regarding applications made by Plaintiff.  Subject to and without waiving Delaware Park's objections regarding the relevancy of the information, that information is set forth below:

Frank Conley, Esquire
November 16, 2007
Page 3

| App. Date | Position | Disposition |
|---|---|---|
| 4/30/2002 | Heavy Equipment Operation | Referred to department |
| 8/29/2002 | Satellite Cashier | Referred to department |
| 5/6/2003 | Satellite Cashier | Filed |
| 6/23/2003 | Satellite Cashier | Referred to department |
| 7/14/2003 | Cashier Shift Supervisor | Referred to department |
| 12/08/2003 | VLT Technician | Filed |
| 2/05/2004 | Cashier Shift Supervisor | Referred to department |
| 5/24/2004 | Satellite Cashier | Selected for position |
| 9/02/2004 | Main Bank Cashier | Referred to department |

Each of the applications was submitted to the Human Resources Department for initial review. In those cases where the application was "filed," the application was not referred to the department. In each of the remaining cases, the application was referred to the department for further consideration.

   Request for Admission No. 16:  A response to this Request for Admission was provided in my prior letter, subject to Delaware Park's continuing objections.  Delaware Park does not agree to withdraw its objections – if in fact that was the point of the comments in your letter (and which otherwise make no sense to me with respect to the status of Request for Admission No. 16, given that a response was provided.)

   As to the Requests for Production discussed in your letter (i.e., Requests Nos. 6, 7, 8, and 9), it is apparent that you are simply trying to re-write these requests to obtain additional discovery better suited to the claims asserted in the (proposed) First Amended Complaint.  Delaware Park already has responded to the actual requests, which certainly did not "encompass communications between Delaware Park and its insurance carrier" (presumably in reference to Plaintiff's worker's compensation claims).  Regardless, responsive documents between Delaware Park and its insurance carrier already have been produced.

   Request for Admission No. 19 and 20:  I do not agree with your characterization of Plaintiff's DDOL Charge, his pro se complaint, or even his (proposed) First Amended Complaint.  Further, I note again that I provided a response to Request for Admission No. 19 in my prior letter.

   In regard to Request for Admission No. 20, subject to and without waiving its objections, Delaware Park provides the following response:  Delaware Park denies this Request as stated.  By way of further response, Delaware Park states it advised Plaintiff by letter dated May 5, 2005 (Bates No. DP0042) that he was approved for FMLA leave for the period 4/13/05 until 6/13/05, and that he would exhaust all available FMLA leave time on 6/13/05; Plaintiff returned to work from FMLA leave on June 14, 2005. By letter dated March 30, 2006 (Bates No. DP0052), Delaware Park again advised Plaintiff that he had exhausted all available FMLA

Frank Conley, Esquire
November 16, 2007
Page 4

leave.  Between the dates September 2, 2005 and March 29, 2006, inclusive, Delaware Park did
not correspond with Plaintiff in regard to his FMLA status.

Sincerely yours,

Wendy K. Voss

WKV:drt
Enclosures (by mail only)
cc:  Glenn A. Brown, Esquire (w/encl., via first class mail)

832030v1 / 14276-132

# EXHIBIT C

# THE CONLEY FIRM

7715 CRITTENDEN STREET
SUITE 113
PHILADELPHIA, PA 19118-4421
www.conleyfirm.com

FRANK J. CONLEY

TELEPHONE 215.350.5885
FACSIMILE 215.689.0946
E-MAIL fconley@conleyfirm.com

19 November 2007

Wendy Voss
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington Delaware • 19801

> **Re:** <u>Almakhadhi v. Delaware Park</u>, No. 07-78-JJF

Dear Ms. Voss:

We have reviewed your letter of November 16, 2007, and are very disturbed by Delaware Park's revelations. It is clear Delaware Park failed to be sufficiently diligent in planning and executing an effective search for the documents Mr. Almakhadhi requested. Indeed, it is remarkable that even though Mr. Almakhadhi filed his DDOL complaint in April 2006, only now—after nearly 10 months of federal litigation and after the close of discovery—has Delaware Park sought to retrieve records from storage.[1] As you know, "[p]arties cannot be permitted to jeopardize the integrity of the discovery process by engaging in halfhearted and ineffective efforts to identify and produce relevant documents." <u>Cardenas v. Dorel Juvenile Group, Inc.</u>, 2006 U.S. Dist. LEXIS 37465, *22 (D. Kan. 2006); <u>see also</u> <u>In re September 11th Liab. Ins. Coverage Cases</u>, 243 F.R.D. 114, (S.D.N.Y. 2007).

---

[1]     We are puzzled by Delaware Park's curious statement that Delaware Park and Mr. Almakhadhi agreed to the production of "responsive documents in hard copy form." As you know, the Rules do not distinguish between electronic and "hard copy" documents, and Delaware Park was under an obligation to preserve and locate relevant electronic information as soon as it was on notice of potential litigation. <u>See, e.g.</u>, <u>Zubulake v. UBS Warburg LLC</u>, 229 F.R.D. 422 (S.D.N.Y.2004). Mr. Almakhadhi continues to assert that Delaware Park has relevant electronic information that it has not produced.

*Wendy Voss*
*19 November 2007*
*Page 2*

While we understand and appreciate your effort to deflect Delaware Park's gamesmanship, you know that

> Trial counsel have a duty to exercise some degree of oversight over their clients' employees to ensure that they are acting competently, diligently, and ethically in order to fulfill their responsibility to the Court and opposing parties. Accordingly, trial counsel . . . also have an obligation to review all documents received from the client to see whether they indicate the existence of other documents not previously retrieved or produced.

Cardenas, at *23; see also In re September 11th Liab. Ins. Coverage Cases. Instead of heeding Mr. Almakhadhi's repeated complaints that Delaware Park was withholding relevant discovery, however, it appears that the very persons whom Mr. Almakhadhi alleged were concealing documents were trusted by Delaware Park to produce them.

Worse, it appears that Delaware Park fails to appreciate the prejudicial nature of its improper and sanctionable conduct. Delaware Park's improper withholding of documents has prejudiced Mr. Almakhadhi's ability to file a dispositive motion and to adequately prepare for a trial in this matter. Moreover, Delaware Park's mendaciousness has cast doubt on all of its discovery responses. Accordingly, please advise us immediately as to the steps Delaware Park is taking to review the entirety of its discovery responses and production of documents.

Wendy Voss
19 November 2007
Page 3

As to the remainder of Delaware Park's improper and inadequate objections and responses, Mr. Almakhadhi will rely upon the assistance of the Court.[2]

Regards

Frank Conley

cc:    Glenn Brown, Esquire

---

[2]    Delaware Park repeatedly objects that it does not understand the relevance of certain of Mr. Almakhadhi's requests. That is not the standard by which its obligation to produce discovery is measured. Instead:

> Courts have construed [Rule 26(b)(1)] liberally, "creating a broad range for discovery which would 'encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J. 2000) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978); Leisal Interiors, Inc. v. Resolution Trust Corp., 153 F.R.D. 552, 560 (D.N.J. 1994)). Review of all relevant evidence provides each party with a fair opportunity to "present an effective case at trial." Caver, 192 F.R.D. at 159.

Moore v. United States Dep't of the Treasury, 2007 U.S. Dist. LEXIS 34957, 12-13 (D.N.J. 2007). It is clear from its actions that Delaware Park is opposed to allowing Mr. Almakhadhi a fair opportunity to present an effective case at trial.

# EXHIBIT D



**Potter**
**Anderson**
**&Corroon** LLP

Wendy K. Voss
Partner
Attorney at Law
wvoss@potteranderson.com
302 984-6076 Direct Phone
302 658-1192 Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

November 21, 2007

**Via Electronic & First Class Mail**
Frank Conley, Esquire
The Conley Firm
7715 Crittendon Street, Suite 133
Philadelphia, PA  19118

Re:  *Almakhadhi  v. Delaware Park*, Civil Action No. 07-78-JJF

Dear Frank:

I am writing in response to your letter of November 19, 2007.  As you know, I was out of the office for depositions on November 19 and 20, and am responding to you at the first opportunity.

The characterization of the discovery process in this case as contained in your letter is wholly insupportable, and I do not care to share in the mud-slinging in which you have engaged. To my knowledge, your conduct would not be considered proper conduct by a Delaware lawyer or one admitted to practice *pro hac vice* in this state.  I find your allegation that Delaware Park has acted purposefully to prejudice your client's ability to prosecute his case particularly offensive given that it is based on unfounded assumptions and conclusory accusations, and that you have repeatedly declined my offer to agree to an extension of the case schedule.  While that strategy decision clearly is yours, it is also obvious that if you had allowed yourself more time your client in no way could be prejudiced by the normal imperfections of the discovery process.  In that regard, I note that only yesterday we received a responsive document from you that Mr. Almakhadhi should have produced with his initial responses more than two months ago (some of which is written in Arabic, with the result that Delaware Park was denied the opportunity to question Mr. Almakhadhi regarding these entries at his deposition).  Further, Mr. Almakhadhi withheld other responsive documents for a notable period of time, without justification, and refused to provide releases for the records of his medical care providers, so that certain records were received only after his deposition.

Finally, as I already have advised you, appropriate follow-up inquiries were made with my client regarding any additional documents that might exist, and all non-objectionable, non-privileged, responsive documents in Delaware Park's custody and control have been

Frank Conley, Esquire
November 21, 2007
Page 2

produced to you. As I also advised you, Delaware Park's storage vendor was unable to locate certain materials placed in their care. I understand that at least one additional box of documents has now been located and should be delivered to Delaware Park today. To the extent there are documents in that collection with additional responsive information, we will provide them to you as soon as possible. Any allegation that Delaware Park engaged in inappropriate conduct in this instance is completely without merit. I continue to believe that the interrogatory in question is objectionable, as it fails to limit the information sought to individuals who are similarly situated to Mr. Almakhadhi and seeks personal, medical information regarding Delaware Park's employees. Nonetheless, Delaware Park agreed to produce the information sought, subject to your agreement to treat the documents as highly confidential. You provided your agreement on November 10, 2006 (electronically, on a holiday weekend), and responsive documents were served shortly thereafter on November 16, 2006 – which I note was only three working days after my actual receipt of your letter.

Although your accusations are completely without merit and do not warrant further inquiry by Delaware Park, if there are specific documents that would be responsive to Mr. Almakhadhi's production requests that you have actual reason to believe may exist and have not been produced, please provide me with that specific information and I will inquire further with my client. Please be advised, however, that in making this offer I am not waiving Delaware Park's right to object to inappropriate requests or to decline to produce documents that were not the subject of a proper request made during the permissible discovery period in this case.

Sincerely yours,

Wendy K. Voss

WKV

cc: Glenn A. Brown, Esquire (via electronic and first class mail)

833279v1 / 14276-132

# EXHIBIT E

## THE CONLEY FIRM

7715 CRITTENDEN STREET
SUITE 113
PHILADELPHIA, PA 19118-4421
www.conleyfirm.com

FRANK J. CONLEY

TELEPHONE 215.350.5885
FACSIMILE 215.689.0946
E-MAIL fconley@conleyfirm.com

21 November 2007

Wendy Voss
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street, 6th Floor
Wilmington Delaware • 19801

Re:     **Almakhadhi v. Delaware Park**, No. 07-79-JJF

Dear Ms. Voss:

I write in response to your letter of today. I decline your invitation to engage in a
discussion of this case on a personal level, and will not reciprocate the ad hominem
attacks you have made. My role in this litigation is solely as a lawyer, representing
Mr. Almakhadhi and zealously advocating on his behalf within the confines of the Rules
of Procedure and Professional Conduct, and the law.

Briefly addressing your comments, concerning Delaware Park's prejudicial actions,
Mr. Almakhadhi has not engaged in "mud-slinging," and we disagree that
Mr. Almakhadhi's concerns are based upon "unfounded assumptions and conclusory
allegations." To the contrary, Mr. Almakhadhi has repeatedly raised his concerns about
Delaware Park's failure to be forthcoming in its responses to his discovery requests. As
events have revealed, Mr. Almakhadhi was correct and his requests for cure are
supported by law.

Concerning your ad hominem, and unspecific, evaluation of my conduct, if Delaware
Park's actions in this case are representative of the normal practice of Delaware
attorneys, I take your comments as a compliment. All the actions taken on behalf of
Mr. Almakhadhi have been proper and supported by law.

Concerning your "repeated offers" to agree to an extension of the schedule in this case, I
have not declined any such offer. To the contrary, upon my entry into this case I
discussed extension dates with you in detail. We continued that discussion by e-mail in
late September, and I requested that Delaware Park provide me with a stipulated
extension. Delaware Park, however, (continuing the gamesmanship it has engaged in

*Wendy Voss*
*21 November 2007*
*Page 2*

long before I became involved in this litigation) conditioned the extension on it being filed before Mr. Almakhadhi's Motion for Leave to Amend. I bluntly expressed my concerns about those tactics, and asked that Delaware Park file the stipulated extension after Mr. Almakhadhi's Motion for Leave to Amend. To refresh your recollection of these events, please see the attached e-mail at Tab A.

As I explained at the beginning of my involvement in this case, I believed there was more than adequate time to complete discovery. I was unaware, however, that Delaware Park had failed to fulfill its Rule 26 obligations and that Delaware Park was withholding relevant evidence (which events are not "normal imperfections of the discovery process.") Once that became clear, it was necessary for Mr. Almakhadhi to seek further discovery. Had Delaware Park acted properly during this litigation, discovery would have been completed by October 31, 2007. Delaware Park's chosen course of conduct is, thankfully, not my responsibility. (To the extent Delaware Park needs additional time to comply with its discovery obligations, it is incumbent upon Delaware Park—not Mr. Almakhadhi—to seek an extension.)

Concerning Mr. Almakhadhi's recent production of a calendar page, I trust you do not seek to compare it to Delaware Park's misconduct, in breadth, scope, or relevance. Moreover, I trust you will recall when I entered this case, and that prior to my entry of appearance Mr. Almakhadhi was acting pro se. Regardless, Mr. Almakhadhi has sought to comply with his discovery obligations. Furthermore, upon my entry into this case I took immediate steps to address the outstanding discovery issues Delaware Park had raised to Mr. Almakhadhi. Again, to refresh your recollection, see the attached e-mail and letter at Tab B.

Additionally, upon my entry in this case I made good-faith efforts to amicably resolve it. For example, I suggested that the parties meet with a magistrate or mediate the case. I also provided to Delaware Park Mr. Almakhadhi's demand and provided the reasoning for it. We also discussed how easily Delaware Park could have resolved this case at its inception. To date, Delaware Park has not responded to Mr. Almakhadhi's varied overtures to resolve this matter. Instead, Delaware Park has chosen to aggressively defend this matter. Accordingly, it cannot complain that Mr. Almakhadhi is vigorously prosecuting his case.

*Wendy Voss*
*21 November 2007*
*Page 3*

Concerning Delaware Park's demand that Mr. Almakhadhi identify the documents that Delaware Park is withholding, we presume it is made facetiously. Mr. Almakhadhi cannot know what documents Delaware Park has that it is withholding, or, indeed, what documents Delaware Park has destroyed. Instead, Mr. Almakhadhi has repeatedly pointed out, for example, that incomplete e-mail chains show that Delaware Park has additional electronic evidence; his incomplete employee file shows that Delaware Park has additional documents concerning, among other things, his applications for positions; incomplete investigative reports show that there are additional files. Notably, however, Delaware Park has refused to respond in any substantive fashion to Mr. Almakhadhi's Second Set of discovery requests, which responses might have at least helped define the universe of information.

Moreover, we fail to see how Delaware Park can make any good-faith representation (that does not rely solely upon the tortured parsing of language) that "all non-objectionable, non-privileged, responsive documents in Delaware Park's custody and control have been produced to" Mr. Almakhadhi when Delaware Park has admitted that it has documents that it has not reviewed (along with the ones it has "lost"). Additionally, Mr. Almakhadhi's Second Set of discovery requests are for non-objectionable, non-privileged, responsive information within Delaware Park's custody and control that it has not produced.

Because Mr. Almakhadhi cannot list specific documents within Delaware Park's sole custody and control, he instead simply requests that Delaware Park comply with the Federal Rules by, among other things, engaging in a diligent and effective search for information, permitting this matter to proceed as "a fair contest with the basic issues and facts disclosed to the fullest practicable extent." U.S. v. Procter & Gamble Co., 356 U.S. 677, 683 (1958).

In closing, I do wish to make one personal comment, directed at you: I hope you and your family have a wonderful holiday, and safe travels (if any are planned).

Best regards,

Frank Conley

## CERTIFICATE OF SERVICE

I hereby certify this 26th day of November, 2007, that a true and correct copy of

the foregoing **DEFENDANT DELAWARE PARK, L.L.C.'S OPPOSITION TO MOTION**

**TO COMPEL DISCOVERY AND FOR SANCTIONS** was electronically filed with U.S.

District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing

System) which will send notification of such filing that the document is available for viewing

and downloading via CM/ECF to the following counsel of record:

> Glenn A. Brown, Esquire
> Real World Law, PC
> 916 North Union Street, Suite #2
> Wilmington, DE  19805

I further certify this 26th day of November, 2007, that one (1) true and correct

copy of the above-mentioned document was sent via electronic mail to the following:

> Frank Conley, Esquire
> The Conley Firm
> 7715 Crittendon Street, Suite 133
> Philadelphia, PA  19118

> */s/ Wendy K. Voss*
> Wendy K. Voss (#2874)
> POTTER ANDERSON & CORROON LLP
> Hercules Plaza, Sixth Floor
> 1313 North Market Street
> P.O. Box 951
> Wilmington, DE  19899
> (302) 984-6000 - Telephone
> (302) 658-1192 - Facsimile
> wvoss@potteranderson.com - Email

> *Attorneys for Defendant Delaware Park, L.L.C.*

833800v1 / 14672-132

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMI ALMAKHADHI, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. A. No. 07-78-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| DELAWARE PARK, | ) | **CORRECTED VERSION** |
| | ) | |
| Defendant, | ) | |

## DEFENDANT DELAWARE PARK, L.L.C.'S
## OPPOSITION TO MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

Wendy K. Voss (#3142)
Jennifer C. Wasson (#4933)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
wvoss@potteranderson.com - Email
jwasson@potteranderson.com – Email

*Attorneys for Defendant Delaware Park, L.L.C.*

Dated: November 26, 2007
Corrected Version Dated: November 26, 2007
833588v1 / 14672-132

Defendant Delaware Park, L.L.C. ("Delaware Park") opposes Plaintiff Sami Almakhadhi's ("Plaintiff") Motion to Compel Discovery and for Sanctions (the "Motion") as follows:

## I.    NATURE AND STAGE OF THE PROCEEDINGS

On February 12, 2007, Plaintiff filed a *pro se* Complaint (D.I. 1) alleging race and national origin discrimination against Delaware Park. A Scheduling Order (D.I. 21) was entered on June 24, 2007.

Under the case schedule, the deadline for <u>completion</u> of written discovery was October 31, 2007 [1] D.I. 21. Prior to the passing of this deadline, in mid-July, Delaware Park served its first set of discovery on Plaintiff. Thereafter, Plaintiff served his initial set of discovery requests (interrogatories, document requests, and requests for admissions) upon Delaware Park, on September 4, 2007.

As evidenced by the September 12, 2007 motion for admission *pro hac vice* (D.I. 40) (granted on Oct. 2, 2007), Plaintiff employed the services of his current counsel sometime on or before September 12, 2007, well before the parties' deadline to serve timely written discovery.

Subsequent to the appearance of counsel for Plaintiff, the parties engaged in status discussions during which Plaintiff indicated a desire to amend his Complaint. At that time, Counsel for Delaware Park inquired whether Plaintiff also required an extension of the case schedule, which at the time seemed logical. Counsel for Plaintiff indicated that he did not want to extend the schedule in conjunction with his Motion for Leave to Amend and concluded only that he would "have no general objection to such an extension if <u>Delaware Park believes it's</u>

---

[1]    Discovery that is served less than 30 days before the date for the "completion of written discovery" is untimely because it does not allow for the 30-day response time provided by the Federal Rules of Civil Procedure. *See DC Comics v. Kryptonite Corp.*, 2002 WL 31159121, at *1 (S.D.N.Y. Sept. 26, 2002); *Edberg v. CPI, Inc.*, 2000 WL 1844651, at *2 (D. Conn. Nov. 22, 2000)*; see also* Moore's Federal Practice § 33.41[5] (3d. ed. 2000).

necessary." Ex. A hereto (emphasis added). Because Delaware Park did not need an extension of the discovery period, it did not raise this issue again, leaving the issue for Plaintiff to pursue at his discretion.

On October 2, 2007, Plaintiff filed his Motion for Leave to Amend. Delaware Park filed its opposition to the motion (D.I. 43). The motion is fully briefed and pending before the Court.

On October 4, 2007, Delaware Park filed timely responses to Plaintiff's initial discovery requests, raising objections where appropriate and noting in its responses to interrogatories and document requests that the responses were "based on Delaware Park's knowledge and information as of the date hereof," and reserving "the right to amend and supplement all of its objections and responses to the requests as additional responsive information or documents are found by way of discovery or otherwise," and reserving, in the case of the requests for admissions, its "right to object to further discovery into the subject matters of the requests...." *See* Motion, Ex. B.

Counsel for the parties met and conferred regarding alleged deficiencies with each party's responses to the parties' respective first sets of discovery. *See* Motion, Exs. C, D, E.

Plaintiff served a second set of discovery requests on October 26, 2007 - 5 calendar days prior to the deadline for the completion of written discovery. At Plaintiff's deposition on November 8, 2007, counsel for Delaware Park informed counsel for Plaintiff (off the record) that Delaware Park would object to his second requests as untimely.

Plaintiff filed the instant motion on November 14, 2007, and filed a Second Motion to Compel (the "Second Motion") (D.I. 48) relating to Plaintiff's second set of discovery on November 21, 2007. Plaintiff will respond to the Second Motion on December 3, 2007, pursuant the Scheduling Order and the Local Rules.

In the instant motion, Plaintiff seeks an order compelling further responses to Plaintiff's initial set of discovery; an extension of the dispositive motion deadline (currently November 27, 2007) for Plaintiff only; costs; and sanctions. In the Second Motion, Plaintiff requests what amounts to an extension of the written discovery deadline via a motion to compel responses to Plaintiff's untimely, second set of discovery requests. Plaintiff also seeks an extension of the November 27, 2007 dispositive motion deadline; an order precluding Delaware Park from complying with this deadline; sanctions, attorneys' fees to date; and an adverse jury instruction.[2]

## II.    ARGUMENT

As demonstrated by the very exhibits Plaintiff relies upon, Delaware Park responded to Plaintiff's first set of discovery in a timely fashion and supplemented it responses and production with relevant, non-objectionable information where necessary and available. Plaintiff's brazen, insupportable description of Delaware Park's responses as "willful" and "improper and incomplete" does not make them so.

The correspondence attached as Ex. D to Plaintiff's Motion epitomizes Delaware Park's discovery conduct in this matter. There, Delaware Park addresses each of Plaintiff's questions and concerns, providing sound bases for all disputed responses and/or directing Plaintiff to available individuals and responsive documents. By way of comparison, Plaintiff's response (Motion, Ex. E), which accuses Delaware Park of intentionally withholding relevant documents but provides no actual support for this contention, and subsequent correspondence relating to Plaintiff's first set of discovery demonstrate Plaintiff's willingness to overstate and leverage even the most benign discovery occurrences. *See* Exs. B-E hereto.

---

[2] Delaware Park plans to comply with the dispositive motion deadline with regard to the causes of action in the original Complaint and those causes of action from the proposed amended pleading to which it did not object. To the extent Plaintiff fails to comply with this deadline, Delaware Park submits that it would be prejudiced if Plaintiff were permitted to move for summary judgment at a later date on any of the aforementioned causes of action.

Plaintiff's alleged inability to file a dispositive motion at this time is not a function of Delaware Park's conduct, but rather, is the result of Plaintiff's own misallocation of time and resources. Plaintiff had an opportunity to serve additional, timely discovery requests; he did not. Plaintiff had an opportunity to notice discovery depositions; he did not. Now, Plaintiff would have the Court expand the scope of Plaintiff's first set of discovery requests as a means of remedying his failures. Finally, Plaintiff's attempt to grant himself an extension of the summary judgment deadline by burying such a request in his motions to compel is improper and should find no favor with this Court.[3]

Plaintiff offers no rationale or support for its request for sanctions, primarily because there is none. Delaware Park responded to the discovery responses in a timely fashion. In doing so, Delaware Park provided a model discovery request to the *pro se* Plaintiff. Delaware Park alerted opposing counsel to the relevant discovery deadline upon his entry into this litigation. Where necessary, Delaware Park provided supplemental discovery responses and documents, pursuant to the Federal Rules of Civil Procedure. Delaware Park participated in good faith conferences on all disputed matters; and Delaware Park has principled, good faith bases for the objections it has raised in response to Plaintiff's discovery requests. Quite clearly, Delaware Park's conduct does not warrant discovery sanctions. *See Robertson v. Horton Brothers Recovery, Inc.*, C.A. No. 02-1656-JJF, 2006 WL 2917377, at *2 (D. Del. Oct. 10, 2006) (citing factors from *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

For the foregoing reasons, Delaware Park respectfully submits that Plaintiff's Motion to Compel Discovery and for Sanctions should be denied.

---

[3] Additionally, Plaintiff's request for an extension of the discovery deadline in the Second Motion is untimely under D. Del. L.R. 16.4. *See RLI Ins. Co. v. Indian River School District*, C.A. No. 05-858-JJF, 2007 WL 3112417, at * 2 (D. Del., Oct. 23, 2007).

Respectfully,

POTTER ANDERSON & CORROON LLP


By:     */s/ Wendy K. Voss*
      Wendy K. Voss (#3142)
      Jennifer C. Wasson (#4933)
      Hercules Plaza, Sixth Floor
      1313 North Market Street
      P.O. Box 951
      Wilmington, DE  19899
      (302) 984-6000 – Telephone
      (302) 658-1192 – Facsimile
      wvoss@potteranderson.com - Email
      jwasson@potteranderson.com – Email

*Attorneys for Defendant Delaware Park, L.L.C.*

Dated:  November 26, 2007
Corrected Version Dated:  November 26, 2007
833800v1 / 14672-132



Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**David E. Moore**
**Associate**
Attorney at Law
dmoore@potteranderson.com
302 984-6147  Direct Phone
302  658-1192  Fax

November 27, 2007

**Via Electronic Mail**

Dr. Peter T. Dalleo
Clerk of the Court
U.S. District Court for the District of Delaware
844 North King Street, Room 4209
Lock Box 18
Wilmington, DE  19801

RE:  ALMAKHADHI V. DELAWARE PARK, CIVIL ACTION NO. 07-78 (JJF)

Dear Dr. Dalleo:

Last night we filed Delaware Park's Opposition to  Motion to Compel Discovery and For Sanctions (D.I. 49) in the above referenced matter.  After the filing, we discovered that our final round of edits did not make it into the as-filed version.  Subsequent to this discovery, we filed and served a corrected version of the Opposition (D.I. 50).  We informed opposing counsel of the correction that was made - replacing a sentence at the bottom of page 4 of the document.  The corrected sentence, which appears in the corrected version reads as follows:

Quite clearly, Delaware Park's conduct does not warrant discovery sanctions.  *See Robertson v. Horton Brothers Recovery, Inc.*, C.A. No. 02-1656-JJF, 2006 WL 2917377, at *2 (D. Del. Oct. 10, 2006) (citing factors from *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

Counsel are available at your convenience if you have any questions.

Very truly yours,

David E. Moore

DEM/drt
cc:  Counsel of Record (via electronic mail)
833813v1 / 14672-132