IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMI ALMAKHADHI, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. A. No. 07-78-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| DELAWARE PARK, | ) | |
| | ) | |
| Defendant, | ) | |

**DEFENDANT DELAWARE PARK, L.L.C.'S OPPOSITION TO SECOND MOTION TO
COMPEL DISCOVERY AND FOR SANCTIONS**

Wendy K. Voss (#3142)
Jennifer C. Wasson (#4933)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
wvoss@potteranderson.com - Email
jwasson@potteranderson.com – Email

*Attorneys for Defendant Delaware Park, L.L.C.*

Dated: December 3, 2007
835045 / 14672-132

Defendant Delaware Park, L.L.C. ("Delaware Park") opposes Plaintiff Sami Almakhadhi's ("Plaintiff") Second Motion to Compel Discovery and for Sanctions (the "Second Motion") (D.I. 48)[1] as follows:

## I. NATURE AND STAGE OF THE PROCEEDINGS[2]

On February 12, 2007, Plaintiff filed a *pro se* Complaint (D.I. 1) alleging race and national origin discrimination against Delaware Park. A Scheduling Order (D.I. 21) was entered on June 24, 2007. Under the case schedule, the deadline for <u>completion</u> of written discovery was October 31, 2007, and the deadline to file dispositive motions was November 27, 2007. *See* D.I. 21.

Plaintiff served a second set of discovery requests on October 26, 2007 - five calendar days prior to the deadline for the <u>completion</u> of written discovery. At Plaintiff's deposition on November 8, 2007, counsel for Delaware Park informed counsel for Plaintiff (off the record) that Delaware Park would object to his second requests as untimely. Thereafter, on November 16, 2007, Delaware Park served timely, written objections to Plaintiff's second set of discovery. *See* D.I. 48, Ex. D.

In his Second Motion, filed on November 21, 2007 (D.I. 48), Plaintiff requests what amounts to an extension of the written discovery deadline via his motion to compel responses to an untimely, second set of discovery requests. Plaintiff also seeks an extension of the November

---

[1] Plaintiff's first Motion to Compel Discovery and for Sanctions (the "First Motion") (D.I. 46) was filed on November 14, 2007. In the First Motion, Plaintiff sought an order compelling further responses to Plaintiff's initial set of discovery; an extension of the dispositive motion deadline for Plaintiff only; costs; and sanctions. Delaware Park opposed Plaintiff's First Motion on November 26, 2007. *See* D.I. 50.

[2] For purposes of this Opposition, Delaware Park has limited its discussion of the Nature and Stage of Proceedings to matters relevant to Plaintiff's Second Motion to Compel Discovery and for Sanctions. A more complete discussion of the nature and stage of this litigation is included in Delaware Park's Opposition to Plaintiff's First Motion. *See* D.I. 50, at pp. 1-3.

1

27, 2007 dispositive motion deadline (now passed); an order precluding Delaware Park from complying with this deadline; sanctions; attorneys' fees to date; and an adverse jury instruction.

Curiously, in early discussions between counsel, Plaintiff was content to leave the issue of whether to seek an extension of the case schedule entirely up to Delaware Park. *See* D.I. 50, Ex. A ("I have no general objection to such an extension if <u>Delaware Park believes it's necessary</u>.") (emphasis added). In the end, Delaware Park did not require an extension of any deadlines, and Plaintiff was left to pursue extensions of any relevant deadlines at his discretion, or peril as the case may be.

On November 27, 2007, Delaware Park complied with the dispositive motion deadline and filed a motion for summary judgment with regard to the causes of action in the original Complaint and those causes of action from the proposed amended pleading to which it did not object. *See* D.I. 51, 52, 53 (corrections at D.I. 55, 56). Plaintiff did not file a dispositive motion on November 27.

## II. ARGUMENT

Plaintiff's second set of discovery is untimely. This set of discovery was served by mail and e-mail on October 26, 2007, five calendar days prior to the deadline for the <u>completion</u> of discovery adopted by the Court. Perhaps, if the language of the Scheduling Order were ambiguous, Plaintiff's position might have some merit. Here, however, the language is purposefully clear. Here, discovery that is served less than 30 days before the date for the "completion of written discovery" is untimely because it does not allow for the 30-day response time provided by the Federal Rules of Civil Procedure. *See DC Comics v. Kryptonite Corp.*, 2002 WL 31159121, at *1 (S.D.N.Y. Sept. 26, 2002); *Edberg v. CPI, Inc.*, 2000 WL 1844651, at *2 (D. Conn. Nov. 22, 2000); *see also* Moore's Federal Practice § 33.41[5] (3d. ed. 2000).

2

The request for an extension of the deadline for the completion of written discovery is similarly untimely, and further does not comport with the Rules of this Court. Local Rule 16.4, *Requests for Extensions of Deadlines*, provides:

> Unless otherwise ordered, a request for an extension of deadlines for completion of discovery or postponement of trial shall be made by motion or stipulation prior to expiration of the date deadline, and shall include the following: (a) The reasons for the request; and (b) Either a supporting affidavit by the requesting counsel's client or a certification that counsel has sent a copy of the request to the client.

*Id., see also RLI Ins. Co. v. Indian River Sch. Dist.*, C.A. No. 05-858-JJF, 2007 WL 3112417, at * 2 (D. Del., Oct. 23, 2007). Plaintiff's filed his motion after the passing of the written discovery deadline, and there has been no showing that Plaintiff complied with part (b) of the Rule.

Further, Plaintiff's request for an extension of the dispositive motion deadline, which reveals Plaintiff's intention of filing a dispositive motion at a late date, is nothing more than improper attempt by a party to grant itself an extension of a court-ordered deadline *Accord Willemijn Houdstermaatschaapij v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989) ("Simple logic teaches that defendant has put the presumption on the wrong side: unless and until it is granted a stay [of discovery], defendant should be required to conduct discovery as if no motion had been filed at all."). By not filing a dispositive motion on November 27, Plaintiff has forfeited the right to file such a motion at a later date.

Notably, despite Plaintiff's unfounded allusions to the "dark days" of pre-Federal Rules discovery, Plaintiff has only himself to blame for his current predicament. Plaintiff had an opportunity to serve additional, timely discovery requests; he did not. Plaintiff had an opportunity to notice discovery depositions; he did not. Now, Plaintiff would have the Court extend the dispositive motion deadline so that he may remedy his earlier failures. Delaware Park respectfully submits, as it did in its Opposition to the First Motion (*see* D.I. 50, at p. 3, n.2), that it would be prejudiced in this litigation if Plaintiff were permitted to move for summary

judgment at a later date on any causes of action, particularly those addressed in Delaware Park's Motion for Summary Judgment.

Finally, putting aside Plaintiff's penchant for hyperbolic rhetoric (*see, e.g.,* D.I. 48, at p. 3), here, as in the First Motion, Plaintiff offers no basis for an award of sanctions. Plaintiff cannot establish any of the *Poulis* factors[3] because the requests at issue were not timely filed and thus there was no failure to respond.

For the foregoing reasons, Plaintiff's Second Motion should be denied.

Respectfully,

POTTER ANDERSON & CORROON LLP

By: _____
Wendy K. Voss (#3142)
Jennifer C. Wasson (#4933)
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
wvoss@potteranderson.com - Email
jwasson@potteranderson.com – Email

*Attorneys for Defendant Delaware Park, L.L.C.*

Dated: December 3, 2007
835045 / 14672-132

---

[3] "(1) [T]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure…to respond to discovery; (3) the history of dilatoriness; (4) whether the conduct…was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; (6) the meritoriousness of the claim or defense." *Robertson v. Horton Brothers Recovery, Inc.*, C.A. No. 02-1656-JJF, 2006 WL 2917377, at *2 (D. Del. Oct. 10, 2006) (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

## **CERTIFICATE OF SERVICE**

I hereby certify this 3rd day of December, 2007, that a true and correct copy of the foregoing **DEFENDANT DELAWARE PARK, L.L.C.'S OPPOSITION TO SECOND MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS** was electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) which will send notification of such filing that the document is available for viewing and downloading via CM/ECF to the following counsel of record:

> Glenn A. Brown, Esquire
> Real World Law, PC
> 916 North Union Street, Suite #2
> Wilmington, DE  19805

I further certify this 3rd day of December, 2007, that one (1) true and correct copy of the above-mentioned document was sent via First Class U.S. Mail to the following:

> Frank Conley, Esquire
> The Conley Firm
> 7715 Crittendon Street, Suite 133
> Philadelphia, PA  19118

_____
Wendy K. Voss (#2874)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000 - Telephone
(302) 658-1192 - Facsimile
wvoss@potteranderson.com - Email

*Attorneys for Defendant Delaware Park, L.L.C.*

834949 / 14672-132