# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMI ALMAKHADHI, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. A. No. 07-78-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| DELAWARE PARK, | ) | |
| | ) | |
| Defendant | ) | |

## DEFENDANT'S PROPOSED SPECIAL VERDICT FORM[1]

### Section 1:  Americans With Disabilities Act

1. Do you find that Plaintiff proved by a preponderance of the evidence that he is a person with a disability in that his back impairment substantially limits a major life activity?

   YES__    NO__


2. Do you find that Plaintiff proved by a preponderance of the evidence that Delaware Park regarded the Plaintiff as being disabled, treating him as if his back impairment substantially limited a major life activity?

   YES__    NO__


   *If you answered "NO" to questions 1 and 2, do not answer the remaining questions in Section 1, and proceed  to Section 2, Question 10.*

   *If you answered "YES" to question 1 or 2, proceed to Question 3.*

---

[1]   This Verdict Form addresses any and all claims that may remain for trial, as of the date of the pretrial conference.  Delaware Park reserves the right to submit an amended Verdict Form as may be required by the Court's rulings on Plaintiff's motion to amend and/or Delaware Park's motion for summary judgment.

3.  Do you find that Plaintiff proved by a preponderance of the evidence that, as of August 2005, he was qualified for the position of Impress Supervisor and, with or without an accommodation, could perform the essential functions of the position, including the essential physical activities required in the position?

 YES__      NO__

     If your answer to Question 3 was "NO," proceed to Question 5.

     If your answer to Question 3 was "YES," proceed to question 4.


4.  Do you find that Plaintiff proved by a preponderance of the evidence that Delaware Park did not select him for promotion to the position of Impress Supervisor in August 2005 because he is or Delaware Park regarded him as an individual with a disability?

YES__      NO__


5.  Do you find that Plaintiff proved by a preponderance of the evidence that Delaware Park did not give him a light duty assignment in or after September 2005 and instead placed him on leave because he is or Delaware Park regarded him as an individual with a disability?

 YES__      NO__


6.   Do you find that Plaintiff proved by a preponderance of the evidence that Delaware Park denied Plaintiff his 2005 Christmas bonus because he is or Delaware Park regarded him as an individual with a disability?

 YES__      NO__


7.  Do you find that Plaintiff proved by a preponderance of the evidence that he was qualified for the position of Booth Cashier and, with or without an accommodation, could perform the essential duties of the position, including the essential physical activities required in the position?

 YES__      NO__

     If your answer to Question 7 was "NO," proceed to Section 2, Question 10.

     If your answer to Question 7 was "YES," proceed to Question 8.


8.  Do you find that Plaintiff proved by a preponderance of the evidence that he requested a reasonable accommodation from Delaware Park, that the accommodation he requested would have permitted him to perform all the essential functions of his job, and that Delaware Park denied him that or any reasonable accommodation?

YES___    NO___

9.  Do you find that Plaintiff proved by a preponderance of the evidence that Delaware Park discharged him from employment to avoid providing him with a reasonable accommodation?

YES___    NO___

---

## Section 2:  Title VII - Race and National Origin Discrimination

10. Do you find that Plaintiff proved by a preponderance of the evidence that Delaware Park did not select him for promotion to the position of Impress Supervisor in August 2005 because he is Arab?

YES___    NO___

11.   Do you find that Plaintiff proved by a preponderance of the evidence that Delaware Park did not give him a light duty assignment in or after September 2005 and instead placed him on leave because he is Arab?

YES___    NO___

12.   Do you find that Plaintiff proved by a preponderance of the evidence that Delaware Park denied Plaintiff his 2005 Christmas bonus because he is Arab?

YES___    NO___

13.   Do you find that Plaintiff proved by a preponderance of the evidence that Delaware Park discharged him from employment because he is Arab?

YES___    NO___

**Section 3:  Title VII – Retaliation**

14.   Do you find that Plaintiff proved by a preponderance of the evidence that Delaware Park did not select him for promotion to the position of Impress Supervisor in August 2005 because he had complained of discrimination?

YES__      NO__

15.   Do you find that Plaintiff proved by a preponderance of the evidence that Delaware Park did not give him a light duty assignment in or after September 2005 and instead placed him on leave because he had complained of discrimination?

 YES__      NO__

16.   Do you find that Plaintiff proved by a preponderance of the evidence that Delaware Park denied Plaintiff his 2005 Christmas bonus because he had complained of discrimination?

 YES__      NO__

17.   Do you find that Plaintiff proved by a preponderance of the evidence that Delaware Park discharged him from employment because he had complained of discrimination?

 YES__      NO__

**Section 4:  Title VII – Hostile Work Environment**  [*if permitted by the Court*]

18.   Do you find that Plaintiff proved by a preponderance of the evidence that he was subjected to harassment by his supervisors that created a hostile work environment, and that such harassment was due to the fact that he is Arab or made complaints of discrimination?

YES__      NO__

　　　If your answer to Question 18 was "NO," proceed to Section 5, Question 20.

　　　If your answer to Question 18 was "YES," proceed to Question 19.

19.  Do you find that Delaware Park has proved by a preponderance of the evidence that it took reasonable steps to prevent harassment, and that Plaintiff unreasonably failed to take advantage of that procedure?

YES__      NO__

---

**Section 5:  Family and Medical Leave Act – Discrimination/Retaliation**

20. [*If claims arising prior to October 5, 2005 are permitted by the Court:*]  Do you find that Delaware Park proved by a preponderance of the evidence that Plaintiff was advised that he had not been selected for the position of Main Bank Cashier, for which he applied in January 2005, prior to February 12, 2005?

YES__      NO__

   If your answer to Question 20 was "NO," proceed to Question 23.

   If your answer to Question 20 was "YES," proceed to Question 21.

21. [*If claims arising prior to October 5, 2005 are permitted by the Court:*]  Do you find that Plaintiff proved by a preponderance of the evidence that Delaware Park did not select him for promotion to the position of Main Bank Cashier, for which he applied in January 2005, in part to retaliate because he earlier had taken or applied for Family and Medical leave?

 YES__      NO__

   If your answer to Question 21 was "NO," proceed to Question 23.

   If your answer to Question 21 was "YES," proceed to Question 22.

22.  [*If claims arising prior to October 5, 2005 are permitted by the Court:*]  Do you find that Delaware Park has proved by a preponderance of the evidence that it would not have selected Plaintiff for the position of Main Bank Cashier, even if it had not considered his use of Family and Medical leave?

YES__      NO__

23.  [*If claims arising prior to October 5, 2005 are permitted by the Court:*]   Do you find that Plaintiff proved by a preponderance of the evidence that Delaware Park did not select him for promotion to the position of Impress Supervisor, for which he applied in January 2005, in part to retaliate because he earlier had taken Family and Medical leave?

YES__    NO__

    If your answer to Question 23 was "NO," proceed to Question 25.

    If your answer to Question 23 was "YES," proceed to Question 24.


24. [*If claims arising prior to October 5, 2005 are permitted by the Court:*] Do you find that Delaware Park has proved by a preponderance of the evidence that it would not have selected Plaintiff for the position of Impress Supervisor, for which he applied in January 2005, even if it had not considered his use of Family and Medical leave?

YES__    NO__


25. [*If claims arising prior to October 5, 2005 are permitted by the Court:*] Do you find that Plaintiff proved by a preponderance of the evidence that Delaware Park did not select him for promotion to the position of Impress Supervisor, for which he applied in August 2005, in part to retaliate because he earlier had taken Family and Medical leave?

YES__    NO__

    If your answer to Question 25 was "NO," proceed to Question 27.

    If your answer to Question 25 was "YES," proceed to Question 26.


26. [*If claims arising prior to October 5, 2005 are permitted by the Court:*] Do you find that Delaware Park has proved by a preponderance of the evidence that it would not have selected Plaintiff for the position of Impress Supervisor in August 2005, even if it had not considered his use of Family and Medical leave?

YES__    NO__


27. [*If claims arising prior to October 5, 2005 are permitted by the Court:*] Do you find that Plaintiff proved by a preponderance of the evidence that Delaware Park did not give him a light duty assignment in or after September 2005 and instead placed him on leave, in part to retaliate because he earlier had taken Family and Medical leave?

YES__    NO__

    If your answer to Question 27 was "NO," proceed to Question 29.

    If your answer to Question 27 was "YES," proceed to Question 28.


28. [*If claims arising prior to October 5, 2005 are permitted by the Court:*] Do you find that Delaware Park has proved by a preponderance of the evidence that it would not have given Plaintiff

a light duty assignment and would have placed him on leave, even if it had not considered his earlier use of Family and Medical leave?

YES__     NO__

29.   Do you find that Plaintiff proved by a preponderance of the evidence that Delaware Park discharged him from employment, in part to retaliate because he earlier had taken Family and Medical Leave?

 YES__     NO__

   If your answer to Question 29 was "NO," proceed to Section 6, Question 31.

   If your answer to Question 29 was "YES," proceed to Question 30.

30.  Do you find that Delaware Park has proved by a preponderance of the evidence that it would have discharged Plaintiff from employment, even if it had not considered his earlier use of Family and Medical leave?

YES__     NO__

---

### Section 6:  Family and Medical Leave Act – Interference [*if permitted by the Court*]

31.  Do you find that Plaintiff proved by a preponderance of the evidence that Delaware Park denied him Family and Medical leave to which he was entitled?

 YES__     NO__

---

### Section 7:  Damages

*If you found in sections 1 through 6 above that Plaintiff did not prove any of his claims by a preponderance of the evidence, do not complete this section.  Turn to page 11  and sign this form.*

*If you found in sections 1 through 6 that Plaintiff proved one or more of his claims, proceed to Question 32.*

32.  [*If the Court seeks an advisory opinion in regard to Title VII and/or ADA damages*] If you answered "YES" to Questions 5, 11, and/or 15, and also find that Plaintiff proved by a preponderance of the evidence that he lost earnings because he was not given a light duty assignment in or after September 2005, what amount do you find as such lost earnings?

ANSWER IN DOLLARS AND CENTS  $_____

*If you have made an award of damages in response to Question 32, proceed to Question 34.*

*If you have not made an award of damages in response to Question 32, proceed to Question 33.*

33.  If you answered "YES" to Question 27 and "NO" to Question 28, and also find that Plaintiff proved by a preponderance of the evidence that he lost earnings because he was not given a light duty assignment, what amount do you find as such lost earnings?

ANSWER IN DOLLARS AND CENTS  $_____

34.  [*If the Court seeks an advisory opinion in regard to Title VII and/or ADA damages*]  If you answered "YES" to Questions 4, 10, or 14, and also find that Plaintiff proved by a preponderance of the evidence that he lost earnings because he was not selected for promotion(s), what amount do you find as such lost earnings through the date of his discharge?

ANSWER IN DOLLARS AND CENTS  $_____

*If you have made an award of damages in response to Question 34, proceed to Question 36.*

*If you have not made an award of damages in response to Question 34, proceed to Question 35.*

35.  If you answered "NO" to Questions 22, 24, or 26, and also find that Plaintiff proved by a preponderance of the evidence that he lost earnings because he was not selected for promotion(s), what amount do you find as such lost earnings through the date of his discharge?

ANSWER IN DOLLARS AND CENTS  $_____

36.  [*If the Court seeks an advisory opinion in regard to Title VII and/or ADA damages*]  If you answered "YES" to Question(s) 9, 13, or 17, and also find that Plaintiff proved by a preponderance of the evidence that he lost earnings from the date of his discharge to the present, what amount do you find as such lost earnings, bearing in mind that any such award must be reduced by the amount

of any other compensation, including worker's compensation benefits, that Plaintiff received during this time?

ANSWER IN DOLLARS AND CENTS  $_____

*If you have made an award of damages in response to Question 36, proceed to Question 38.*

*If you have not made an award of damages in response to Question 36, proceed to Question 37.*

37.  If you answered "YES" to Question 29 and answered "NO" to Question 30, and also find that Plaintiff proved by a preponderance of the evidence that he lost earnings from the date of his discharge to the present, what amount do you find as such lost earnings, bearing in mind that any such award must be reduced by the amount of any other compensation, including worker's compensation benefits, that Plaintiff received during this time?

ANSWER IN DOLLARS AND CENTS  $_____

*If you awarded damages to Plaintiff in response to Question 36 or 37, proceed to Question 38.*

*If you did not award Plaintiff damages in response to Question 36 or 37, proceed to Question 40.*

38.  Do you find that Delaware Park proved by a preponderance of the evidence that Plaintiff failed to mitigate his damages, in whole or in part, by finding and accepting similar employment?

YES__    NO__

*If your answer to Question 38 was "NO", proceed to Question 40.*
*If your answer to Question 38 was "YES", proceed to Question 39.*

39.  By what amount do you find that Plaintiff's damages (in response to Question 36 or 37) should be reduced due to his failure to mitigate his damages by finding and accepting similar employment?

ANSWER IN DOLLARS AND CENTS        $_____

40.  [*If the Court seeks an advisory opinion in regard to Title VII and/or ADA damages*]  If in Sections 1 through 3 you found in favor of Plaintiff on his disability, race or national origin, and/or retaliation claim(s), what amount of front pay, if any, do you find that the Plaintiff, more likely than not, would have earned from today until the date by which you conclude that he should have

obtained another similar job, bearing in mind that any such award must be reduced by the amount of interest that Plaintiff could earn on this award and by any other compensation, including worker's compensation benefits, that he reasonably may be expected to receive?

ANSWER IN DOLLARS AND CENTS          $_____

41.   If in Sections 1 through 4 you found in favor of Plaintiff on his disability, race or national origin, and/or retaliation claim(s), do you further find that the Plaintiff has proved by a preponderance of the evidence that he suffered mental anguish as a result of the acts alleged in support of that/those claim(s)?

YES__      NO__

*If your answer to Question 41 was "NO", proceed to Question 43.*
*If your answer to Question 41 was "YES", proceed to Question 42.*

42.   In regard to Delaware Park's violation(s) of federal laws prohibiting disability discrimination, race and national origin discrimination, and/or retaliation for complaints or discrimination (as you found in Sections 1 through 4), what damages should be awarded to compensate Plaintiff for his mental anguish?

ANSWER IN DOLLARS AND CENTS          $_____
(*stating the amount, or if you find that plaintiff's damages have no monetary value, set forth a nominal amount such as $1.00*).

43.   If in Sections 1 through 4 you found in favor of Plaintiff on his disability, race or national origin, and/or retaliation claim(s), do you further find that the Plaintiff has proved by a preponderance of the evidence that Delaware Park acted with malice or reckless indifference to his federally protected rights?

YES__      NO__

*If your answer to Question 43 was "NO", do not answer Question 44.*
*If your answer to Question 43 was "YES", proceed to Question 44.*

44.   In regard to Delaware Park's violation(s) of federal laws prohibiting disability discrimination, race and national origin discrimination, and/or retaliation for complaints or discrimination (as you found in Sections 1 through 4), what punitive damages should be awarded to deter such conduct in the future?

ANSWER IN DOLLARS AND CENTS          $_____

_____

FOREPERSON

Dated:_____

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By  _/s/ Jennifer C. Wasson_____
      Wendy K. Voss (#3142)
      Jennifer C. Wasson (#4933)
      Hercules Plaza, Sixth Floor
      1313 North Market Street
      P.O. Box 951
      Wilmington, DE  19899
      (302) 984-6000 – Telephone
      (302) 658-1192 – Facsimile
      wvoss@potteranderson.com - Email
      jwasson@potteranderson.com - Email

_Attorneys for Defendant Delaware Park, L.L.C_

Dated:  February 4, 2008