IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAMI ALMAKHADHI, :
Plaintiff, :
v. : Civil Action No. 07-78-JJF
DELAWARE PARK, :
Defendant. :

**MEMORANDUM ORDER**

Pending before the Court are: 1) Plaintiff's Motion for Leave to Amend his *Pro Se* Complaint (D.I. 41); (2) Plaintiff's Motion to Compel Discovery and for Sanctions (D.I. 46); and 3) Plaintiff's Second Motion to Compel Discovery and for Sanctions (D.I. 48). For the reasons discussed, the Court will grant in part and deny in part Plaintiff's Motion for Leave to Amend his *Pro Se* Complain (D.I. 41), deny Plaintiff's Motion to Compel Discovery and for Sanctions (D.I. 46), and grant in part and deny in part Plaintiff's Second Motion to Compel and for Sanctions (D.I. 48).

**BACKGROUND**

Plaintiff, Sami Almakhadhi ("Mr. Almakhadhi") brought this action *pro se* against his former employer, Defendant, Delaware Park, alleging claims for race and national origin discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and disability discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

("ADA"). On February 12, 2007, Mr. Almakhadhi filed his complaint (D.I. 1) using a form Title VII complaint for *pro se* plaintiffs. On June 27, 2007, the Court issued a Scheduling Order in the case (D.I. 21), under which the parties were required to complete discovery by October 31, 2007. Mr. Almakhadhi subsequently retained Delaware and Pennsylvania counsel to represent him, who entered their appearance on September 12, 2007. (D.I. 40.)

On October 2, 2007, Mr. Almakhadhi filed a Motion for Leave to Amend his Pro Se Complaint, seeking to "clarify the factual and legal allegations of his Pro Se Complaint," and to add claims for hostile work environment on the basis of race and national origin and race discrimination under Title VII, claims under the Delaware Discrimination in Employment Act, 19 Del. C. § 711 et seq., claims under the Delaware Handicapped Persons Protection in Employment Act, 19 Del. C. § 720 et seq., claims for retaliation and improper denial of leave under the Family and Medical Leave Act ("FMLA"), and a retaliation claim under the Delaware Worker's Compensation Act, 19 Del. C. § 2365 (D.I. 41.) Delaware Park filed its Brief in Partial Opposition to Plaintiff's Motion to Amend (D.I. 43) on October 22, 2007, and objected to Mr. Almakhadhi's proposed hostile environment and state law discrimination claims, and his proposed claim for improper denial of leave under the FMLA. In response, Mr. Almakhadhi withdrew

his state law discrimination claims. (D.I. 44.)

On November 14, 2007, Mr. Almakhadhi filed a Motion to Compel Discovery and for Sanctions (D.I. 46), contending that Delaware Park had failed to fully and adequately respond to Mr. Almakhadhi's First Request for Production of Documents, Request for Admissions and Set of Interrogatories. By his Motion, Mr. Almakhadhi requests that the Court order Delaware Park to produce responsive discovery, and extend Mr. Almakhadhi's dispositive motion deadline until 30-days after Delaware Park's complete responses to Mr. Almakhadhi's discovery requests. Mr. Almakhadhi also asks the Court to sanction Delaware Park "for its willful failure" to fully respond to Mr. Almakhadhi's discovery requests by requiring Delaware Park to pay Mr. Almakhadhi's costs and attorneys' fees incurred in bringing this Motion, as well as any other sanction the Court deems appropriate. (D.I. 46 at 2.)

In his Second Motion to Compel Discovery and For Sanctions (D.I. 48), Mr. Almakhadhi asks to Court to: (1) compel Delaware Park to provide Mr. Almakhadhi with information responsive to Mr. Almakhadhi's Second Set of Discovery Requests, served on October 26, 2007; (2) extend Mr. Almakhadhi's dispositive motion deadline until 30-days after Delaware Park's complete responses to Mr. Almakhadhi's discovery requests; (3) prohibit Delaware Park from filing a dispositive motion; (4) award Mr. Almakhadhi the entirety of the attorney fees he has incurred to date; (5)

provide an adverse jury instruction during trial of this matter; and (6) issue any other sanctions the Court deems appropriate.

**DISCUSSION**

*1. Mr. Almakhadhi's Motion for Leave to Amend*

By his Motion, Mr. Almakhadhi contends that his proposed amendments are not in bad faith, and that he conscientiously prosecuted his case *pro se* while he continued his efforts to obtain counsel to assist him. (D.I. 41 at 11.) Mr. Almakhadhi contends that once he obtained counsel, his Motion for Leave to Amend was filed promptly after Delaware Park refused to provide consent to amend. Mr. Almakhadhi further contends that his proposed amendments are within the scope of the facts and claims alleged in his original *pro se* complaint, and that Delaware Park cannot argue that it is prejudiced by these amendments because, as of the date the Motion for Leave to Amend was filed, discovery had not yet closed, and Delaware Park had not taken Mr. Almakhadhi's deposition.

In response, Delaware Park contends that Mr. Almakhadhi's hostile work environment claims are futile because he has failed to exhaust his administrative remedies, and because the allegations in his proposed Amended Complaint do not set forth an actionable claim for hostile work environment. Delaware Park also contends that Mr. Almakhadhi's claim alleging denial of leave under the FMLA is futile, and that Delaware Park should not

be required to waste time and money "needlessly litigating meritless claims." (D.I. 43 at 15.)

A. Hostile Work Environment Claim

Delaware Park contends that Mr. Almakhadhi's Charge of Discrimination filed with the Delaware Department of Labor ("DDOL") on April 26, 2006 (the "Charge"), which alleges that Mr. Almakhadhi was denied a reasonable accommodation for a disability, denied promotions, and ultimately discharged on the basis of national origin, disability and retaliation, is absent any allegations that would form the basis for a claim of hostile work environment. Thus, Delaware Park contends, the Charge provides "no support for the notion that [Mr. Almakhadhi] intended to have the Department of Labor investigate his workplace for a hostile work environment," and Mr. Almakhadhi has therefore failed to exhaust his administrative remedies with regard to this claim. (D.I. 43 at 6,9.) Delaware Park further contends that the allegations in Mr. Almakhadhi's proposed Amended Complaint fail to set forth facts sufficient to state a claim for hostile work environment, and therefore the claim is futile because it would be the subject of an immediate motion to dismiss. Specifically, Delaware Park contends that Mr. Almakhadhi's allegations are not sufficient to establish severity or pervasiveness, required to properly plead a hostile work environment claim, and that Mr. Almakhadhi cannot base his

hostile work environment claims on the decisions that underpin his disparate treatment claim.

In response, Mr. Almakhadhi contends that he has exhausted his administrative remedies on his proposed hostile work environment claim, as Delaware Park has produced an Incident Report from March 2005 that discusses Mr. Almakhadhi's hostile work environment allegations. Mr. Almakhadhi also contends that factual discovery in this case is not yet complete, and that Mr. Almakhadhi is not required to prove that there are no genuine issues of fact with respect to his hostile work environment claims, but only to allege sufficient facts to give Delaware Park fair notice of his claim.

Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). While the Court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the

plaintiff, the factual allegations must be enough to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990).

Before a plaintiff may file a civil complaint for a violation of Title VII, the plaintiff must exhaust her or his administrative remedies. Antol v. Perry, 82 F.3d 1291, (3d Cir.1996). If a claimant does not exhaust administrative remedies, the claim is barred unless "the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." Waiters v. Parsons, 729 F.2d 233 (3d Cir.1984). The March 2005 Incident Report ("the Report"), which was produced by Delaware Park to the DDOL during its investigation of Mr. Almakhadhi's Charge, makes evident that Delaware Park was aware of the fact that Mr. Almakhadhi believed he was being discriminated against and disrespected by his co-workers and supervisors, and that his co-workers did not like him. (D.I. 44, Exh. 1 at DP0034.) Since the DDOL reviewed this Report during their investigation of Mr. Almakhadhi's charges, the Court finds that the acts alleged by Mr. Almakhadhi as giving rise to his hostile work environment

claim could be construed as within the scope of the DDOL's investigation. Accordingly, the Court will allow Mr. Almakhadhi leave to amend his complaint to assert a claim for hostile work environment.

C. Claim for Denial of Leave under the FMLA

Delaware Park contends that Mr. Almakhadhi has no actionable claim for improper denial of leave under the FMLA in light of the facts he has alleged, and accordingly his proposed cause of action is futile since it would be subject to an immediate motion to dismiss. Delaware Park contends that the allegations in his proposed Amended Complaint establish that Mr. Almakhadhi proposed claim is without merit. In response, Mr. Almakhadhi contends that Delaware Park's contentions misapprehend this case's procedural posture, because the parties are still engaged in discovery and that evidence refuting Delaware Park's claim is improper at this time.

The Court will deny Mr. Almakhadhi's Motion for Leave to Amend his Complaint to assert a claim for improper denial of leave under the FMLA. In his proposed Amended Complaint, Mr. Almakhadhi alleges that his new FMLA period began on October 12, 2005. Under the statute, an eligible employee is entitled to a total of 12 workweeks of leave during any 12-month period. See 29 U.S.C. § 2612(a)(1) ("an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12 month period").

If the 12-month period ran from October to October, as Mr. Almakhadhi alleges (D.I. 41, Exh. A at ¶27) , Mr. Almakhadhi's FMLA-qualifying leave for the year October 2006-October 2007 expired on January 4, 2006. Mr. Almakhadhi was terminated on February 12, 2006, over five weeks after his FMLA-qualifying leave expired. Accordingly, Mr. Almakhadhi is unable to state a claim for improper denial of leave, and, because this claim would immediately be subject to a motion to dismiss, the Court will not allow this amendment because it would be futile.

2. *Mr. Almakhadhi's Motions to Compel and for Sanctions*

In his first Motion to Compel and for Sanctions, Mr. Almakhadhi contends that he has been prejudiced by Delaware Park's failure to provide complete discovery responses to his first discovery request, since Delaware Park has "limited largely its responses to boiler-plate objections and produced (with minor exceptions) only documents that it submitted to the [DDOL]." (D.I. 46 at 3.) Mr. Almakhadhi further contends that Delaware Park has failed and refused to produce documents regarding Mr. Almakhadhi's worker's compensation claim and his FMLA status, beyond those documents contained in his personnel file. Mr. Almakhadhi contends that responsive documents that have been produced by Delaware Park refer to additional relevant emails, files and documents that have not been produced.

Delaware Park contends that its response to Mr. Almakhadhi's

first discovery request was complete and timely, and that Mr. Almakhadhi is attempting to expand the scope of his first set of discovery requests as a means of remedying his failure to serve additional, timely discovery requests and notice discovery depositions. Delaware Park contends that sanctions are not appropriate because Delaware Park: (1) responded to Mr. Almakhadhi's discovery requests was timely; (2) alerted opposing counsel to relevant discovery deadlines upon his entry into this litigation; (3) provided supplemental discovery responses and documents when necessary; (4) participated in good faith conferences on all disputed matters; and (5) has good faith bases for objections it raised in response to Mr. Almakhadhi's discovery requests.

In Mr. Almakhadhi's second Motion to Compel and for Sanctions (D.I. 48), he contends that Delaware Park's refusal to respond to his second set of discovery requests, filed on October 26, 2007, demonstrates its unwillingness to produce relevant and "potentially dispositive" documents. (D.I. 48 at 3.) In response, Delaware Park contends that Mr. Almakhadhi's second set of discovery requests is untimely, served five calendar days prior to the deadline for the completion of written discovery, and does not allow for the 30-day response time provided by the Federal Rules of Civil Procedure. Delaware Park further contends that Mr. Almakhadhi should not be allowed to request an extension

of the Scheduling Order's discovery deadline or the dispositive motion deadline since Mr. Almakhadhi has not complied with the Rules of this Court, and that Mr. Almakhadhi's requests for extensions are attempts to remedy his failure to serve additional, timely discovery requests and notice discovery depositions.[1]

The Court will accept Delaware Park's contentions that it has complied with its discovery obligations regarding Mr. Almakhadhi's first discovery requests. Mr. Almakhadhi has failed to set forth compelling evidence that Delaware Park is withholding relevant documents and information responsive to his first requests. While Mr. Almakhadhi contends that references in documents that Delaware Park has produced make obvious that Delaware Park is withholding relevant discovery, he fails to cite to any reference in any document produced by Delaware Park in support of this contention. (D.I. 46, Exh. E.) Accordingly, the Court will deny Mr. Almakhadhi's Motion to Compel Discovery and for Sanctions. (D.I. 46.)

With respect to Mr. Almakhadhi's Second Motion to Compel and for Sanctions, the Court does not condone the late filing of Mr. Almakhadhi's second set of discovery requests or his untimely

---

[1]Delaware Park contends that counsel for Plaintiff indicated during status discussions between the parties that he did not require an extension of the case schedule under Scheduling Order entered by the Court. (D.I. 50 at 1.)

request for an extension of the deadline for completion of discovery in this action. However, in light of Mr. Almakhadhi's efforts to comply with his discovery obligations *pro se* until he obtained counsel and counsel's late entry into this action, the Court will grant Mr. Almakhadhi's Second Motion to Compel (D.I. 48), and order Delaware Park to provide information and documents responsive to Mr. Almakhadhi's second set of discovery requests. After Delaware Park has completed its response to these requests, the Court will allow Mr. Almakhadhi 30-days to file a dispositive motion.

The Court does not find that Delaware Park's refusal to respond to Mr. Almakhadhi's second set of discovery requests is sanctionable conduct, in light of the fact that these requests were filed only five days prior to the deadline for the completion of discovery set by this Court. Accordingly, Mr. Almakhadhi's Second Motion for Sanctions (D.I. 48) will be denied.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Leave to Amend (D.I. 41) is **GRANTED** in part, and **DENIED** in part. Plaintiff shall submit an Amended Complaint consistent with the Court's ruling within 20 days of the date of this Order.

2. Plaintiff's Motion to Compel Discovery and for Sanctions (D.I. 46) is **DENIED**.

3. Plaintiff's Second Motion to Compel Discovery (D.I. 48) is **GRANTED**.

4. Plaintiff's Second Motion for Sanctions (D.I. 48) is **DENIED**.

5. Within ten days of the date of this Order, the Parties shall confer and submit an amended Proposed Scheduling Order in accordance with this Order.

February 7, 2007
DATE

UNITED STATES DISTRICT JUDGE