IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMI ALMAKHADHI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 1:07-00078-JJF |
| v. | ) | |
| | ) | |
| DELAWARE PARK, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ANSWER OF DEFENDANT DELAWARE PARK, L.L.C.
TO THE
<u>FIRST AMENDED COMPLAINT</u>**

Defendant Delaware Park, L.L.C. (named incorrectly in the First Amended Complaint, hereinafter "Delaware Park") answers the above-referenced First Amended Complaint as follows:

The statements in Plaintiff's first, unnumbered paragraph summarize the contents of the remainder of the First Amended Complaint, and require no specific response. To the extent a response may be required, Delaware Park admits that it is Plaintiff's former employer and that Plaintiff has brought this lawsuit, and denies the remaining allegations of this paragraph.

The statements in Plaintiff's second, unnumbered paragraph summarize the individual counts set out in the First Amended Complaint, and require no specific response. To the extent a response may be required, Delaware Park admits that Plaintiff purports to bring this lawsuit under the enumerated statues, and specifically denies that he is entitled to any relief thereunder.

1

1. The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, Delaware Park admits the Court has jurisdiction to hear this case.

2. The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, Delaware Park admits the Court has jurisdiction to hear this case.

3. Admitted that Plaintiff has fulfilled all conditions precedent to filing this lawsuit, that he filed his original complaint *pro se*, and that the Delaware Department of Labor issued a Final Determination and Notice of Right to Sue on September 29, 2006. Delaware Park denies the remaining allegations of this paragraph.

4. Delaware Park has insufficient information to admit or deny the allegations of this paragraph.

5. Delaware Park has insufficient knowledge to admit or deny whether Plaintiff is one of five children. The remaining allegations of this paragraph are admitted.

6. Admitted that Plaintiff worked for Delaware Park. Delaware Park has insufficient information to admit or deny the remaining allegations of this paragraph.

7. Delaware Park has insufficient information to admit or deny the allegations of this paragraph.

8. Denied that Delaware Park's operations are limited to a gambling and casino operation. The remaining allegations of this paragraph are admitted.

9. Admitted.

10. The foregoing paragraphs and responses are incorporated as though fully set forth herein.

11. Admitted.

12. Denied.

13. Admitted that a Satellite Cashier told Plaintiff this was not his country. Delaware Park has insufficient information to admit or deny that a Cashier Supervisor called Plaintiff "the terrorist of Delaware Park." The remaining allegations of this paragraph are denied.

14. Delaware Park has insufficient information to admit or deny that Plaintiff suffered discrimination in Yemen. The remaining allegations of this paragraph are denied. Delaware Park specifically denies that Plaintiff suffered cognizable discrimination while employed at Delaware Park.

15. The allegations of this paragraph are denied as stated. Delaware Park admits that Plaintiff reported in 2004 that he allegedly had suffered an injury at work in December 2003.

16. Admitted.

17. Admitted that Plaintiff saw several doctors, received an MRI in May 2004, and was diagnosed with a herniated disc in his spine. The remaining allegations of this paragraph are denied as stated. By way of further response, upon information and belief, Plaintiff's doctor(s) first issued restrictions on his physical activity in April 2005.

18. Denied as stated. It is specifically denied that Delaware Park acted wrongfully or not in good faith.

19. Admitted that Plaintiff applied, and was selected, for promotion to Satellite Cashier in 2004. Delaware Park specifically denies that it was informed by Plaintiff or otherwise had knowledge that he was subject to any restrictions at the time he

applied for or was promoted to Satellite Cashier, and/or that Delaware Park acted wrongfully or not in good faith. The remaining allegations of this paragraph are denied.

20. Admitted that Plaintiff applied for the position of Impress Supervisor in January 2005, and that the position was a promotional opportunity. Admitted that a Security Officer and an Impress Clerk were selected for the position(s) of Impress Supervisor. The remaining allegations of this paragraph are denied.

21. Admitted that Plaintiff complained to Delaware Park's Human Resources Department about alleged discrimination against him; it is specifically denied that Plaintiff complained that he had not been selected for the position of Impress Supervisor because of alleged discrimination. The remaining allegations of this paragraph are denied.

22. Admitted that in January 2005, Plaintiff applied for the position of Main Bank Cashier, and that the position was a promotional opportunity. The remaining allegations of this paragraph are denied.

23. Admitted that Plaintiff complained to Delaware Park's Director of Human Resources that he had not been selected for Main Bank Cashier allegedly due to discrimination; it is specifically denied that this constituted an "additional" complaint or that Plaintiff had made a prior complaint. The remaining allegations of this paragraph are denied.

24. Denied.

25. Denied.

26. Admitted that Plaintiff took the periods of FMLA leave recited in this paragraph due to his back injury, and previously took FMLA to care for his father and

wife. Delaware Park has insufficient information to admit or deny whether Plaintiff had no income during his FMLA leave. The remaining allegations of this paragraph are denied.

27. Admitted.

28. Admitted that Plaintiff was not disciplined. The remaining allegations of this paragraph are denied.

29. Admitted that Plaintiff received worker's compensation benefits for the enumerated period; it is specifically denied that these were the only worker's compensation benefits paid to Plaintiff. The remaining allegations of this paragraph are denied.

30. Admitted that Plaintiff's doctor reiterated his work restrictions on September 2, 2005. Admitted that Plaintiff was not assigned light duty work. The remaining allegations of this paragraph are denied. Delaware Park specifically denies that it acted wrongfully in declining to offer light duty to Plaintiff, and further denies that light duty was routinely offered to employees who were similarly situated to Plaintiff.

31. Admitted that Plaintiff had exhausted all his available leave time by or before early February 2006. The remaining allegations of this paragraph are denied.

32. Denied.

## COUNT I

33. The foregoing paragraphs and responses are incorporated as though fully set forth herein.

34. Denied.

35. Denied.

5

## COUNT II

36. The foregoing paragraphs and responses are incorporated as though fully set forth herein.

37. Denied.

38. Denied.

## COUNT III

39. The foregoing paragraphs and responses are incorporated as though fully set forth herein.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## COUNT IV

46. The foregoing paragraphs and responses are incorporated as though fully set forth herein.

47. Admitted that Plaintiff took a medical leave of absence pursuant to the Family and Medical Leave Act and that such leave was related to an alleged work place injury; it is specifically denied that Delaware Park had knowledge that Plaintiff's injury was work-related.

48. Denied.

49. Denied.

## COUNT V

50. The foregoing paragraphs and responses are incorporated as though fully set forth herein.

51. Denied.

52. Denied.

53. Denied.

And further answering, Delaware Park pleads as follows:

54 (a – h). Denied that Plaintiff is entitled to any relief.

## FIRST DEFENSE

The Complaint fails to state a claim(s) upon which relief may be granted.

## SECOND DEFENSE

Delaware Park's actions toward Plaintiff were at all times based on legitimate, non-discriminatory, and non-retaliatory business reasons.

## THIRD DEFENSE

Delaware Park had in place an accessible and effective policy for reporting and resolving complaints of harassment, and Plaintiff unreasonably failed to avail himself of that preventative or remedial procedure.

## FOURTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

**FIFTH DEFENSE**

Plaintiff cannot prove facts establishing "but for" causation of retaliation due to his complaints of race and/or national origin discrimination, use of Family and Medical Leave, and/or claims under the Delaware Worker's Compensation Act.

**SIXTH DEFENSE**

Plaintiff was not disabled, was not a qualified individual able to perform the essential functions of his position without a direct threat of injury to himself, and/or did not request a reasonable accommodation.

**SEVENTH DEFENSE**

Plaintiff is not entitled to an award of damages or other legal or equitable relief based on the facts and circumstances of this case.

**EIGHTH DEFENSE**

Plaintiff cannot prove facts to support his claim for punitive damages and is not entitled to liquidated damages under the Family and Medical Leave Act because Delaware Park acted in good faith.

**NINTH DEFENSE**

To the extent Plaintiff may be awarded damages, Delaware Park is entitled to set off those amounts received by Plaintiff as worker's compensation benefits.

WHEREFORE, Delaware Park requests that the Complaint be dismissed with prejudice and that Delaware Park be awarded its costs and fees and such other relief as this Court deems just and proper.

                          POTTER ANDERSON & CORROON LLP

By: /s/ Wendy K. Voss
      Wendy K. Voss (#3142)
      Jennifer C. Wasson (#4933)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      P.O. Box 951
      Wilmington, DE 19899-0951
      (302) 984-6000
      wvoss@potteranderson.com
      jwasson@potteranderson.com

*Attorneys for Defendant Delaware Park, L.L.C.*

Dated: February 28, 2008
848998 / 14672-132

**CERTIFICATE OF SERVICE**

I, Wendy K. Voss, hereby certify this 28th day of February 2008, that the foregoing **ANSWER OF DEFENDANT DELAWARE PARK, L.L.C. TO THE FIRST AMENDED COMPLAINT** was electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) which will send notification of such filing that the document is available for viewing and downloading via CM/ECF to the following counsel of record:

> Glenn A. Brown, Esquire
> Real World Law, PC
> 916 North Union Street, Suite #2
> Wilmington, DE 19805

Wendy K. Voss (#3142)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000 - Telephone
(302) 658-1192 - Facsimile
wvoss@potteranderson.com